Mr. Bret T. Allred, Esq.
Wyo. Bar No.: 6-3835
YELLOWSTONE LAW GROUP LLC
117 N. Bent Street, Ste C
Powell, WY 82435
Phone: (307) 271-1034
Email: bret@YellowstoneLawGroup.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| KENNETH MCGRADY, Individually, and On Behalf of All Other Similarly Situated, *Plaintiff,*<br><br>-vs-<br><br>COLLECTION PROFESSIONALS, INC., a Wyoming corporation,<br><br>BARNEY & GRAHAM, LLC,<br><br>WESTON T. GRAHAM,<br><br>CHRISTOPHER COCCIMIGLIO, and<br><br>DAVID C. COCCIMIGLIO, *Defendants.* | Case Number: 22-cv-100<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURRY TRIAL DEMANDED** |

**COMES NOW** Kenneth McGrady ("**Plaintiff**") by and through the undersigned attorney and hereby complains against Collection Professionals, Inc. ("**CPI**"), Barney & Graham, LLC ("**B&G**"), Weston Timothy Graham ("**Mr. Graham**"), Christopher Coccimiglio ("**Mr. C. Coccimiglio**"), and David C. Coccimiglio ("**Mr. D. Coccimiglio**") (All defendants hereinafter referred to jointly as the "**Defendants**") by stating, alleging, and averring as follows:

## I.  INTRODUCTION

1.    Plaintiff on his own behalf and on behalf of all others similarly situated brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "**FDCPA**") for damages caused by the Defendants' intentional, frequent, and persistent use of a form

summons filed in thousands of its collection cases which was woefully inadequate under Wyoming law and which impeded the consumers' ability to properly defend in the litigation, depriving them of their rights to procedural due process under the law and resulting in the Defendants' decreased litigation expenses and increased net business profits.

## II. NATURE OF THE ACTION

2.   "It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *15 U.S.C. Sec. 1692 Congressional findings and declaration of purpose (United States Code (2022 Edition)).*

3.   The FDCPA contains a private right of action which "enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 91 (2d Cir. 2008); quoting Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991).*

4.   In the Tenth Circuit, violations of the FDCPA are determined by applying an objective standard: "[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Ferree v. Marianos, 129 F.3d 130 (10ᵗʰ Cir. 1997) quoting, Russell v Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996).* "By its very nature, however, the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question," *Easterling v. Collecto, Inc., 692 F.3d*

229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Garcia v. Law Offices of Howard Lee Schiff, P.C., 401 F.Supp.3d 241, 251 n. 1 (D. Conn. 2019).*

## III. <u>JURISDICTION AND VENUE</u>

5.  This court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331.

6.  Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7.  At all relevant times, Defendants conducted business within the State of Wyoming.

8.  "[W]hen the FDCPA plaintiff is not challenging the validity of the debt, but rather the collection practices of the creditor, the FDCPA claim is independent from the state court collection action and the federal court has subject matter jurisdiction over that FDCPA claim." Naranjo v. Universal Sur. of America, 679 F. Supp.2d 787 (S.D. Tex. 2010) quoting *Druther v. Hamilton, et al., 2009 WL 4667376, at *4 (W.D.Wash. Dec. 3, 2009).*

## IV. <u>STANDING</u>

9.  The personal injuries suffered by the Plaintiff and the putative class ("**Class**") resulting from Defendants' dereliction of the duty to serve full and complete summonses upon consumers is not a nonjusticiable generalized grievance.

10. "Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important * * * rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Tolentino v. Friedman, 46 F.3d 645, 652 (7th Cir. 1995) (Internal quotes omitted).*

11. The Defendants caused particularized and concrete harm to Plaintiff and the Class whose statutory rights to truthful, non-misleading, non-oppressive, non-unconscionable communications and tactics in debt collection efforts were violated.

12. The Defendants' use of a form summons that deprived consumers of the information legally required to give the consumer the ability to defend in the litigation denied Plaintiff and the Class their rights to procedural due process which is a concrete form of informational injury under Article III, and the denial of that information on its own is sufficiently concrete. *Church v. Accretive Health, Inc., Unpublished Appeal No. 15-15708 (11th Cir. 2016); Demarais v. RAzOR Capital, LLC, 869 F.3d 685 (8th Cir. 2017)*.

13. The defective form summonses used by the Defendants illustrate the risk of tangible harm from debt-collector misrepresentations, omissions, and other misconduct that in itself supports standing here.

## V. **PARTIES**

14. Plaintiff is an individual and citizen of the State of Wyoming residing in Park County, Wyoming.

15. Plaintiff is a natural person allegedly obligated to pay a debt.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17. CPI is a for-profit Wyoming domestic corporation with offices in Park, Sheridan, and Campbell Counties, Wyoming.

18. Defendant, B&G is a Wyoming limited liability company organized under the laws of the state of Wyoming with a principal place of business in Sheridan County, Wyoming.

19.  Defendant, Mr. Graham is a natural person licensed as a Wyoming attorney at law (Wyo. Bar Number 6-4404) and member/partner in B&G with a principal place of business in Sheridan County, Wyoming.

20.  Mr. C Coccimiglio is a natural person who is an owner and officer (President, Director, and Secretary) of CPI doing business in Sheridan County, Wyoming.

21.  Mr. D Coccimiglio is a natural person who is an owner and officer (Vice President, Director, and Treasurer) of CPI doing business in Sheridan County, Wyoming.

22.  The Defendants are regularly engaged, for profit, in the collection of third-party debts allegedly owed by consumers.

23.  The principal purpose of Mr. C Coccimiglio, Mr. D Coccimiglio, and CPI's business is the collection of alleged debts originating with third-party creditors.

24.  Upon information and belief the principal purpose of B&G and Mr. Graham's business is the collection of alleged debts originating with third-party creditors.

25.  Defendants use the mail, internet, and telephone in their businesses and activities collecting debts.

26.  Defendants are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## VI.  GENERAL SUBSTANTIVE ALLEGATIONS

27.  CPI created a template used to draft its own summonses ("**Summonses**") before delivering them to an attorney and use in CPI's consumer collection suits.

28.  Upon information and belief CPI used the Summonses in thousands of consumer collection cases filed in the Wyoming Circuit Courts.

29.  Upon information and belief the Summonses were drafted, approved, authorized, and/or ordered to be used by Mr. C Coccimiglio, Mr. D Coccimiglio, and CPI.

30.   The Summonses contained gross legal deficiencies.

31.   The Summonses violated Wyoming law by not disclosing the Circuit Court's address where a responsive pleading can be filed to avoid the entry of default. *Wyo. R. Civ. Pro. Cir. Ct. 3.1(b)(2) ("The summons shall contain the name and address of the court...")*.

32.   The Summonses violated Wyoming law by not disclosing B&G and Mr. Graham's street address. *Wyo. R. Civ. Pro. Cir. Ct. 3.1(b)(2) ("[The summons] shall be directed to the defendant, state the name, address and telephone of the plaintiff's attorney, if any, and otherwise the plaintiff's address and telephone number")*.

33.   The Summonses violated Wyoming law by failing to inform the defendant that a notice of filing will be served once the summons, complaint, and proof of service are filed with the court. *Wyo. R. Civ. Pro. Cir. Ct. 3.1(b)(3)(ii) ("If the action is commenced under Rule 3.1(a)(2), the summons shall also state ... (ii) that plaintiff will mail a notice of filing to the defendant upon filing the summons, complaint and proof of service")*.

34.   The Summonses violated Wyoming law by falsely informing the defendant that, "[i]f you fail to [defend], judgment by default <u>will</u> be taken against you for relief demanded in the Complaint." Emphasis added.  *Wyo. R. Civ. Pro. 3.1(b)(2) ("[The summons] shall state the time within which the defendant is required to answer the complaint in writing, and shall notify the defendant that in case of failure to do so, judgment by default <u>may</u> be rendered against the defendant." Emphasis added)*.

35.   The purpose of the Wyoming Rules of Civil Procedure for Circuit Courts "is to provide maximum access to the Wyoming Circuit Courts in civil actions; ..." *See Wyo.R. Civ. Pro. Cir. Ct. 1.*

36.   Upon information and belief, and at all times relevant hereto, Mr. C Coccimiglio, Mr. D Coccimiglio, and Mr. Graham knew, or should have known about the legal defects contained in the Summonses and that the Summonses were being used by CPI and B&G to collect consumer debts through litigation.

37.   CPI delivered or otherwise conveyed the Summonses to B&G and Mr. Graham for review, signing, service and filing in the Wyoming Circuit Courts.

38.   Mr. Graham, while acting in his capacity as a Wyoming attorney at law, attorney for CPI, and member of B&G, reviewed and signed the Summonses before causing them to be served and filed with the Wyoming Circuit Courts.

39.   The Defendants alleged that Plaintiff and the Class owed one or more consumer debt (the "**alleged Debts**").

40.   The alleged Debts are an alleged obligation of Plaintiff and the Class to pay money arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

41.   The alleged Debts did not arise from any business enterprise of Plaintiff or the Class.

42.   The alleged Debts originated with third-parties who, after the alleged Debts were in default, assigned or otherwise transferred them to CPI for collection.

43.   The alleged Debts are each a "debt" as defined by 15 U.S.C. § 1692a(5).

44.   CPI attempted to collect the alleged Debts using the Summonses by filing collection suits against Plaintiff and the Class in the Wyoming Circuit Courts.

45.   The Summonses were issued by Mr. Graham while acting as an officer of the court pursuant to Wyo. *R. Civ. Pro. Cir. Ct. 3.1(a)(2)*.

46.   Upon information and belief the Defendants intended to use the legally deficient Summonses as a tactic to reduce their costs and expenses of litigation by maliciously impeding consumers from defending collection suits and thereby increasing default judgments.

47.   Upon information and belief the Defendants increased their net profits from the repeated use of the legally deficient Summonses.

## VII.  <u>PLAINTIFF'S SUBSTANITIVE ALLEGATIONS</u>

48.   A true and accurate copy of the summons filed against Plaintiff (the "**First McGrady Summons**") is attached hereto as "**Exhibit 1,**" and incorporated herein by reference.

49.   The First McGrady Summons was drafted on or before March 29, 2021.

50.   The First McGrady Summons was reviewed, approved, and signed by Mr. Graham on or about March 29, 2021.

51.   After March 29, 2021, the First McGrady Summons was served and filed under case number CV-2021-221 in the Wyoming Circuit Court located in and for Park County, Wyoming.

52.   The Wyoming Circuit Court found the First McGrady Summons to be insufficient process and struck service in the case.

53.   CPI, B&G, and Mr. Graham took no corrective action and accordingly case number CV-2021-221 was dismissed, sua sponte, without prejudice due to lack of prosecution.

54.   After Case Number CV-2021-221 was dismissed CPI, B&G, and Mr. Graham chose to refile suit on the alleged Debt in the Wyoming Circuit Court in and for Park County under case number CV-21-656.

55.   On or about November 1, 2021, a second summons was drafted by CPI ("**Second McGrady Summons**").

56. The Second McGrady Summons was identical to the First McGrady Summons containing all the same false statements and deceptive omissions.

57. The Second McGrady Summons was reviewed, approved, and signed by Mr. Graham on or about November 1, 2021.

58. The false statements and omissions contained in the Second McGrady Summons caused Plaintiff confusion, stress, loss of sleep, and anxiety while frustrating his ability to defend against the alleged Debt.

59. On March 2, 2022, the Wyoming Circuit Court ordered case number CV-21-656 be dismissed with prejudice after finding, inter alia, that:

> The summons issued to the Defendant, KENNETH MCGRADY, under W.R.C.P.C.C. 3.l(a)(2) violated W.R.C.P.C.C. 3.l(b)(2) & (3) by: 1) Failing to state the street address of the Court where an answer should be filed, 2) Failing to state the street address of the Plaintiffs attorney of record where an answer should be served, 3) Failing to inform the Defendant that a notice of filing will be mailed to the Defendant upon filing the summons, complaint and proof of service with the Court, and 4) Falsely stating that a judgment by default "will" be rendered if the Defendant fails to defend, wherein the legal standard is a default "may" be rendered.

60. A copy of the Wyoming Circuit Court's March 2, 2022, order is attached hereto as **Exhibit 2** and incorporated herein by reference for all purposes.

61. Under the doctrine of collateral estoppel, the Wyoming Circuit Court's March 2, 2021, order dismissing the case with prejudice bars Defendants from arguing that the Summons was not defective under applicable Wyoming law.

62. Plaintiff incurred attorney fees to defend his rights against the defective First McGrady Summons and defective Second McGrady Summons.

## VIII.  CLASS ALLEGATIONS

63.  Plaintiff brings Count 1 of this action on behalf of himself, and all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64.  The Class consists of all persons who were served or otherwise received one of the Summonses for an alleged debt arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

65.  The identities of all Class members are readily ascertainable from the records of CPI and the Wyoming Supreme Court.

66.  Members excluded from the Class are: legal counsel for all parties to this action, the Defendants, and the Defendants' officers, members, partners, managers, directors, employees, and immediate families.

67.  Plaintiff is informed and believes, and on that basis alleges, that the Class defined above contains over 2,686 members which is so numerous that joinder of all members would be impractical.  The disposition of the Class's claims in a class action will provide substantial benefits to the parties and support judicial economy.

68.  There are questions of law and fact common to all members of the Class controlling this litigation and predominate over individual issues.  Common questions of law and fact include:

   a. whether the Defendants violated Wyoming law and the FDCPA as alleged herein; and

   b. whether the relief requested herein on behalf of the Class should be granted.

69. Plaintiff's claims are typical of the claims of the Class and the Plaintiff is without interest adverse to the Class.   The Plaintiff will fairly and adequately protect the interests of the Class.

70. A class action is superior to the other available means for the fair and efficient adjudication of this controversy for, inter alia, the following reasons:

   i. adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who collect debts throughout the State of Wyoming;

   ii. the actions of the Defendants are generally applicable to the Class;

   iii. individual joinder of all members would be impractical and class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without necessary duplication of effort and expense that individual actions would engender;

   iv. the FDCPA has a short and restrictive statute of limitations, and the creation of the Class would preserve claims that would expire before having notice and the option to participate;

   v. this action presents no difficulty that would impede its management by the Court as a class action and is the best available means by which the Plaintiff and the other member of the Class can seek redress for the harm caused by the Defendants.

71. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of a class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

72. Plaintiff has retained counsel properly qualified under Rule 23(g) to server as counsel for the Class. Plaintiff's counsel has:

   a. seventeen years of experience in litigating and defending consumer and creditor lawsuits;

   b. conducted extensive research into the FDCPA over many years and participated as plaintiffs' attorney for numerous cases involving FDCPA claims;

   c. defended class actions;

   d. investigated the members of the Class by identifying 2,686 collection cases filed by CPI in Wyoming in 2021;

   e.  expended and continues to expend time and money to obtain copies of the summonses and other evidence used in those collection cases;

   f. counsel has no interests which might cause him not to vigorously pursue this action.

## COUNT 1
### Against the Individual Defendants

73. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

74. Plaintiff brings this Count 1 against the Defendants individually and on behalf of the Class.

75. The Defendants were abusive and deceptive contrary to the standards of civilized society and the standards employed by others in their industry and in violation of numerous provisions of the FDCPA.

76. The Defendants' FDCPA violations include, but are not limited to: 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(9), 1692e(10), 1692e(13), 1692f, and 1692f(1) amongst others.

77. As a result of these violations, Plaintiff has suffered concrete and particularized harm, including depriving him of his rights granted by Congress through the FDCPA (for example,

the right to accurate and complete representations in connection with debt collection activities), extreme stress, fear, and embarrassment.

78. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined at trial [15 U.S.C. § 1692k(a)(1)]; statutory damages up to $1,000 [15 U.S.C. § 1692k(a)(2)(A)]; and reasonable attorneys' fees and costs [15 U.S.C. § 1692k(a)(3)].

79. In addition to the aforementioned damages, upon certification of a class Plaintiff and the Class seek "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector..." 15 U.S.C. § 1692k(a)(2)(b).

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants jointly and severally as follows:

a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. For an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. For an award of costs and fees of litigation pursuant to 15 U.S.C. § 1692k(a)(3);

d. For an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

e. Upon certification of a class, and award of damages under 15 U.S.C. § 1692k(a)(3) not to exceed the lesser of $500,000 or 1 per centum of the net worth of the Defendants; and

f. For such further and other relief as may be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues including liability and damages. *U.S. Const. amend. 7; Fed. R. Civ. P. 38*.

**DATED** this 3rd day of May 2022.

/s/ BRET T. ALLRED

Mr. Bret T. Allred, Esq.
Wyo. Bar No.: 6-3835
YELLOWSTONE LAW GROUP LLC
117 N. Bent Street, Ste C
Powell, WY  82435
Phone: (307) 271-1034
Email: bret@YellowstoneLawGroup.com
*Attorney for Plaintiff*