SCOTT E. ORTIZ   WSB 5-2550
WILLIAMS PORTER DAY NEVILLE PC
PO Box 10700
Casper  WY 82604
Phone:  307-265-0700
Fax:     307-266-
Email:   sortiz@wpdn.net
*Attorney for Defendants Barney & Graham, LLC  and*
    *Weston T. Graham*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| KENNETH McGRADY, individually, and on behalf of all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 22-CV-100 |
| COLLECTION PROFESSIONALS, INC., a Wyoming corporation, BARNEY & GRAHAM, LLC, WESTON T. GRAHAM, CHRISTOPHER COCCIMIGLIO, and DAVID C. COCCIMIGLIO, | ) ) ) ) ) | |

---

### AMENDED ANSWER OF DEFENDANTS BARNEY & GRAHAM, LLC AND WESTON T. GRAHAM

---

COME NOW Defendants Barney & Graham, LLC and Weston T. Graham, by and through undersigned counsel, and hereby submit their AMENDED ANSWER OF DEFENDANTS BARNEY & GRAHAM, LLC AND WESTON T. GRAHAM, as follows.

1. These defendants deny the allegations in paragraph 1 of plaintiff's complaint.

1

2.  In response to paragraph 2 of plaintiff's complaint, this a purported legal conclusion to which no response is required.

3.  In response to paragraph 3 of plaintiff's complaint, this is a purported legal conclusion to which no response is required.

4.  In response to paragraph 4 of plaintiff's complaint, this is a purported legal conclusion to which no response is required.

5.  These defendants admit the allegations in paragraph 5 of plaintiff's complaint.

6.  These defendants admit the allegations in paragraph 6 of plaintiff's complaint.

7.  These defendants admit the allegations in paragraph 7 of plaintiff's complaint.

8.  In response to paragraph 8 of plaintiff's complaint, this is a purported legal conclusion to which no response is required.

9.  These defendants deny the allegations in paragraph 9 of plaintiff's complaint.

10. In response to paragraph 10 of plaintiff's complaint, this is a purported legal conclusion to which no response is required.

11. These defendants deny the allegations in paragraph 11 of plaintiff's complaint.

12. These defendants deny the allegations in paragraph 12 of plaintiff's complaint.

13. These defendants deny the allegations in paragraph 13 of plaintiff's complaint.

14. These defendants admit the allegations in paragraph 14 of plaintiff's complaint.

15. These defendants admit the allegations in paragraph 15 of plaintiff's complaint.

16. These defendants admit the allegations in paragraph 16 of plaintiff's complaint.

17. The allegations in paragraph 17 of plaintiff's complaint are not directed to these defendants, therefore, they are denied for lack of knowledge.

18. These defendants admit the allegations in paragraph 18 of plaintiff's complaint.

19. These defendants admit the allegations in paragraph 19 of plaintiff's complaint.

20. These defendants generally admit to knowledge of the allegations in paragraph 20 of plaintiff's complaint.

21. These defendants generally admit to knowledge of the allegations in paragraph 21 of plaintiff's complaint.

22. These defendants admit the allegations in paragraph 22 of plaintiff's complaint to the limited extent these defendants' practice involves debt collection.

23. These defendants generally admit the allegations in paragraph 23 of plaintiff's complaint.

24. These defendants deny the allegations in paragraph 24 of plaintiff's complaint.

25. These defendants deny the allegations in paragraph 25 of plaintiff's complaint.

26. These defendants deny the allegations in paragraph 26 of plaintiff's complaint.

27. These defendants admit the allegations in paragraph 27 of plaintiff's complaint.

28. These defendants admit the allegations in paragraph 28 of plaintiff's complaint to the extent the summons has been used in other consumer collection cases.

29. These defendants generally admit the allegations in paragraph 29 of plaintiff's complaint to the extent the documents were authorized by CPI for use.

30. These defendants deny the allegations in paragraph 30 of plaintiff's complaint.

31. These defendants deny the allegations in paragraph 31 of plaintiff's complaint.

32. These defendants deny the allegations in paragraph 32 of plaintiff's complaint.

33. These defendants deny the allegations in paragraph 33 of plaintiff's complaint.

34. These defendants deny the allegations in paragraph 34 of plaintiff's complaint.

35. In response to paragraph 35 of plaintiff's complaint, this is a purported legal conclusion to which no response is required by these defendants.

36. These defendants deny the allegations in paragraph 36 of plaintiff's complaint.

37. These defendants deny the allegations in paragraph 37 of plaintiff's complaint as phrased.

38. These defendants deny the allegations in paragraph 38 of plaintiff's complaint as phrased.

39. These defendants admit the allegations in paragraph 39 of plaintiff's complaint.

40. These defendants admit the allegations in paragraph 40 of plaintiff's complaint.

41. These defendants deny the allegations in paragraph 41 of plaintiff's complaint.

42. These defendants admit the allegations in paragraph 42 of plaintiff's complaint.

43. These defendants deny the allegations in paragraph 43 of plaintiff's complaint and aver said allegation is frivolous and without a good faith basis.

44. These defendants deny the allegations in paragraph 44 of plaintiff's complaint and aver said allegation is frivolous and without a good faith basis.

45. These defendants deny the allegations in paragraph 45 of plaintiff's complaint as phrased.

46. These defendants deny the allegations in paragraph 46 of plaintiff's complaint.

47. These defendants deny the allegations in paragraph 47 of plaintiff's complaint.

48. These defendants admit the allegations in paragraph 48 of plaintiff's complaint.

49. These defendants admit the allegations in paragraph 49 of plaintiff's complaint.

50. These defendants deny the allegations in paragraph 50 of plaintiff's complaint as phrased.

51. These defendants admit the allegations in paragraph 51 of plaintiff's complaint.

52. These defendants admit the allegations in paragraph 52 of plaintiff's complaint.

53. These defendants deny the allegations in paragraph 53 of plaintiff's complaint as phrased.

54. These defendants deny the allegations in paragraph 54 of plaintiff's complaint.

55. These defendants admit the allegations in paragraph 55 of plaintiff's complaint.

56. These defendants deny the allegations in paragraph 56 of plaintiff's complaint as phrased.

57. These defendants deny the allegations in paragraph 57 of plaintiff's complaint as phrased.

58. These defendants deny the allegations in paragraph 58 of plaintiffs complaint.

59. These defendants admit the allegations in paragraph 59 of plaintiff's complaint to the extent consistent with the order at issue.

60. In response to paragraph 60, admitted to the extent the document was attached to the original complaint.

61. These defendants deny the allegations in paragraph 61 of plaintiff's complaint as phrased.

62. These defendants deny the allegations in paragraph 62 of plaintiff's complaint due to lack of knowledge.

63. In response to paragraph 63, this does not appear to be a factual allegation to which a response is required.

64. These defendants deny the allegations in paragraph 64 of plaintiff's complaint as phrased.

65. These defendants deny the allegations in paragraph 65 of plaintiff's complaint as phrased.

66. These defendants deny the allegations in paragraph 66 of plaintiff's complaint.

67. These defendants deny the allegations in paragraph 67 of plaintiff's complaint

68. These defendants deny the allegations in paragraph 68 of plaintiff's complaint.

69. These defendants deny the allegations in paragraph 69 of plaintiff's complaint due to lack of knowledge by these defendants.

70. These defendants deny the allegations in paragraph 70 of plaintiff's complaint.

71. In response to paragraph 71 this is a legal conclusion to which no response is required.

72. These defendants deny the allegations in paragraph 72 of plaintiff's complaint due to lack of knowledge by these defendants.

73. In response to paragraph 73 of plaintiff's complaint defendants reassert their previous answers set forth herein.

74. These defendants deny the allegations in paragraph 74 of plaintiff's complaint as it is a legal conclusion.

75. These defendants deny the allegations in paragraph 75 of plaintiff's complaint.

76. These defendants deny the allegations in paragraph 76 of plaintiff's complaint.

77. These defendants deny the allegations in paragraph 77 of plaintiff's complaint.

78. These defendants deny the allegations in paragraph 78 of plaintiff's complaint.

79. These defendants deny the allegations in paragraph 79 of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim on which relief can be granted.

2. Plaintiff's complaint is barred because defendants are entitled to Petition Clause immunity.

3. Plaintiff's complaint is barred because a failure to comply with a recent amendment to a local circuit court rule does not constitute a violation of the FDCPA.

4. Plaintiff's complaint is barred due to the bona fide error doctrine, to the extent the jury may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by defendants, liability for any such alleged violations are barred by 15 U.S.C. Section 1692k(c).

5. Plaintiff's complaint is barred or must be reduced due to the comparative fault doctrine.

6. Plaintiff's complaint is barred in that class certification is not appropriate under FCRP 23.

7. Some or all of the class claims are barred by the applicable status of limitations.

8.    To the extent plaintiff's claims to have suffered damages, which is disputed by defendants, plaintiff failed to mitigate any such claimed damages.

9.    Some or all of plaintiff's claims are barred by the doctrine of waiver.

10.    Some or all of plaintiff's claims are barred by the doctrine of estoppel.

11.    Defendants reserve the right to assert additional defenses as they become known.

DATED this 15th day of June, 2022.

BARNEY & GRAHAM, LLC., and WESTON T. GRAHAM, Defendants,

_____/s/ SCOTT E. ORTIZ_____
SCOTT E. ORTIZ    WSB 5-2550
WILLIAMS PORTER DAY NEVILLE PC
PO Box 10700
Casper  WY 82601

## CERTIFICATE OF SERVICE

I hereby certify, on the 15th day of June, 2022, I served the foregoing ANSWER OF DEFENDANTS BARNEY & GRAHAM, LLC AND WESTON T. GRAHAM via the court's electronic service, addressed to:

Bret T. Allred

YELLOWSTONE LAW GROUP LLC

117 North Bent Street    Suite C

Powell  WY 307-271-1034

bret@yellowstonelawgroup.com

Christopher R. Jones, 7-4837

GORDON & REES LLP

555 Seventeenth Street, Ste. 3400

Denver, CO 80202

crjones@grsm.com


    /s/  **SCOTT E. ORTIZ**

**SCOTT E. ORTIZ    WSB 5-2550**