Scott E. Ortiz   WSB 5-2550
Thomas W. Rumpke WSB 6-2974
WILLIAMS PORTER DAY & NEVILLE PC
PO Box 10700
Casper  WY 82604
Phone: 307-265-0700
Fax:    307-266-
Email: sortiz@wpdn.net
        trumpke@wpdn.net
*Attorneys for Defendants Barney & Graham, LLC*
*And Weston T. Graham*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **KENNETH McGRADY, individually, and on behalf of all other similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-CV-100** |
| | ) | |
| **COLLECTION PROFESSIONALS, INC., a Wyoming corporation, BARNEY & GRAHAM, LLC, WESTON T. GRAHAM, CHRISTOPHER COCCIMIGLIO, and DAVID C. COCCIMIGLIO,** | ) ) ) ) ) | |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)**

---

**COME NOW** Defendants Barney & Graham, LLC and Weston T. Graham, by and through undersigned counsel, and hereby submit the following Memorandum of Law in Support of their Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

## I.    FACTS

Taking all the facts of the Amended Complaint as true, Plaintiff Kenneth McGrady ("McGrady") alleges that the Defendants, Weston T. Graham and Barney and Graham, LLC ("Barney & Graham") violated the Fair Debt Collections Practices Act , 15 U.S.C. § 1692, et seq. ("FDCPA") by attempting to collect a debt using a defective summons.  In particular, McGrady claims that summons violated Wyoming law by not including the circuit court's address as required under a court rule specific to circuit courts in Wyoming. [ECF No. 1 at ¶31].[1]

In addition, McGrady alleges the summons was defective because it did not include Barney & Graham's street address.  [*Id.* at ¶32]  However, the complaint served with the summons did contain Barney & Graham's street address.  *See* Exhibit A (McGrady State Court complaint).[2]

Next, McGrady alleges the summons violated Wyoming law by not informing him that a notice of filing would be served.  [*Id.* at ¶ 33].  This would occur after once the summons, complaint, and proof of service were filed with the Court.  [*Id.*]

Finally, McGrady alleges that the summons violated Wyoming law by stating the judgment "will" be taken against him if he failed to answer or defend.  [*Id.* at ¶34].  According to McGrady, the summons should have said that judgment "may" be taken against a non-responding defendant.

McGrady alleges that each of these defects made Barney & Graham's actions in collecting the debts "abusive and deceptive [sic] contrary to the standards of civilized society [sic] and the standards employed by others in their industry." [*Id.* at ¶ 75].  McGrady alleges that this allegedly defective summons violated the FDCPA, in particular by violating:

    (a)    *15 U.S.C.A. § 1692d(2))[3] (using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader);*

    (b)    15 U.S.C.A. § 1692e (using a false, deceptive, or misleading representation or means in connection with the collection of any deb);

---

[1]  Wyo. R. Civ. P. Cit. Ct. 3.1(b)(2)

[2]  Documents that are central to a plaintiff's claims, or are referenced in the complaint, may be considered in evaluating a motion to dismiss without converting it to a motion for summary judgement..  *See Dean Witter Reynolds, Inc. v. Howsam,* 261 F.3d 956, 961 (10th Cir.2001); *Letterman v. Roy,* No. 20-3138-JWB, 2021 WL 1056504, at *2 (D. Kan. Mar. 19, 2021).

[3]  There is no basis in law or fact for any claim that Barney & Graham violated any of the italicized statutory subsections.  The Complaint alleges that there was a summons that did not comply with court rules unique to circuit courts in Wyoming, not that there was obscene or offensive language used or that Barney & Graham said someone's going to jail if you don't pay.

(c)    *15 U.S.C. §1692e(2)(A) (Making a misrepresentation as to the character, amount, or legal status of any debt);*

(d)    *15 U.S.C. §1692e(4) (Making a representation that nonpayment of any debt will result in the arrest or imprisonment or garnishment or attachment of property debt);*

(e)    15 U.S.C. §1692e(5) (Making a threat to take an action they cannot legally take or did not intend to take);

(f)    *15 U.S.C. §1692e(9) (Using a written communication which simulates or falsely represents to be a document authorized, issued, or approved by any court;*

(g)    15 U.S.C. §1692e(10) (Using any false representation or deceptive means to collect a debt);

(h)    *15 U.S.C. §1692e(13) (Making the false representation or implication that documents are legal process);*

(i)    15 U.S.C.A. § 1692f (Using an unfair or unconscionable means to collect or attempt to collect any debt),  and;

(j)    *15 U.S.C. §1692f(1) (Trying to an collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) that was not authorized by the agreement or permitted by law*

## II.    APPLICABLE LAW

### (A)    Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c). "The standard of review for a motion for judgment on the pleadings is the same standard applied in considering a motion to dismiss under Rule 12(b)(6)." *Rigler v. Lampert*, 248 F. Supp. 3d 1224, 1231 (D. Wyo. 2017).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotation marks and internal citations omitted). *See also Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

As Judge Freudenthal recently explained, "[t]o survive the motion [to dismiss or judgment on the pleadings], a claim must be plausible on its face." *Haye v. Collection Pros., Inc.*, No. 20-CV-153-NDF, 2021 WL 2176478, at *4 (D. Wyo. Jan. 22, 2021) (*citing Ashcroft v. Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007)). "To determine whether the claim to relief is plausible on its face, we examine the elements of the particular claim and review whether the plaintiff has pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citations omitted). Although the court accepts "as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff[,]" the court is not bound to accept mere labels and legal conclusions as true." *Id.* (internal quotation marks and citations omitted).

**(B)    Petition Clause**

The First Amendment protects "the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I.  Therefore, the United States Supreme Court has "recognized this right to petition as one of 'the most precious of the liberties safeguarded by the Bill of Rights,' and ... explained that the right is implied by '[t]he very idea of a government, republican in form[.]' " *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524–25, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (first alteration in original) (citation omitted) (*first quoting United Mine Workers of Am., Dist. 12 v. Ill. Bar Ass'n*, 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967); and then *quoting United States v. Cruikshank*, 92 U.S. 542, 552, 23 L.Ed. 588 (1875)). "Immunity flows from this right, protecting those who seek redress through the courts from liability for

petitioning activities." *CSMN Invs., LLC v. Cordillera Metro. Dist.*, 956 F.3d 1276, 1282 (10th Cir. 2020).

Although it does not appear that the Federal District Courts in Wyoming have determined if Petition Clause immunity applies in the context the FDCPA, two recent decisions from the Federal District Courts in Utah have concluded debt collectors maintain Petition Clause immunity when collecting legitimate debts. *See Reyes v. N.A.R. Inc.*, 546 F. Supp. 3d 1031 (D. Utah 2021) and *Holmes v. Crown Asset Mgmt., LLC*, No. 2:19-CV-00758, 2021 WL 3473050) (D. Utah Aug. 6, 2021). In *Holmes*, plaintiff alleged that the defendant "violated the FDCPA by 'pursu[ing] debt collection via filing lawsuits in Utah without the necessary Collection license.'" *Holmes*, 2021 WL 3473050, at *1. In dismissing the plaintiff's FDCPA claim in *Holmes*, the District Court concluded that "Defendant's actions were protected by Petition Clause immunity, which generally protects individuals and entities from liability for petitioning the government—including by bringing suit in court—for redress of grievances." *Id.*[4]

**(C)     FDCPA Claim**

"To prevail on a FDCPA claim, a plaintiff must prove four elements: (1) the plaintiff is a "consumer" (2) the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant is a debt collector; and (4) through its acts or omissions, the defendant violated the FDCPA." *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062 (10th Cir. 2022) (internal citations omitted). There are numerous ways in which a debt collector can violate the FDCPA, but violation of a court rule is not necessarily a violation of the

---

[4] There is a split among the Utah Federal Court judges. *See Chamberlain v. Crown Asset Mgmt.*, No. 1:21-CV-00146-DAK, 2022 WL 3445952, at *2 (D. Utah Aug. 17, 2022) (noting the split between that decision and the *Holmes* decision). However, the Chamberlain decision is based upon the fact that Utah has a statute that makes it a crime to try to collect a debt without being properly licensed as a debt collector.

FDCPA. *See Qureshi v. OPS 9, LLC*, No. CV 14-1806, 2015 WL 6407883, at *3 (D.N.J. Oct. 21, 2015); *Diaz v. Midland Funding, LLC*, No. CV 17-1925 (KM/JBC), 2017 WL 4236060, at *8 (D.N.J. Sept. 22, 2017).

## III.   ANALYSIS

In an ironic turn of events, the Wyoming circuit court have adopted special rules that make putting together a summons more difficult that it would be in State district court. Regardless, as explained below, McGrady's claims fail as a matter of law because a debt collector cannot be found to have violated the FDCPA by exercising its First Amendment right to petition the courts, unless the lawsuit was a sham lawsuit. Moreover, nothing that is allegedly missing from the summons makes the summons false, deceptive or misleading. For the reasons set forth below, Barney & Graham is entitled to judgment on the pleadings.

### (A)   The FDCPA Did Not Abrogate Barney & Graham's Immunity In Seeking Redress From The Courts

As Judge Nielsen from the District of Utah noted "the FDCPA "appl[ies] to lawyers engaged in litigation." *Reyes*, 546 F. Supp. 3d at 1036 (*quoting Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995)). But Judge Nielsen correctly disagreed with the Sixth Circuit conclusion that the First Amendment and common-law privileges did not apply to debt collectors. *See Hartman v. Great Seneca Financial Corp.* 569 F.3d 606, 615 (6th Cir. 2009). That is because, as Judge Nielsen correctly noted, under the *CSMN* decision, Petition Clause immunity derives from the Constitution.

In the first days of law school, we all learn the hierarchy of controlling law, namely that Congress cannot abrogate a Constitutional right. In the case of petitioning the courts, Congress cannot limit the immunity afforded by the Constitution. Likewise, it cannot eliminate immunity granted by the common law. *See Briscoe v. LaHue*, 460 U.S. 325, 335, 103 S. Ct. 1108, 1116, 75

L. Ed. 2d 96 (1983) (Civil Right Act of 1971 did not abrogate common law immunity for witnesses).

In both *Reyes* and *Holmes,* Judge Nielsen acknowledged that "sham" petitions are not protected. However, there are no allegations that the lawsuit filed in State court against McGrady was a sham petition. To the contrary, the only allegations in the Complaint are that Barney & Graham used a defective summons that did not comply with special circuit court rules. Barney & Graham remain immune from suit under the protections of the Petition Clause of the First Amendment of the United States Constitution for a technical violation of a court rule.

**(B)     McGrady's Claims Are Not Plausible Because his Complaint Fails to Allege A False, Deceptive or Misleading Act on the Part of Barney & Graham.**

As noted above, McGrady alleges four technical defects in the summons, which the State circuit court judge found made the summons defective. None of these technical defects make the summons false, deceptive, or misleading. Therefore, McGrady has no claim under the FDCPA.

**(1)     The Missing Court Address**

First, McGrady complains that the summons did not include the Court's address. Neither the Federal Rules of Civil Procedure, nor the Wyoming Rules of Civil Procedure, require that a summons include the court's address. In fact, the summons issued in this case does not include this Court's mailing address. [ECF No. 8 at 1]. The fact that State district courts, and this court, do not require the court's mailing address on the summons conclusively proves that leaving the court's address off the summons is not false, deceptive, or misleading.[5]

---

[5]   The circuit court judge determined that the failure to include the court's address constituted a "radical defect" in the summons. [ECF 1-2 at 3]. It is hard to imagine how not including the court's address, which could be judicially noticed, "impair[ed] [McGrady's] right to an opportunity to be heard in court." [*Id.*]. *See Myers Investigative & Sec. Servs., Inc. v. United States*, 47 Fed. Cl. 288, 297 (Ct. Cl. 2000) (taking judicial notice of the addresses of Federal buildings in Ohio).

To hold otherwise would cause an absurd result. If a defendant had $50,001 in bills, the summons served upon him would not require the court's address under Wyoming law. If that same defendant had $49,999 in past due bills, the summons would require the court's address. It is absurd to suggest that in one instance the summons is false, deceptive, or misleading, and in the other instance it is perfectly fine.

**(2)    The Missing Attorney Address**

Again, it is implausible that the missing attorney address is false, misleading, or deceptive. The summons was served with the State court complaint. The State court complaint does have Barney & Graham's mailing address. (*See* Exhibit A). Thus, any claim that McGrady (or anyone else) being served with the summons at issue was misled or deceived is not plausible.

**(3)    Failure to Notify The Defendant of Filing**

The Appendix within the Civil Rules Governing Circuit Courts containing the 'Notice of Filing" states: "The Complaint in the above titled action was mailed to *or* filed with the Court on December 28, 2021." (emphasis added). The Appendix goes on to state that the defendant is required to file an answer "within thirty-five (35) days after the date the Complaint was *filed* with the Court[.]" (emphasis added).

Thus, if Barney & Graham had included a notice of filing in the form prescribed in the Appendix, McGrady would not know whether his 35 days to answer began to run on the day Barney & Graham *mailed* the Complaint to the Court, or whether the 35 days began to run the day the complaint and summons were *filed* with the court. It is not clear how McGrady could have ever determined when the complaint may have been mailed by Barney & Graham. Of course, the Clerk of Circuit Court does keep track of when things are filed. Exhibit A, which McGrady

received, contains a file stamp from the Clerk of Circuit Court notifying McGrady when his 35 days began to run.

By notifying McGrady that his answer was due 35 days from the filing of the complaint, when providing McGrady a file-stamped copy of the complaint, Barney & Graham made it abundantly clear that McGrady's answer was due 35 days from the date the complaint was filed. Therefore, the failure to include a notice of filing as prescribed by the Circuit Court Civil Rules actually *eliminated* any confusion.  Consequently, it is implausible that the summons, coupled with the complaint, was false, deceptive, or misleading.

    **(4)  Will vs. May**

As with the missing street address for the Court, form summonses from this Court and the Wyoming Supreme Court[6] state that if a defendant fails to answer, "judgment by default will be entered against you for the relief demanded in the complaint."  [*See* ECF No. 8 at 1].  Therefore, stating the default judgment "will" be entered as opposed to "may" is neither false, deceptive, nor misleading. *See Lopez v. 4M Collections, LLC*, No. 2:18-CV-00079-SAB, 2018 WL 2371105, at *2 (E.D. Wash. May 24, 2018) (concluding that language regarding default judgment was not misleading or deceptive in granting motion to dismiss); *Luci v. Overton, Russell, Doerr & Donovan, LLP*, 789 F. App'x 895, 897 (2d Cir. 2019) (affirming dismissal of complaint because omission from the summons was not materially misleading *even under the least sophisticated consumer* test).

**IV.     CONCLUSION**

Barney & Graham cannot be held liable for violating the FDCPA for exercising their clients' rights to access the courts.  Any mistake in navigating the litigation process does not

---

[6] https://www.courts.state.wy.us/wp-content/uploads/2017/04/DWCP08.pdf

become a false, deceptive, or misleading act just because the case involves collection of a consumer debt. For the foregoing reasons, Barney & Graham, LLC and Weston T. Graham are entitled to judgment on the pleadings.

DATED this 26th day of August, 2022.

BARNEY & GRAHAM, LLC., and
WESTON T. GRAHAM, Defendants,

  /s/  **THOMAS W. RUMPKE**
**SCOTT E. ORTIZ    WSB 5-2550**
**THOMAS W. RUMPKE WSB 6-2974**
WILLIAMS PORTER DAY & NEVILLE PC
PO Box 10700
Casper  WY 82601

## CERTIFICATE OF SERVICE

I hereby certify, on the 26th day of August, 2022, I served the foregoing Memorandum of Law via the court's electronic service, addressed to:

Bret T. Allred
YELLOWSTONE LAW GROUP LLC
117 North Bent Street    Suite C
Powell  WY 307-271-1034
bret@yellowstonelawgroup.com

Christopher R. Jones, 7-4837
GORDON & REES LLP
555 Seventeenth Street, Ste. 3400
Denver, CO 80202
crjones@grsm.com

    /s/  **THOMAS W. RUMPKE**
      **THOMAS W. RUMPKE    WSB 6-2974**