# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **KENNETH MCGRADY**, Individually, and on behalf all others similarly situated<br><br>Plaintiff,<br>vs.<br><br>**COLLECTION PROFESSIONALS, INC**., a corporation,<br><br>**BARNEY & GRAHAM, LLC,**<br><br>**WESTON T. GRAHAM,**<br><br>**CHRISTOPHER COCCIMIGLIO, and**<br><br>**DAVID COCCIMIGLIO**<br><br>Defendant. | **Civil Action No.:**<br>**1:22-cv-00100-SWS** |

**DEFENDANTS COLLECTION PROFESSIONALS, INC., CHRISTOPHER COCCIMIGLIO AND DAVID COCCIMIGLIO'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

On the brief:
Lawrence J. Bartel
Christopher R. Jones

**PRELIMINARY STATEMENT**

Plaintiff filed this lawsuit alleging Collection Professionals, Inc. ("CPI"), Christopher Coccimiglio and David Coccimiglio ("Defendants") violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692 ("FDCPA") because the Defendants violated a local civil procedure rule when serving or causing a deficient summons to be served in the underlying state collection filed against Plaintiff. More specifically, Plaintiff contends that because the summons (1) did not include the address of CPI's attorney; (2) did not include a statement informing the Plaintiff that a notice of filing would be served upon the filing of the summons, complaint and proof of service; (3) used the word "will" instead of "may" in their statement advising the Plaintiff that a default judgment would be entered against Plaintiff is he failed to defend the state collection action. However, Plaintiff claims fail as a matter for numerous reasons.

First, Defendants are entitled to Petition Clause Immunity for Plaintiff's FDCPA claims premised on alleged false, deceptive and misleading statements made in the state court action. See *Holmes v. Crown Asset Mgt., LLC*, 2:19-cv-00758, 2021 WL 3473050 (D. Utah Aug. 6, 2021); citing Reyes v. N.A.R. Inc., 546 F. Supp. 3d 1031, 2021 WL 2660066 *3 (D. Utah June 29, 2021)(First Amendment Petition Clause Immunity applies to lawsuit to recover debts and debt collectors cannot be held liable for alleged violations in their pleadings).

Second, there is not a private right of action for a violation of the civil procedure rules.

1

Lastly, a purported violation of a rule of civil procedure does not create a viable FDCPA claim. See *Diaz v. Midland Funding, LLC*, Civil No. 17-1925, 2017 WL 4236060 (D. N.J. September 22, 2017)(holding a violation of the New Jersey civil procedure rule bears "no direct or obvious relation to deceptive statements or unconscionable methods in connection with the collection of a debt."

## STATEMENT OF FACTS

On or about October 25, 2021, CPI's counsel filed a lawsuit In the Circuit Court for the Fifth Judicial District, County of Park, Wyoming against plaintiff Kenneth McGrady after he defaulted on a medical debt. ("State Action"). CPI's counsel subsequently served Plaintiff with a summons and the State Action. *See Exhibit A to ECF 1 - Plaintiff's class action complaint.* The summons (1) set forth that the Fifth Judicial District is located in Cody, Wyoming 82414, (2) advised Plaintiff the time frame for which he has to respond to the complaint, (3) advised that if Plaintiff failed to timely respond to the complaint, judgment by default would be taken against the Plaintiff, (4) provided the name of CPI's counsel, their phone number and notified the Plaintiff they were located in Sheridan Wyoming. In addition, the State Complaint contains the Wyoming business for CPI's counsel. *See Exhibit A - CPI's State Action Complaint.*

On May 3, 2022, Plaintiff filed this class action lawsuit against the defendants. All Defendants timely filed an answer to Plaintiff's class action complaint. Now, as detailed below, Defendants now file this Motion for Judgment on the Pleadings seeking dismissal of the Plaintiff's Complaint with

2

prejudice.

## STANDARD OF REVIEW

### A.   Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the pleadings "[a]fter the pleadings have closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See, e.g., Corder v. Lewis Palmer School District No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009) ("we review a dismissal under Fed. R. Civ. P. 12(c) 'under the same standard of review applicable to a Rule 12(b)(6) motion to dismiss'" (*quoting Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005)). *See also, Woodie v. Berkshire Hathaway Homestate Ins. Co.*, 806 Fed. Appx. 658; 2020 U.S. App. LEXIS 10124 (10th Cir. 2020); *BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.*, 830 F.3d 1195, 1200 (10th Cir. 2016). A 12(c) motion examines questions of law, and all facts alleged by the plaintiff are accepted as true. *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013).

The Court must determine if a plaintiff's claim is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  Rule 12(c) promotes judicial economy by permitting the Court to dispose of legal issues capable of resolution by "looking to the

substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. Inc. v. Touchstone Properties Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). The Supreme Court determined that "dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Iqbal*, 556 U.S. at 1104. A "[j]udgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citing *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).

Generally, when deciding a motion for judgment on the pleadings, a court may not consider matters outside the pleadings without having to convert the motion into one for summary judgment. Fed. R. Civ. P. 12(c). However, it is well-established that an exception exists for matters of public record. For example, "[f]acts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment." *Selman v. Delta Airlines*, 2008 U.S. Dist. LEXIS 108754, 27; 2008 WL 6022017 (D.N.M., Aug. 13, 2004); *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279, n.1 (10th Cir. 2004) (citing 27A Fed. Proc., L.Ed. § 62:520 (2003)).

Further, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds* by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). *See* 5(A) C. Wright &

4

A. Miller, Federal Practice & Procedure § 1327 (3d ed. 2004)("[W]hen the plaintiff fails to introduce a pertinent document as part of his pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading."). Additionally, "[a] district court is permitted to take judicial notice of public records, including state records of state court proceedings, without needing to convert a motion to dismiss or motion for judgment on the pleadings to motion for a summary judgment." *Nichols v. Danley*, 266 F. Supp. 2d 1310, 1311 (D.N.M. 2003); *Amakua Development v. H. TY Warner*, 411 F. Supp. 2d 941, 951 (E.D. Ill. 2006) (court may consider matters of public records, such as public court documents, in deciding a motion to dismiss). Therefore, in this case, the Court may take judicial notice of all exhibits attached hereto as they fall into the public records exception, having been part of the state court record.

## ARGUMENT

As an initial matter, debt collection communications are analyzed from the objective perspective of the "least sophisticated debtor." *Ferre v. Marianos*, 1997 WL 687693 (10th Cir. 1997); *Maynard v. Cannon,* 401 Fed.Appx. 389, 393 (10th Cir.2010); *Brown v. Card Serv. Ctr.*, 464 F.3d 454 (3d Cir. 2006). This standard "is lower than simply examining whether particular language would deceive or mislead a reasonable debtor, but it does not go so far as to provide solace to the willfully blind or non-observant." *Laniado v. Certified Credit & Collection Bureau,* 636 Fed. App'x 90, 91 n.1 (3d Cir.2016) (citations and internal punctuation omitted). Further, the least sophisticated consumer

5

standard has preserves a "modicum of reasonableness" that protects debt collectors "from liability for bizarre or idiosyncratic interpretations of collection notices." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) (internal quotation marks omitted).

To succeed on an FDCPA claim, a plaintiff must establish that: (1) he is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the FDCPA defines it, and (4) the defendant violated a provision of the FDCPA in attempting to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

**A. DEFENDANTS ARE ENTITLED TO PETITON CLAUSE IMMUNITY UNDER THE FIRST AMENDMENT**

Indeed, among its other guarantees, the First Amendment provides that "Congress shall make no law … abridging … the right of the people … to petition the Government for a redress of grievances." U.S. Const. amend. I. "The Supreme Court has 'recognized this right to petition as one of "the most precious of the liberties safeguarded by the Bill of Rights.' " " *CSMN Investments, LLC v. Cordillera Metropolitan District*, 956 F.3d 1276, 1282 (10th Cir. 2020) (quoting *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524–25, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002), and *United Mine Workers of Am., Dist. 12 v. Illinois Bar Assn.*, 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967)). As the Courts have explained, "[t]he very idea of a government, republican in form, implies a right on the part of its citizens to … petition for a redress of grievances." *United States v. Cruikshank*, 92 U.S. 542, 552, 23 L.Ed. 588

6

(1875). This right is also "intimately connected, both in origin and in purpose, with the other First Amendment rights of free speech and free press." *United Mine Workers*, 389 U.S. at 222, 88 S.Ct. 353. These First Amendment rights, "though not identical, are inseparable." Id. (quoting *Thomas v. Collins*, 323 U.S. 516, 530, 65 S.Ct. 315, 89 L.Ed. 430 (1945)). "Immunity flows from this right, protecting those who seek redress through the courts from liability for petitioning activities." *CSMN Investments*, 956 F.3d at 1282.

As such, Defendants are entitled to Petition Clause Immunity for Plaintiff's FDCPA claims premised on alleged false, deceptive, unfair and/or misleading statements made during the State Action. See *Holmes v. Crown Asset Mgt., LLC*, 2:19-cv-00758, 2021 WL 3473050 (D. Utah Aug. 6, 2021); citing Reyes v. N.A.R. Inc., 546 F. Supp. 3d 1031, 2021 WL 2660066 *3 (D. Utah June 29, 2021)(First Amendment Petition Clause Immunity applies to lawsuit to recover debts and debt collectors cannot be held liable for alleged violations in their pleadings).

For example, in both *Holmes* and *Reyes*, plaintiff brought FDCPA claims against a debt collector premised on its alleged violative conduct while petitioning the court to collect an outstanding debt. *Holmes* 2021 WL 3473050; *Reyes* 546 F. Supp. 3d 1031. In *Holmes*, plaintiff alleged that the debt collector violated FDCPA because it filed suit in an attempt to collect a debt with the required license and in *Reyes* the plaintiff alleged that debt collector violated the FDCPA by demanding a collection fee not authorized by contract or state law. *Holmes* 2021 WL 3473050 at * 1 ; *Reyes* 546 F. Supp. 3d 1031-33.

7

In both cases, the courts ultimately held that the debt collectors are immunized from liability for its petitioning activity and dismissed plaintiffs' FDCPA claims. In reaching its conclusion that debt collectors were immune from the consumers' claims, both the *Holmes* and *Reyes* courts, held that (1) the FDCPA does not eliminate Petition Clause immunity granted pursuant to U.S. Const. Amend. 1 and (2) that Petition Clause Immunity flows from First Amendment right to petition, protecting all those who seek redress through the courts from liability for petitioning activities. *Id.* citing U.S. Const. Amend. I.

Here, Plaintiff's FDCPA claims are based upon the lawsuit filed by or on behalf of the Defendants', which are petitioning activities that are absolutely protected from statutory impingement by the First Amendment. As such, Defendants are immunized from claims based upon its petitioning activity and Plaintiff's claims must be dismissed with prejudice.

**B.   VIOLATION OF WYOMING CIVIL PROCEDURE RULE
       <u>IS NOT AN FDCPA VIOLATION.</u>**

Plaintiff's also claim that the service of a summons that does not meet the requirement of the Wyoming local civil rules amounts to a viable FDCPA claim is fatally flawed for numerous reasons. First, there is not a private right of action for a violation of the civil procedure rules. Second, despite his contention otherwise, Plaintiff does not provide any support for his argument – and there are no reported cases indicating – that a violation of a Wyoming procedural rule may be used as the basis for FDCPA liability. This lack of supporting authority is unsurprising given that neither the Wyoming

8

procedural rules or statute provides a party a private right of action to bring claims for alleged violations of procedural rules.[1]

Although Wyoming and the 10th Circuit has not addressed the issue as to whether there is a private right of action for an alleged violation of a state's procedural rule, the New Jersey courts, have recently addressed the issue. In fact, New Jersey courts — like other states — have been reluctant to infer a statutory private right of action where the Legislature has not expressly provided for such action. See *R.J. Gaydos Ins. Agency, Inc. v. National Consumer Ins. Co.*, 168 N.J. 255, 271 (2001) (finding no private right of action for alleged violation of New Jersey's Fair Automobile Insurance Reform Act). In fact, courts in New Jersey have consistently held that rules governing the conduct of attorneys (such as state procedural rules) do not give rise to a private right of action. *See Banco Popular North America v. Gandi*, 184 N.J. 161, 182 n.8 (2005) ("Although the Rules of Professional Conduct may inform the scope of an attorney's duties, those rules do not, in themselves, create a duty, and a violation of those rules, standing alone, does not form the basis of a cause of action."); *Baxt v. Liloia*, 155 N.J. 190, 201 (1998) (the Rules of Professional Conduct do not create a duty and violation of it cannot form the basis for a cause of action); *Ramsey*

---

[1] To determine whether a statute creates a **private right**, the majority adopts the same test used by the Supreme Court in determining whether to recognize an implied cause of action under the statute and whether the statute creates a private right necessary for a cause of action. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 913 (10th Cir. 2017)

*Board of Education v. Eastwood*, 2008 WL 5023272, at *2 (N.J. Sup. Ct. 2008) (same).

Tellingly, a violation of a procedural has never been used as the basis for any liability, much less FDCPA liability. Nor should it be. The FDCPA was enacted to prevent "abusive, deceptive and unfair debt collection practices." 15 U.S.C. § 1692(a). Plaintiff fails (aside from conclusory statements) to explain how violation of a state procedural rule violates the FDCPA. Plaintiff should not be allowed to use the FDCPA as a backdoor to liability based on a procedural rule that does not provide for a private right of action. *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002) (holding that plaintiff could not maintain an action under the FDCPA for alleged violation of the bankruptcy code because doing so would "allow through the back door what [plaintiff] cannot accomplish through the front door—a private right of action.") As such, Plaintiff's complaint should be dismissed with prejudice, as Wyoming law does not provide a private cause of action for an alleged violation of a civil procedure rule.

Additionally, a purported violation of a rule of civil procedure does not create a viable FDCPA claim. In fact, this exact legal issue was addressed in *Diaz* and the court correctly held a violation of a civil procedural rule bears "no direct or obvious relation to deceptive statements or unconscionable methods in connection with the collection of a debt" and therefore, not a violation of the FDCPA. *See Diaz* 2017 WL 4236060.

10

In *Diaz,* the debt collector filed suit against the consumer and attached a document that only redacted the social security number down to the last four numbers, as opposed to the last three numbers as set forth in New Jersey procedural rules. *Id.* The court ultimately found a failure to meet the civil procedure requirements set forth in the New Jersey procedural rule does not amount to an FDCPA violation. As such, the *Diaz* court rejected Plaintiff's effort to turn a violation of state procedural rule into an FDCPA violation and dismissed Plaintiff's claims with prejudice.

Here, like *Diaz,* the information filed un-redacted — an insurance policy number — has nothing to do *about the person's status as a debtor.* As such, Plaintiff's attempt to convert a violation of a state procedural rule, with nothing to do with debt collection practices, into an FDCPA violation should be rejected. Therefore, Plaintiff's claim premised on an alleged violation of a state civil procedure, should be dismissed with prejudice.

Further, Plaintiff ignores the fact that throughout the federal courts and state courts in the United States have different summons and different requirements. Some have similar summons requirements as to Wyoming and may do not. For example, the federal rules and model subpoena require a statement that: "if you fail to respond, judgment by default **will** be entered against you for the relief demanded in the complaint." *See Federal Court's Form Summons attached as Exhibit B.* This is the exact same language that allegedly violates the Wyoming civil procedure law and the FDCPA. As such, if the court would accept Plaintiff's meritless theory of liability a debt collector

11

would be liable for an FDCPA violations by using the summons required by Federal court. In addition, a summons from a jurisdiction that does not require the same information as Wyoming would also be a supposed violation of the FDCPA. This is not the purpose of the FDCPA. As discussed above, a violation of a civil procedural rule bears no direct or obvious relation to deceptive statements or unconscionable methods in connection with the collection of a debt. As such, Plaintiff's FDCPA claim lacks any viability and should be dismissed with prejudice.

## CONCLUSION

For these reasons, Plaintiff's Class Acton Complaint should be dismissed in its entirety and with prejudice.

Respectfully submitted this 26th day of August 2022.

**GORDON REES SCULLY MANSUKHANI, LLP**

***/s/ Lawrence J. Bartel***
Lawrence J. Bartel (pro hac vice)
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
(215) 717-4022
lbartel@grsm.com

***/s/ Christopher R. Jones***
Christopher R. Jones
555 Seventeenth Street, Suite 3400
Denver, CO 80202
crjones@grsm.com

Attorneys for Defendants, Collection Professionals, Inc., Christopher Coccimiglio and David Coccimigli