Mr. Bret T. Allred, Esq.
Wyo. Bar No.: 6-3835
YELLOWSTONE LAW GROUP LLC
117 N. Bent Street, Ste C
Powell, WY  82435
Phone: (307) 271-1034
Email: bret@YellowstoneLawGroup.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF WYOMING

| | |
|---|---|
| KENNETH MCGRADY, Individually, and On Behalf of All Other Similarly Situated,<br>*Plaintiff,*<br><br>-vs-<br><br>COLLECTION PROFESSIONALS, INC., a Wyoming corporation,<br><br>BARNEY & GRAHAM, LLC,<br><br>WESTON T. GRAHAM,<br><br>CHRISTOPHER COCCIMIGLIO, and<br><br>DAVID C. COCCIMIGLIO,<br>*Defendants.* | Case Number: 22-cv-100<br><br><br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDNATS' MOTIONS TO DISMISS** |

COMES NOW the above-captioned Plaintiff (hereinafter "**Mr. McGrady**") through counsel and respectfully submits the following in opposition to the defendants' motions to dismiss filed 08/26/2022 [*ECF 27 & ECF 29*].  Collection Professionals, Inc., Christopher Coccimiglio, and David C. Coccimiglio are hereinafter referred to jointly as "**CPI**".  Barney & Graham, LLC and Weston T. Graham are hereinafter referred to jointly as "**B&G**".

**I.**    **FACTS**

On or about March 29, 2021, Mr. McGrady was sued by Barney & Graham, LLC, Weston T. Graham, and Collection Professionals, Inc. in the Wyoming Circuit Court in Park County, case

number CV-2021-221, for an alleged consumer debt originating with a third-party [*ECF 1, ¶¶ 24, 51*]. The summons received by Mr. McGrady was drafted by CPI and issued by B&G to be served upon Mr. McGrady before it was filed with the court, as permitted by the Wyoming Rules of Civil Procedure for Circuit Courts [*ECF 1, ¶29*]. This summons was created from a template, used in litigation against thousands of consumers, and contained multiple legal deficiencies: (1) the summons did not disclosing the Circuit Court's address as required by the applicable procedural rules; (2) the summons did not disclosing B&G address as required by the applicable procedural rules; (3) the summons did not disclose that a notice of filing will be served once the summons, complaint, and proof of service are filed with the court as required by the applicable procedural rules; (4) the summons falsely informing the defendant that, "[i]f you fail to [defend], judgment by default *will* be taken against you for relief demanded in the Complaint." Emphasis added. Applicable procedural rules require the word "may" in lieu of "will." [*ECF 1, ¶¶ 1, 27, 32, 33, and 34*].

The defects in the summons were known by the defendants who intentionally used the defective summons in a scheme to impede consumers from defending in collection litigation resulting in reduced costs and increase net profits. [*ECF 1, ¶¶ 36 and 46*]. The Wyoming Circuit Court struck service on Mr. McGrady and found that the summons used contained "radical defects." [*ECF 1, ¶60*]. The case was ultimately dismissed for lack of prosecution. [*ECF 1, ¶53*]. The defendants refiled suit against Mr. McGrady in the Wyoming Circuit Court under Case No. CV-21-656. [*ECF 1, ¶54*]. The summons served upon Mr. McGrady in the second collections case was materially identical to the summons previously found "radically defective" by the court. [*ECF 1, ¶60*]. At a hearing the court found that the defendant's complaint failed to state a claim upon which relief can be granted. The second case was ultimately dismissed due to the defective

summons [*ECF 1, ¶60*]. Mr. McGrady suffered extreme stress, fear, embarrassment, and monetary damage for hiring an attorney to defend the first and second collections suits [*ECF 1, ¶80*]. Mr. McGrady filed this case with the U.S. District Court, District of Wyoming seeking damages on his own behalf and on behalf of the putative class. [*ECF 1*].

## II.  STANDARD OF REVIEW

The motions to dismiss by B&G and CPI were filed under Wyo. R. Civ. P. 12(c). The court "must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

"If matters outside the pleadings are presented to and not excluded by the Court, a Rule 12(b)(6) motion to dismiss must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, a statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion and a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes. Fed. R. Civ. P. 10(c)." *Strauss v. Patterson*, 469 F.Supp.3d 1221 (D. Wyo. 2020).

/

/

### III.     PETITION CLAISE IMMUNITY

The First Amendment prohibits the government from abridging "the right of the people … to petition the Government for redress of grievances." U.S. Const. amend. I.  The "Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Dear v. Nair*, Case No. 21-2124 at *6 (10th Cir. 2022) (unpublished). This right is embodied in the U.S. Supreme Court's *Noerr – Pennington* doctrine which immunizes certain petitioning activities and activities incidental thereto.  *CSMN Invs., LLC v. Cordillera Metro. Dist.*, 956 F.3d 1276 at 1282 (10th Cir. 2020).   The Tenth Circuit Court of Appeal relabeled the *Noerr-Pennington* doctrine, Petition Clause immunity outside antitrust cases to emphasize that the immunity comes exclusively from the First Amendment right to petition.  *Id.* at 1283.

The First Amendment right to petition is not absolute.  "…just as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition." *Be&K Constr. Co. v. Nlrb,* 536 U.S. 516 at 531(2002).  Courts have refused to extend immunity to illegal activity, violence, and defamation. *IBP Confidential Business Documents Litigation, In re*, 755 F.2d 1300 at 1313 (8th Cir. 1985). The immunity must serve to avoid the chilling of petitioning activity.  *Octane Fitness, LLC v. Icon Health*, 134 S.Ct. 1749 at 1757, 188 L.Ed.2d 816, 572 U.S. 545 (2014) (Supreme Court refused to grant immunity from a punitive fee shifting provision of patent law because the law had no chilling effect on the right to petition).  Furthermore, First Amendment immunity cannot be used to shield "sham" petitions in order to prevent litigants misusing "the courts to harass enemies with impunity." *CSMN Invs., LLC v. Cordillera Metro. Dist.*, 956 F.3d 1276 at 1283 (10th Cir. 2020).  The sham test used in *Professional Real Estate Investors v. Columbia Pictures*, 508 U.S. 49, 113

S.Ct. 1920, 123 L'Ed.2d 611, has been adopted by the Tenth Circuit Court which uses a twostep approach: "(1) is the petitioning objectively reasonable? (2) and only if not, what is the subjective intent behind the petitioning?" *CSMN Invs., LLC v. Cordillera Metro. Dist.*, 956 F.3d 1276 at 1283-1284 (10th Cir. 2020). *CSMN* tells us how to apply the sham test when the disputed activity is the petition and there is no binding authority interpreting the application of that test to cases like this one where the dispute is over the merits of the incidental activity not the merits of the petition itself.

The defendants argue that *CSMN* should be expanded beyond immunizing petitioning activity to all incidental activity if the merits of the petition are objectively reasonable. This argument ignores the nexus between immunity and its purpose to prevent the chilling of the First Amendment right to petition "This heightened level of protection accorded petitioning activity is necessary to avoid 'a chilling effect on the exercise of this fundamental First Amendment right." *Oregon Natural Resources Council v. Mohla*, 944 F.2d 531 at 533 (9th Cir. 1991). Focusing the sham test on the disputed incidental activity to determine immunity fulfills its purpose to prevent the chilling of the right to petition. In a case where the defendants claimed First Amendment petitioning immunity against claims of discovery abuses during litigation, the Ninth Circuit Court refused to extend immunity to baseless activities incidental to the petition despite the reasonableness of the petition itself.

> Defendants urge us to look only at the merits of the underlying litigation, not at the subpoena. They apparently think a litigant should have immunity for any and all discovery abuses so long as his lawsuit has some merit. Not surprisingly, they offer no authority for that implausible proposition. Assuming Noerr-Pennington applies at all, we hold that it is no bar where the challenged discovery conduct itself is objectively baseless.

*Theofel v. Farey-Jones*, 359 F.3d 1066 at 1079 (9th Cir. 2003). The Alaska Supreme Court reached the same conclusions.

> [It] is difficult to see how subjecting Routh Crabtree to UTPA liability for engaging in the conduct alleged here would chill its First Amendment right to petition the government for redress. Pepper is not challenging Routh Crabtree's rights to send pre-litigation demand letters, file suit to collect overdue money, seek default judgment against defendants who fail to appear or answer on time, or litigate its claims fully, consistent with well-known procedural, substantive, and ethical requirements. Her complaint only seeks to hold Routh Crabtree to account if the manner in which it allegedly undertook these activities was unfair [and] deceptive …."

*Pepper v. Routh Crabtree, Apc*, 219 P.3d 1017 at 1022 (Alaska 2009). See also *Campbell v. PMI Food Equip. Group*, 509 F.3d 776, 789 (6th Cir.2007) ("The threshold question in a right-to-petition case under the First Amendment caselaw of this and other circuits is … 'whether the plaintiff's conduct deserves constitutional protection.'") (Internal quotes omitted). To allow debt collectors to harass consumers by abusing court rules and procedure with impunity as long as the complaint was objectively reasonable and filed in good faith, leads to an absurd result inconsistent with the policies upon which the test was created.

The defense cites to the *Holmes v. Crown Asset Mgt., LLC*, 2:19-cv- 00758, 2021 WL 3473050 (D. Utah Aug. 6, 2021) to support the proposition that the legitimacy of the petitioning activity extends immunity to all incidental activities. This is misguided. *Holmes*, like its sister case, *Reyes*, decided laws that chilled the debt collectors' rights to petition (file a complaint). *Holmes v. Crown Asset Mgt.*, LLC, 2:19-cv- 00758 (D. Utah Aug. 6, 2021) (holding that the FDCPA's prohibition on filing complaints without a collections license chills the right to petition); *Reyes v. N.A.R. Inc.*, 546 F. Supp. 3d 1031 (D. Utah June 29, 2021) (holding that a law making a petition for attorney's fees unlawful chilled the right to petition).[1]

---

[1] Chamberlain v. Cron Asset Mgmt., No. 1:21-CV-00146-DAK, 2022 WL 3445952 (D. Utah Aug. 2022) pertained with almost identical facts to Holmes, but the holding is directly opposite Holmes. The Chamberlain decision took a novel position recognizing a "procedure versus substance distinction" independent from the reasoning of outer courts.

Activity prohibited by the FDCPA (generally false, deceptive, misleading, and unfair behavior) falls within the "sham" exception to First Amendment immunity. There is plenty of case law on support for this position. The general sham exception to immunity sprouts from the overall similarities of the conduct prohibited by the FDCPA and the conduct identified as a sham. A general Sham exception for FDCPA violations avoids conflicts between the Supreme Court's *Noerr – Pennington* decisions and its findings that "[the FDCPA] applies to attorneys who regularly engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291 at 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) (internal quotes omitted). The Sixth Circuit Court reasoned:

> The FDCPA specifically includes lawyers and litigation activities within its purview. See Heintz v. Jenkins, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). … In fact, this circuit has already rejected Noerr–Pennington protection for false statements in a debt-collector's complaint, recognizing that the Petition Clause does not protect "sham petitions, baseless litigation, or petitions containing 'intentional and reckless falsehoods.' " Hartman v. Great Seneca Fin. Corp., 569 F.3d 606, 616 (6th Cir.2009) (quoting McDonald v. Smith, 472 U.S. 479, 484, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985)).

*Wise v. Zwicker &amp; Assocs., P.C.*, 780 F.3d 710 n. 5 (6th Cir. 2015); see also *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 615 (6th Cir. 2009); *Gionis v. Javitch, Block & Rathbone, LLP*, 238 Fed. Appx. 24 (6th Cir. 2007) (unpublished); Many other courts have reached similar conclusions. *Gerber v. Citigroup, Inc.*, 2009 WL 248094, at *5 (E.D. Cal., Jan.29, 2009) ("To find defendants immunized by the *Noerr-Pennington* doctrine would eviscerate the Fair Debt Collection Practices Act. Debt collectors should not be able to employ tactics forbidden by the FDCPA simply because they also happen to be lawyers, or because they are attempting to collect on a debt owed."); *Jordan v. Thomas & Thomas,* No. C-1-04-296, 2007 WL 2838474, at *7 (S.D. Ohio, Sept.26, 2007) (holding that not applying FDCPA to false statements made to courts "would allow collectors ... to accomplish through official legal proceedings the unfair and harassing

practices expressly prohibited by the FDCPA"); *Nyberg v. Portfolio Recovery Assocs., LLC*, No. 3:15-01175, at *8 (D. Or. June 2, 2016) ("First Amendment does not confer a right upon debt collectors to petition courts in a manner that violates the FDCPA."); *Applewhite v. Anaya Law Grp.*, No. 14-00385, 2015 WL 11438097, at *5 (C.D. Cal. June 15, 2015) (holding the *Noerr-Pennington* doctrine did not bar the FDCPA claim against a law firm acting as a third-party debt collector).

The defendants appear to promote the position that if the merits of the complaint are not a sham immunity extends to all incidental activity despite being objectively baseless with improper subjective intent.[2 & 3]  A violation of the FDCPA is not contingent upon evidence of the invalidity of the consumer debt being collected and should not be considered under the sham test.  However, in this case Mr. McGrady has proven that both the petition (collections complaint) and the incidental activity (defective summons) were both shams.  The Wyoming Circuit Court's order dismissing the collections suit includes findings that the defendant's complaint failed to state a claim upon which relief could be granted.

> 2. The Plaintiffs complaint *failed to plead facts supporting the basic contract elements of offer, acceptance, and consideration* which are necessary to establish a claim for breach of contract.
>
> 3. The Plaintiffs complaint *failed to plead facts identifying the nature of the services* and whether those services were necessary expenses of the family or education of the children which are necessary to establish a claim for spousal liability under W.S. §20-1-201.

---

[2] See CPI's "… Memorandum of Law in Support of their Motion for Judgment on the Pleadings" (ECF 30, p. 9 of 13) ("Here, Plaintiff's FDCPA claims are based upon the lawsuit filed by or on behalf of the Defendants', which are petitioning activities that are *absolutely protected* from statutory impingement by the First Amendment. As such, Defendants are immunized from claims based upon its petitioning activity ….)(emphasis added).

[3] B&G argue that there is no evidence that the merits of their complaint constituted a sham petition. See "Memorandum of Law in Support of Motion for Judgment on the Pleadings …" (ECF 28, p. 7 of 10) ("there are no allegations that the lawsuit filed in State court against McGrady was a sham petition").

[*ECF 1, Exhibit 2, "Order Dismissing Case."*] (Emphasis added).  The collections complaint was fundamentally deficient and therefor objectively baseless. Improper subjective intent can be reasonably be inferred from the facts as well.  Taken as true of the purpose of the motions to dismiss the complaint avers the intentions of the defendants was to maximize profits.  It is apparent that insufficient time was spent verifying the legitimacy of the debt before suit was filed.  The defendants did not seek to legitimately use the judicial system to legitimize their claims.  They sought to abuse it by filing unverified and unsupported claims to take advantage of compulsory collection tactics available only to judicial authority (a.k.a. garnishment and execution).

Under the sham test we first apply the objective standard for determining the reasonableness of the defective summons.  This summons contained various deficiencies under applicable procedural requirements. First it failed to disclose where to file an answer. Wyo. R. Civ. Pro. Cir. Ct. 3.1(b)(2) ("The summons shall contain the name and address of the court...").

B&G argues that such an omission of compelled speech is not false, deceptive, or misleading because other courts have no such requirement.  This argument ignores the policies of fairness behind the FDCPA and the rules governing Wyoming Circuit Courts.  "It is the purpose of [the FDCPA] to eliminate abusive debt collection practices..." 15 U.S.C. Sec. 1692. "The purpose of these rules is to provide maximum access to the Wyoming circuit courts in civil actions; to enhance the provision of just, speedy, and inexpensive determination of civil actions; …. These simplified rules should be construed and administered to secure the advantages of simplified procedure as provided herein." Wyo. R. Speci. Cir. Ct. 1.  Requiring the summons to contain the address of the Wyoming Circuit Court is not arbitrary, as implied by B&G, but designed to assist the lay person with meaningful access to the court and participate in the litigation. The court can reasonably infer from the complaint that the defendants were aware of the potential increase in

contested litigation by pro se consumers because of the increased notice requirements for a summons and intentionally omitted that information to suppress consumer access to the courts and reduce collection costs. [*ECF 1, p.2 of 14, ¶1*].

Turning to the omitted attorney address from the complaint B&G contends such an intentional omission, contrary to the applicable court rule (including all other Wyoming and federal rules of civil procedure), was somehow excused because of its inclusion in the complaint. This argument was rejected by the Arkansas Court of Appeals when the attorney's name and address were omitted from the summons.

> The Carters cannot avoid that result by making the same failed argument as in Dobbs, claiming that the summons and the complaint "should be considered one document" so that the complaint supplements and, in effect, rehabilitates the deficient summons. As we held in Dobbs, Rule 4 does not permit supplementation of a deficient summons by incorporating the missing information "from somewhere else." The information required by the version of Rule 4 that was in effect at the time must have appeared on the face of the summons; the Carters failed to comply with that standard. Their failure to comply with Rule 4's requirements made the summons defective, and that defect mandated dismissal.

*Carter v. Livingston*, 2021 Ark. App. 363, 635 S.W.3d 351 at 356 (Ark. App. 2021); see also *Dobbs v. Discover Bank*, 2012 Ark. App. 678, 425 S.W.3d 50 (Ark. App. 2012) (a summons missing the attorney's address is defective). Although the Wyoming Supreme Court has not ruled on this exact issue the holdings in Carter and Dobbs are consistent with Wyoming precedence. *Apodaca v. Safeway, Inc.*, 346 P.3d 21 at 24 (Wyo. 2015) ("… blatant disregard of our rules of procedure cannot and will not be condoned...").

Furthermore, the defendants' intentional omission of required language to advise Mr. McGrady of the impending notice of filing stands in direct opposition to the Wyoming Supreme Courts condemnation of the blatant disregard of the applicable rules of procedure. Wyo. R. Civ. Pro. 3.1(a)(2)(ii) (the summons must state "that plaintiff will mail a notice of filing to the defendant

upon filing the summons, complaint and proof of service."). Allowances for service of process before filing with the court is uncommon and the court can logically conclude increased potential for confusion. Affirmatively disclosing that additional information about the filing of the suit will follow would logically alleviate such confusion.

A summons issued in the Wyoming Circuit Courts "shall notify the defendant that in case of failure to [defend], judgment by default may be rendered against the defendant." Wyo. R. Speci. Cir. Ct. 3.1.[4] All defendants addressed this false statement in their motions to dismiss. The B&G defendants contend the untruthful statement was not false, deceptive, or misleading and cite two cases for support. The CPI defendants minimalize to statement by comparison to the federal civil rules. The different rules are not analogous. Wyoming trial courts (Circuit and District) require "may" because "will" falsely interprets Wyoming law. *MROP v. Design-Build-Manage, Inc.*, 2002 WY 67, 45 P.3d 647 at 656 (a complaint's bald assertion of total damages is not sufficient for entry of default judgment without supporting evidence.); *Midway Oil Corp. v Guess*, 714 P.2d 339 (Wyo. 1986) (Holding that if the amount of damages are not liquidated, a court's discretion to determine damages does not exist without evidentiary support). Under Wyoming law entry of a default judgment is not automatic upon default and "may" be denied.

Although not addressed in the defendants' motions to dismiss the collections summons contains a statement that can only be false. The collections summons states: "If you fail to [answer], judgment by default will be taken against you." Taken as a whole, the opposite is true; a default judgment cannot be entered. Wyoming Circuit Courts are deprived of jurisdiction if the

---

[4] The Wyoming Rules of Civil Procedure applicable to District Courts have similar language. "A summons must: … notify the defendant that a failure to appear and defend *may* result in a default judgment against the defendant for the relief demanded in the complaint…" Wyo. R. Prac. & P. 4 Summons (Wyoming Rules of Practice and Procedure, Generally (2022 Edition)) (emphasis added).

summons, complaint, and proof of their service are not filed with the court within fourteen (14) days of service.

> If the complaint, summons and proof of service are not filed within fourteen days of service, the action commenced shall be deemed dismissed and the court shall have no further jurisdiction thereof. … The fourteen-day filing requirement may not be waived by a defendant and shall not be deemed waived upon the filing of an answer or motion to the complaint.

Wyo. R. Speci. Cir. Ct. 3.1.  The defective summons did not meet the content requirements to qualify as a summons under Wyo. R. Speci. Cir. Ct. 3.1 and it follows that the defective summons did not meet the filing requirements denying the court jurisdiction and precluding the entry of a default judgment. See also *Tarter v. Tarter*, 466 P.3d 829 at 832 (Wyo. 2020) ("Strict compliance with the requirements of service of process is mandatory. Any omissions of statements that are required under W.R.C.P. 4 are fatal and such omission prevents the trial court from obtaining jurisdiction of the defendant." (quoting *Hoke v. Motel 6 Jackson & Accor N. Am., Inc.*, 2006 WY 38, ¶ 7, 131 P.3d 369, 374 (Wyo. 2006)).

Any one of the defects in the summons used by the defendants disqualifies the document as legal process under Wyoming law and therefore its repeated use to collect debts is objectively baseless.  Especially when added together on the same document, repetitively used, and its continued use after receiving a court order finding it radically defective (which is true for the purposes of this case under the theory of res judicata) could not be reasonable under any objective standard.

McGrady's complaint shows the defective summons was "used in thousands of collection cases" [*ECF 1, p.2 of 14, ¶1*] with intent "to use the legally deficient Summonses as a tactic to reduce their costs and expenses of litigation by maliciously impeding consumers from defending

collection suits and thereby increasing default judgments." [*ECF 1, p.8 of 14, ¶46*].[5] A reasonable juror could conclude the defendants intended use of the defective summons was subjectively unconscionable and deceptive and should not qualify for First Amendment immunity.

## IV.    B&G's FAILURE TO STATE A CLAIM

The B&G defendants appear to assert a defense of failure to state a claim upon which relief can be granted. Mr. McGrady's claims are all grounded in the FDCPA. In the Tenth Circuit, to "To prevail on a FDCPA claim, a plaintiff must prove four elements: (1) the plaintiff is a "consumer" under id. § 1692a(3); (2) the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant is a debt collector under id. § 1692a(6); and (4) through its acts or omissions, the defendant violated the FDCPA." *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062 at 1069 (10th Cir. August 2022). Elements (1), (2), and (3) were not contested in either motion to dismiss, reserving their challenge to number (4) "through its acts or omissions, the defendant violated the FDCPA." Id.

Mr. McGrady's complaint focuses on the material defects contained in the summons used by the defendants in their Wyoming Circuit Court collections suits and points to eleven (11) violations of three (3) separate FDCPA sections: §1692d, Harassment or abuse; §1692e, False or misleading representations; and §1692f, Unfair practices.

Violations of §1692e require a finding that the contested conduct was "materially false, deceptive, or misleading" under the "reasonable consumer standard:[6]

---

[5] The use of the work "maliciously" does qualify as conclusory but removed from the sentence the context would remain the same.

[6] The complaint identifies the standard as the "least sophisticated debtor" because it was written before the Tenth Circuit Court's decision identifying the "reasonable consumer" as the proper analytical standard.

> In viewing representations from the perspective of the reasonable consumer, we assume the reasonable consumer would *read a communication in its entirety* and make sense of a communication by *assessing it as a whole and in its context*. The inquiry is whether the reasonable consumer could *reasonably interpret the representation to have multiple meanings*, *one of which is untrue*. If a reasonable consumer would come to only one interpretation, which is accurate, then the representation is not misleading. On the other hand, if a reasonable consumer could understand a representation as misleading, materiality is then assessed by asking *whether the reasonable consumer would have his ability to intelligently respond frustrated*.

*Tavernaro v. Pioneer Credit Recovery, Inc.,* 43 F.4th 1062 at 1079 (10th Cir. August 2022).

According to *Tavernaro* the defective summons should be analyzed under a wholistic approach. Id. Mr. McGrady's summons contained omissions and false statements that change the legality of the document and its significance materially frustrating Mr. McGrady's rights. Mr. McGrady's claim is also distinguishable from *Lopez v. 4M Collections*, LLC, No. 2:18-CV-00079-SAB, (E.D. Wash. May 24, 2018) as cited by B&G.  In Lopez the Washington District Court determined that a statement in a summons that may lead the reader to conclude he must file and serve a response to avoid a non-notice default judgment was eliminated when read in conjunction with the following sentence clarifying that serving a "notice of appearance" entitles the reader to "notice before a default judgment may be entered."   Mr. McGrady's summons contained no rehabilitating language.

For the same reasons stated infra that the defective summons was objectively baseless under the sham test, it qualifies as materially false, deceptive, or misleading under the "reasonable consumer" test.

/

/

/

**V.      CPI AND NO PRIVATE RIGHT OF ACTION UNDER PROCEDURAL RULES**

The CPI defendants assert "there is not a private right of action for a violation of the civil procedure rules."  This argument is perplexing because very rule broken by the defendants with their defective summons contains a private right of action.

> If the complaint, summons and proof of service are not filed within fourteen days of service, the action commenced shall be deemed dismissed and the court shall have no further jurisdiction thereof. In such case the court may, in its discretion, tax a reasonable sum in favor of the defendant to compensate the defendant for expense and inconvenience, including attorney's fees, to be paid by plaintiff or plaintiff's attorney.

Wyo. R. Civ. P. for Cir. C. 3.1(a)(2).  Even if the procedural rules did not contain a private right of action, this has no effect on an FDCPA claim.

> Defendant contends that Plaintiffs are legally prohibited from transforming a purported violation of the UCAA into a private right of action under the FDCPA. However, that is not what Plaintiffs are attempting to do. Plaintiffs have alleged UCAA violations to establish a required element of an FDCPA claim. The court finds that this is permissible here.

*Chamberlain v. Crown Asset Mgmt.*, No. 1:21-CV-00146-DAK (D. Utah, Aug. 2022).

**VI.     CPI VIOLATION OF PROCEDURAL RULES NOT VIOLATION OF FDCPA**

The CPI defendants' assert "a violation of a procedural [sic] has never been used as the basis for any liability, much less FDCPA liability."  This position is unsupported.  The Sixth Circuit Court of Appeals addressed this issue:

> *Great Seneca* and *Javitch* finally assert that this application of the FDCPA violates the Commerce Clause because it would involve the interference of the federal government with state rules of civil procedure. This argument is misdirected. Holding Great Seneca and *Javitch* liable under the FDCPA has no effect on Ohio state law. Instead, it punishes *Great Seneca* and *Javitch* for acting in a misleading and deceptive manner while using the Ohio court system. Ohio law is implicated in making this determination, but Ohio law is not altered by the federal prohibition on false, deceptive, or misleading debt collection.

*Hartman v. Great Seneca Financial Corp.*, 569 F.3d 606 at 617 (6th Cir. 2009).

## VII. CONCLUSION

CPI and B&G intentionally abused the judicial system and Mr. McGrady as well as thousands of other consumers who were materially impeded from defending their rights in court because of the unconscionable omissions and false statement contained in their summons. Denying Petition Clause immunity for their abuses of the rules of civil procedure satisfies the purpose of the sham exception to prevent debt collectors from using "the courts to harass enemies with impunity." *CSMN Invs., LLC v. Cordillera Metro. Dist*., 956 F.3d 1276 at 1283 (10th Cir. 2020).

DATED this 16th day of September 2022.

**YELLOWSTONE LAW GROUP LLC**

/s/ BRET T. ALLRED
Bret T. Allred
Attorney for plaintiff.