Scott E. Ortiz   WSB 5-2550
Thomas W. Rumpke WSB 6-2974
WILLIAMS PORTER DAY & NEVILLE  PC
PO Box 10700
Casper  WY 82604
Phone: 307-265-0700
Fax:    307-266-
Email:  sortiz@wpdn.net
        trumpke@wpdn.net
*Attorneys for Defendants Barney & Graham, LLC*
*And Weston T. Graham*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| KENNETH McGRADY, individually, and on behalf of all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 22-CV-100 |
| COLLECTION PROFESSIONALS, INC., a Wyoming corporation, BARNEY & GRAHAM, LLC, WESTON T. GRAHAM, CHRISTOPHER COCCIMIGLIO, and DAVID C. COCCIMIGLIO, | ) ) ) ) ) | |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)

**COME NOW** Defendants Barney & Graham, LLC and Weston T. Graham (collectively "B&G"), by and through undersigned counsel, and hereby submit the following Reply Memorandum of Law in Support of their Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

**(A)    Petition Clause Immunity Extends to All Objectively Reasonable Lawsuits Not Just Lawsuits That Are Successful On the Merits**

Plaintiff claims that "[t]he [State court] collections complaint was fundamentally deficient and therefore objectively baseless" because the State court dismissed the underlying complaint. [ECF No. 32 at 8-9). The United States Supreme Court has rejected this argument. *BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 532, 122 S. Ct. 2390, 2399, 153 L. Ed. 2d 499 (2002). In *BE & K,* the Supreme Court concluded that "the genuineness of a grievance does not turn on whether it succeeds. Indeed, this is reflected by our prior cases which have protected petitioning whenever it is genuine, not simply when it triumphs." *Id.* In analogizing baseless lawsuit to false statements, the Supreme Court concluded that "the fact that it loses does not mean it is false. At most it means the plaintiff did not meet its burden of proving its truth." *Id*. at 532-533; *see also CSMN Invs., LLC v. Cordillera Metro. Dist.*, 956 F.3d 1276, 1284 (10th Cir. 2020) (rejecting the argument that "Petition Clause immunity is improper for objectively reasonable lawsuits that are unsuccessful and filed with the subjective purpose of interfering with legally-protected rights or imposing litigation costs regardless of the outcome") (internal quotation marks omitted).[1]

Instead, to be excepted from Petition Clause immunity, a lawsuit must be "so baseless that no reasonable litigant could realistically expect to secure favorable relief." *CSMN*, 956 F.3d at 1287 (quotation marks omitted). As the Supreme Court has noted, "the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a

---

[1]    *Compare* to Plaintiff's response characterizing B&G's argument as promoting "the position that if the merits of the complaint are not a sham [sic] immunity extends to all incidental activity despite being objectively baseless with improper subjective intent" [ECF No. 32 at 8]

favorable outcome, the suit is immunized[.]" *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60, 113 S. Ct. 1920, 1928, 123 L. Ed. 2d 611 (1993).

Thus, the fact that the State circuit judge dismissed the collection complaint does not mean the lawsuit was baseless. At worst it means the plaintiff failed to properly plead its case. A lawsuit does not become a sham and is not transferred into an "objectively baseless" claim because of a defective summons or because the plaintiff filed a poorly drafted complaint. There are no allegations that the underlying lawsuit was baseless. There are no allegations that the underlying State court complaint contained a claim against Plaintiff that was not supported by the facts. The underlying reality is that Plaintiff owed the debt complained of in State court. Therefore, with no further allegations, Plaintiff's First Amended Complaint must be dismissed.

**(B)    Plaintiff Has Not Alleged that B&G's
State Court Complaint That Violated the FDCPA**

As the Plaintiff argues that the "First Amendment does not confer a right upon debt collectors to petition courts *in a manner that violates the FDCPA*." [ECF No. 32 at 8 (quoting *Nyberg v. Portfolio Recovery Assocs., LLC*, No. 3:15-CV-01175-PK, 2016 WL 3176585, at *8 (D. Ore. June 2, 2016) (emphasis added)]. Unfortunately for Plaintiff, he does not allege that B&G petitioned the courts "in a manner that violated the FDCPA."

Instead, Plaintiff alleges the B&G petitioned the courts in a way that arguably violated the Wyoming circuit rules by using a defective summons. Plaintiff does not (and cannot) allege that the FDCPA required that the summons contain the court's address. He does not (and cannot) allege that the FDCPA required the summons to include the attorney's address. He does not (and cannot allege) that the FDCPA required a notice regarding pre-filing. Those are matters required by the Wyoming circuit court rules, not the FDCPA.

Therefore, Plaintiff's reliance on cases like *Hartman v. Seneca Financial Corporation*, is misplaced. In *Hartman*, the Sixth Circuit found that there was an issue of fact as to whether or not the account attached to the state court complaint as "Exhibit A" was true or false. *Hartman* 569 F.3d 606, 616 (6th Cir. 2009). Asserting a false account in a state court action *would* violate the FDCPA. Here there are no factual allegations that anything in the underlying State court complaint was false that would make Plaintiff claims before this Court plausible. Instead, Plaintiff only alleges omissions from the summons required by the circuit court rules, not any violation of the FDCPA.

The only affirmative allegation is that the summons said that judgment "will" be taken, as opposed to "may" be taken against the Plaintiff. That statement is not false. That is what happens when a party fails to answer. Plaintiff argues that "'will' falsely interprets Wyoming law." [ECF No. 32 at 11].

The Wyoming Rules of Civil Procedure say a default "may" be taken against a divorce defendant for failing to answer, but the form summons issued by the Wyoming Supreme Court says judgment by default "will" be taken against the defaulted defendant. However, a default cannot be entered in a divorce without proof. *See Klapprott v. United States*, 335 U.S. 601, 611–12, 69 S. Ct. 384, 389, 93 L. Ed. 266 (1949) ("Even decrees of divorce or default judgments for money damages where there is any uncertainty as to the amount must ordinarily be supported by actual proof").

Likewise, the Federal Rules of Civil Procedure state that judgment "will" be taken against a defaulted defendant. Fed. R. Civ. P. 4(a)(1)(E). This Court's form summons says that judgment by default "will" be taken against the defaulted defendant. However, Federal case law (just like Wyoming case law cited by Plaintiff), requires actual proof of damages unless the damages are

liquidated. *Compare Villanueva v. Acct. Discovery Sys.*, LLC, 77 F. Supp. 3d 1058, 1075 (D. Colo. 2015) (in an FDCPA case (Federal question jurisdiction) in denying amount prayed for in the default judgment pleadings the district court noted that "default judgment cannot be entered until the amount of damages has been ascertained. A default judgment for money damages must be supported by proof") *with* [ECF No. 32 at 11 (*citing Midway Oil Corp. v. Guess*, 714 P.2d 339, 345 (Wyo. 1986) ("Wyoming law is in accord with general law as well established that a hearing is required or evidence necessitated for determination of damages that are not liquidated in some fashion sufficient for mathematical computation")].[2]

Surely this Court would not conclude that a State district court summons issued in conformity with the Wyoming Supreme Court's website was false. Likewise, this Court would not conclude that the Federal summons is intentionally false when it says "will," but Federal case law expressly holds a money judgment requires proof. Thus, it is obvious that the use of the word "will" rather than "may" is not an intentionally false or misleading statement that makes the summons violate the FDCPA.

**(C)    Because of Petition Clause Immunity, B&G Can Only Be Sued
For Filing A Baseless Claim in State Court, Not for Using
<u>a Purportedly Defective Summons to Initiate a Lawsuit</u>**

Plaintiff claims that B&G are seeking to expand *CMSN* "beyond immunizing petitioning activity to all incidental activity if the merits of the petition are objectively reasonable." [ECF No. 32 at 5]. According to the Plaintiff, this Court should "[f]ocus[ ] the sham test on the disputed incidental activity [the summons] to determine [if] immunity fulfills its purpose to prevent chilling of the right to petition." [ECF No. 32 at 5]. Plaintiff's argument fails for three reasons.

---

[2]   The alias summons issued in *Midway* actually said that "If you fail to do so, judgment by default ***will*** be taken against you." *Midway Oil Corp.*, 714 P.2d at 345 (emphasis added).

First, there is no legal support for the notion that this Court should only focus on whether the summons was "objectively reasonable" rather than looking to see whether the underlying lawsuit was objectively reasonable for purposes of Petition Clause immunity. Such an inquiry demonstrates why Plaintiff's complaint should be dismissed. Under Plaintiff's proposal, a completely meritorious lawsuit would subject a debt collector to liability under the FDCPA if they filed a suit for $50,001 in a Wyoming circuit court or if they filed in the wrong county. That would be an absurd result. The otherwise meritorious lawsuit did not become baseless because it was filed in the wrong court.

Second, Petition Clause immunity already extends to some so-called "incidental activity." *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934–35 (9th Cir. 2006) *(quoting Columbia \*935 Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1528–29 (9th Cir.1991) ("PRE I"), *aff'd* 508 U.S. 49 ("Consistent with the breathing space principle . . ., not only petitions sent directly to the court in the course of litigation, but also conduct incidental to the prosecution of the suit" is protected by the *Noerr–Pennington* doctrine") (internal quotation marks and citations omitted).[3]

Finally, the issuance of a summons (defective or not) is not "incidental activity" like sending demand letters in *Sosa*. In this case, Plaintiff challenges that very initiation of the State court lawsuit – the summons. Nothing in the cases cited by the Plaintiff stand for the proposition

---

[3]  *Sosa* involved a lawsuit filed under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *Sosa*, 437 F.3d at 926. B&G could not find a Ninth Circuit case applying Petition Clause immunity to the FDCPA. However, the principal that Congress cannot abrogate a constitutional right to petition the courts, except in the case of "sham" or "objectively baseless" petitions should apply to any statute, including the FDCPA, regardless of the statute's purpose. *See Sosa*, 437 F.3d at 931 ("the *Noerr–Pennington* doctrine stands for a generic rule of statutory construction, applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause").

that a defective summons eliminates Petition Clause immunity for one specific class of citizens,

namely debt collectors.

### (D)    B&G Does Not Have to Show a Chilling Effect on Its Activities

Plaintiff claims the "*Holmes,* like its sister case, *Reyes,* decided laws that chilled the debt

collectors' rights to petition." [*Id.*].  Plaintiff characterizes both *Holmes* and *Reyes* as "holding

that the FDCPA's prohibition on filing complaints without a collections license chills the right to

petition." [*Id.*].  The word "chill" or "chilled" does not appear in either the *Holmes* or the *Reyes*

decision because a law that would allow someone to be sued for petitioning the courts in an

objectively reasonable manner impermissibly infringes on a constitutional right regardless of

whether it "chills" the defendant was otherwise exercising its rights.

The United States Supreme Court has said that the right to petition the courts as one of the

most precious liberties guaranteed by the Bill of Rights.  *BE & K Constr. Co.*, 536 U.S. at 524.

Thus, *Holmes* and *Reyes* are based upon the pedestrian principal that neither a State nor Congress

can burden a citizen's right to petition the courts, except for barring objectively baseless petition,

even if the citizen is a "debt collector" under the FDCPA.

### CONCLUSION

For the foregoing reasons, as well the authorities cited in its opening Memorandum of Law,

B&G cannot be held liable for violating the FDCPA for exercising their clients' rights to access

the courts.

DATED this 23rd day of September, 2022.

> BARNEY & GRAHAM, LLC., and
> WESTON T. GRAHAM, Defendants
>
>  /s/   **THOMAS W. RUMPKE**
> **SCOTT E. ORTIZ    WSB 5-2550**
> **THOMAS W. RUMPKE WSB 6-2974**
> WILLIAMS PORTER DAY & NEVILLE  PC

PO Box 10700
Casper  WY 82601

Attorneys For Barney & Graham, LLC
and Weston T. Graham

## CERTIFICATE OF SERVICE

I hereby certify, on the 23rd day of September, 2022, I served the foregoing Memorandum of Law via the court's electronic service, addressed to:

Bret T. Allred
YELLOWSTONE LAW GROUP LLC
117 North Bent Street    Suite C
Powell  WY 307-271-1034
bret@yellowstonelawgroup.com

Christopher R. Jones, 7-4837
GORDON & REES LLP
555 Seventeenth Street, Ste. 3400
Denver, CO 80202
crjones@grsm.com

/s/   THOMAS W. RUMPKE
THOMAS W. RUMPKE     WSB 6-2974