Mr. Bret T. Allred, Esq.
Wyo. Bar No.: 6-3835
**YELLOWSTONE LAW GROUP LLC**
117 N. Bent Street, Ste C
Powell, WY  82435
Phone: (307) 271-1034
Email: bret@YellowstoneLawGroup.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| KENNETH MCGRADY, Individually, and On Behalf of All Other Similarly Situated,<br>*Plaintiff,*<br><br>-vs-<br><br>COLLECTION PROFESSIONALS, INC., a Wyoming corporation,<br><br>**BARNEY & GRAHAM, LLC,**<br><br>WESTON T. GRAHAM,<br><br>CHRISTOPHER COCCIMIGLIO, and<br><br>DAVID C. COCCIMIGLIO,<br>*Defendants.* | Case Number: 22-cv-100<br><br><br><br><br><br><u>**MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**</u> |

The Consumer brings this case as a class action against the Defendants, Collection Professionals, Inc. ("**CPI**"), Barney & Graham, LLC ("**B&G**"), Weston T. Graham, Christopher Coccimiglio, and David Coccimiglio (referred to jointly as the "**Defendants**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C, § 1692 et seq. (hereinafter "**FDCPA**").

**I.    CLAIMS**

In his Class Action Complaint, the Consumer alleges that the Defendants intentionally and persistently used defective summonses filed, or intended to be filed, in Wyoming circuit courts in collection of consumer debts.  The form summonses used by the Defendants allegedly failed to

comport to the legal requirements identified in Wyo. R. Civ. Pro. Cir. Ct. 3.1 in that the summons: (1) omitted the court's address to which a responsive pleading could be filed; omitted the street address for the plaintiff's attorney where a responsive pleading could be served; (3) failed to inform Consumer that a notice of filing would be served once the summons, complaint, and proof of service are filed with the court; and (4) falsely stated that a failure to timely defend in the action "will" result in the entry of a default instead of "may" result in the entry of default as stated in the rule. See id.

The Consumer argues that the Defendants' use of the defective summons to hinder, deter, and frustrate his ability to defend against the litigation was abusive, oppressive, unfair, and unconscionable in violation of 15 U.S.C. § 1692d ["A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."], and 15 U.S.C. Sec. 1692f ["A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."]. Furthermore, because the summons was allegedly unlawful, its use in the collection of an alleged consume debt against Consumer violated 15 U.S.C. Sec. 1692f(1) ["The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."]

## II.   STANDARD FOR CLASS CERTIFICATION

For a class to be certified, all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245,138 L.Ed.2d 689 (1997); *Trevizo v. Adams*, 455 F.3d 1155, 1161–62 (10th Cir.2006); "We recognize that, when deciding a motion for class certification, the district court should accept

the allegations contained in the complaint as true..." *JB a child v. Valdez*, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999.

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§ 1692k(a) and (b) for FDCPA class action cases. "Class actions are generally appropriate where standardized documents are at issue." *Abels v. JBC Legal Group, P.C.,* 227 F.R.D. 541, 543 (N.D. Cal. 2005).  In deciding whether certification is appropriate, doubts should be resolved in favor of certification. See *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir.1968) ("if there is error to be made, let it be in favor and not against the maintenance of a class action.")

### III. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

#### a. Rule 23(a)(1) – Numerosity

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." *Trevizo*, 455 F.3d at 1162 (internal quotation omitted). There is "no set formula to determine if the class is so numerous that it should be so certified." *Rex v. Owens ex rel. State of Okla*., 585 F.2d 432, 436 (10th Cir.1978).  However, "impracticability does not mean impossibility." *Harris v. Palm Springs Alpine Estates, Inc*., 329 F.2d 909, 913 (9th Cir. 1964); see also *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). "When the class is large, numbers alone are dispositive…" *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986).

Here, the class is so numerous that joinder of all members is impractical. The class definition includes those individual consumers who received the defective summons within a one-year span.  In written discovery, the Consumer requested that CPI:

> State the number of persons from whom you collected or attempted to collect debt who were named as a defendant or co-defendant on one or more Circuit Summonses which were written, crafted, merged, drafted, prepared, or otherwise created by you between May 3, 2021, to the present and **[(1)]** which failed to identify on its face the street address of your then attorney or law firm…. and the address for the court in which it was intended to be filed…. **[(2)]** which failed to disclose, inform, or otherwise state the information identified in W.R.C.P.C.C. 3.1(b)(3)(ii)…. and **[(3)]** which contained the sentence: 'If you fail to do so, judgment by default will be taken against you for relief demanded in the Complain.'

See CPI's Responses to Consumer's discovery requests, attached as Exhibit 2, Interrogatory Numbers 7, 8, 9, 10, and 11. CPI responded that "… after reasonable investigation, it had 1628 accounts open during the relevant time frame of May 3, 2021 to February 15, 2022, for which a lawsuit was filed and the relevant summons would have been used." Id.

Furthermore, B&G does not dispute the number of class members estimated by CPI as indicated by its responses to Consumer's discovery request:

> State the number of persons named as a defendant or co-defendant on one or more Circuit Summonses which were drafted, written, merged, reviewed, checked, edited, revised, commented on, marked, signed, conveyed, mailed, filed, and transferred by you between May 3, 2021, to the present and which failed to identify a street address for CPI's attorney(s) on its face.

See B&G's Responses to Consumer's discovery requests, attached as Exhibit 3, Interrogatory Numbers 7. B&G responded that "… Neither Mr. Graham nor B&G maintain a list of the cases referred by CPI to B&G…." Id. However, B&G did confirm that during the year preceding the filing of this case it was actively representing CPI. Consumer requested, in pertinent part:

>Identify all persons or entities that are or were involved in the drafting, writing, merging, reviewing, checking, editing, revising, commenting on, marking, signing, conveying, mailing, and transferring Circuit Summonses between May 3, 2021, to the present…

See id, Interrogatory Numbers 14. B&G responded that "… Before July 18, 22, primarily Gina Dickerson and secondarily Weston T. Graham of B&G reviewed the Circuit Summonses prepared by CPI. After July 18, 2022, Weston Graham continued to review Circuit Summonses…." Id.

There are clearly enough class members to support certification here with 1,628 people receiving a same or similar summons as the Consumer received as courts have certified classes of 40 people.

"Although the identity of individual class members need not be ascertained before class certification, the membership of the class must be ascertainable." *Manual For Complex Litigation (Fourth)* § 21,222 (2004). "An identifiable class exists if its members can be ascertained by reference to objective criteria." Id.

Here, CPI indicated in its response to limited discovery that the identity of the class members can be ascertained by examining its files, "… CPI further asserts that determining the exact date the lawsuit in these 1628 open accounts were filed requires an individual review of each file…."  See CPI's Responses to Consumer's discovery requests, attached as Exhibit 2, Interrogatory Numbers 7.  Each of those summonses has the consumer's name and address written thereon. Therefore, the class is easily ascertainable through CPI's records.

**b. Rule 23(a)(2) – Commonality**

Rule 23(a)(2) requires that there be a common question of law or fact. Common questions of fact may exist but the issue is whether a class action can "resolve an issue that is central to the

validity of each one of the claims in one stroke." See *Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011).

The overriding common question here is grounded in weather the FDCPA was violated by the Defendants' use of allegedly defective summons that failed to meet the requirements of Wyo. R. Civ. Pro. Cir. Ct. 3.1, and whether such conduct naturally lead to "oppress" and "abuse" (**15 U.S.C. Sec. 1692**d) the class members by use of "unfair or unconscionable means to collect or attempt to collect any debt" (**15 U.S.C. Sec. 1692e**) in a manner not "permitted by law" (**15 U.S.C. Sec. 1692f**).

CPI identified approximately 1,628 suits were initiated against account holders in which the form summonses containing the previously identified four alleged deficiencies were used. See Exhibit 2, Interrogatory Numbers 7, 8, 9, 10, and 11. The Consumer has met its burden to show shared issues of fact and law, as resolution of this claim would resolve whether the Defendants violated the FDCPA "in one stroke." See *Dukes*, 131 S.Ct. at 2551.

"To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter." *Gonzales v. Arrow Financial Services LLC*, 489 F.Supp.2d 1140, 1156 (S.D. Cal. 2007) (internal quotes omitted). In this case all class members received the similar or identical summons that contained language that did not conform with the requirements of Wyo. R. Civ. Pro. Cir. Ct. 3.1 resulting in alleged violations of 15 U.S.C. 1692d, 1692e, and 1692f from Defendants.

   c. **Rule 23(a)(3) – Typicality**

Rule 23(a)(3) requires the named plaintiff's claim be typical of the claims of the class:

> Typicality inquiry involves comparing the injury asserted in the claims raised by the named Consumers with those of the rest of the class. We do not insist that the named Consumers' injuries be identical with those of the other class members, only that the unnamed class members have injuries similar to those of the named Consumers and that the injuries result from the same, injurious course of conduct.

*Armstrong*, 275 F. 3d at 869 citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). In the instant case, each of the class members was delivered a summons with substantially similar language and all including the same language, which the Consumer claims violates the FDCPA. Here, typicality is inherent in the class definition, i.e., each of the class members were subject to the same summonses and violations of the FDCPA.

### d. Rule 23(a)(4) – Adequacy of Representation

Rule 23(a)(4) requires that the representative parties "fairly and adequately protect the interests of the class." In the Tenth Circuit, adequacy of representation depends on resolution of two questions: "'(1) do the named Consumers and their counsel have any conflicts of interest with other class members and (2) will the named Consumers and their counsel prosecute the action vigorously on behalf of the class?'" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-188 (10th Cir.2002) (internal citation omitted).

The Consumer understands his responsibilities as class representative. See Declaration of Kenneth McGrady in Support of Consumer's Motion for Class Certification, ¶¶ 2, 4, 5, 9. The Consumer has fulfilled his class representative duties for this case. Id. He is represented by experienced counsel whose qualifications are set forth in the Declaration of Bret T. Allred.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. The Consumer received the same allegedly defective summons as the 1,628 proposed class members. The Consumer and the class members seek statutory damages as the result of Defendants' alleged unlawful summonses. Given the identical nature of the claims between the Consumer and the class members, there is no potential for conflicting interests in this action. Because the Consumer's interests mirror those of the proposed class, there are no conflicts, and the Consumer can provide fair and adequate protection for the interests of the class.

Furthermore, the Consumer's counsel is experienced in prosecuting and defending FDCPA cases and has substantial experience in both Wyoming state and federal courts. Counsel intends to vigorously litigate on behalf of the class members. Class counsel does not foresee any conflicts of interest with the class members.

  e. **Rule 23(a)(5) – Common Questions of Law and Fact Predominate**

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. This criterion is normally satisfied when there is an essential, common factual link between all class members and the defendant for which the law provides a remedy. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996); In this case, the common operative fact is that all class members were subjected to Defendants' collection of alleged consumer debts by delivering substantially similar summonses, if not identical, with the same alleged deficient language that violates the FDCPA. The legal and factual issues arising from the Consumer's case are the same for each class member.

Because of the standardized nature of Defendants' conduct, common questions predominate. In *Abels*, the court stated in support of certifying the class:

> The common fact in this case is that the putative class members were subjected to Defendants' policy of sending collection letters, which are alleged to violate the FDCPA. Thus, the legal issues arising from Defendants' letters are the same for each class member.

*Abels*, 227 F.R.D. at 547. Like in *Abels*, the only individual issue is the identification of the consumers who were subjected to Defendants' practice of drafting, using, or delivering the summonses with the alleged procedural rule defects. It is clear that both the class' factual issues and the common issues of law predominate over any individual questions.

### f.  Rule 23(a)(6) – A Class Action is Superior to Other Available Methods to Resolve this Controversy

The court is required to determine the best available method for resolving the controversy and must "consider the interests of the individual members in controlling their own litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action." *Ballard v. Equifax Check Services, Inc.,* 186 F.R.D. 589, 600 (E.D.Cal. 1999). It is proper for a court, in deciding the "best" available method, to consider the "…inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc*., 503 F.2d 1161, 1165 (7th Cir. 1974).

Minimal damage claims are best decided in a class action:

> In this instance, the alternative methods of resolution are individual claims for a small amount of consequential damages or latch replacement... Thus, many claims could not be successfully asserted individually. Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs.

*Hanlon v. Chrysler Corp,* 150 F. 3d 1011, 1023. Also, "the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually." *Ballard*, 186 F.R.D. at 600 (citations omitted). A class action in this instance is by far the more efficient and consistent means to litigate this issue, as opposed to 1,628 individual cases concerning an allegedly defective form summons.

## IV.   CONCLUSION

The proposed class, which consists of 1,628 individuals receiving the same allegedly defective summonses, meets the requirements of Rule 23(a) as well as Rule 23(b)(3). The Consumer respectfully requests that the Court certify this action, appoint the Consumer as the class representative, and appoint the Consumer's attorney, Bret T. Allred, as class counsel.

DATED this 18th day of April 2023

                                                        **YELLOWSTONE LAW GROUP LLC**

                                                        <u>/s/ Bret T. Allred</u>
                                                        BRET T. ALLRED
                                                        Attorney for Plaintiff McGrady