**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| KENNETH MCGRADY, Individually, and On Behalf of All Other Similarly Situated, | |
| *Plaintiff,* | |
| -vs- | |
| **COLLECTION PROFESSIONALS, INC.,** a Wyoming corporation, | Case Number: 22-cv-100 |
| BARNEY & GRAHAM, LLC, | |
| WESTON T. GRAHAM, | |
| CHRISTOPHER COCCIMIGLIO, and | |
| DAVID C. COCCIMIGLIO, | |
| *Defendants.* | |

Defendant, Collection Professionals, Inc. ("CPI") by and through its attorneys, Gordon & Rees Scully Mansukhani, LLP, hereby submits the following Responses and Objections to Plaintiff, Kenneth McGrady's ("Plaintiff") Interrogatories addressed to CPI, stating as follows:

## PRELIMINARY STATEMENT

As to every request contained in Plaintiff's Interrogatories, Request for Production of Documents and Request for Admissions, CPI states the following:

1.     These responses are made pursuant to the Federal Rules of Civil Procedure and are based upon information presently known by CPI.  It is anticipated that further discovery, investigation, legal research and analysis will supply additional factual conclusions and legal contentions.  CPI reserves the right to rely on such additional discovery, investigation, legal research and analysis, and to make such additions, changes, and variations to these responses as warranted thereby.  These responses are made in a good faith effort to supply as much information

and specification as is presently known, but shall not prejudice CPI in relation to further discovery, research or analysis.

2.      Each response herein is subject to all objections on any grounds that would require exclusion of all or part of any statement herein as if such request was asked of, or statements contained herein were made by, a witness testifying at trial, all such objections being expressly reserved.

3.      CPI's identification of documents and/or providing information herein shall not be construed as an admission of CPI that any such document and/or information is either relevant or admissible for any purpose, including trial, in the above-referenced matter.

4.      No incidental or implied admissions are intended by the responses made herein. The fact that CPI has answered or objected to any Request is not an admission that CPI admits the existence of any "facts" set forth or assumed by such request.

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

### INTERROGATORY NO. 1:

For each individual person, officer, employee, agent, or other entity answering or providing any information used by you to answer any interrogatory, request for production of documents, or request for admission state the following:

(a) First, last, and middle legal name;
(b) All DBA, fake, or alias name(s) used by this person;
(c) Job title or capacity;
(d) Business address and telephone number;
(e) Home address and telephone number; and
(f) Age

ANSWER:

**The answers and objections were prepared with the assistance of its counsel, Gordon Rees Scully and Mansukhani. CPI states further that these interrogatories are executed Chris Coccimiglio who is the President, Director and Secretary of CPI and authorized to execute this document on behalf of CPI. Mr. Coccimiglio's business address is 1333 East 9400 South Suite 100 Sandy UT 84093. Chris can be contacted through undersigned counsel.**


## INTERROGATORY NO. 2:

Identify each document referred to or consulted by you in the preparation of your responses

to these interrogatories, requests for production of documents, and requests for admissions.

ANSWER:

**CPI objects to this interrogatory to the extent it seeks the identity of documents prepared by counsel during the pendency of this litigation, which is protected by attorney/client privilege and is attorney work product. Subject to and without waiving said objections, CPI referred to the following documents:**

1. **Plaintiff's Complaint;**
2. **CPI's answer to Plaintiff's Complaint;**
3. **The filings in the underlying collection action filed against Plaintiff, including the relevant summons.**
4. **CPI's communications to Plaintiff;**
5. **CPI's account notes;**
6. **CPI's insurance declaration page;**
7. **Document identifying the number of active Wyoming lawsuits pending during the relevant class period.**


## INTERROGATORY NO. 3:

Identify all persons known to you to have personal knowledge of any facts or issues involved

in this lawsuit, state the following:

(a) First, last, and middle legal name;
(b) All DBAs, fake, or alias name(s) used by this person;
(c) Job title or capacity;
(d) Business address and telephone number;
(e) Home address and telephone number; and
(f) Age.

ANSWER:

**CPI objects to this interrogatory as it is overbroad and would require the identification of individuals with only de minimis knowledge of the lawsuit. Subject to and without waiving said objections, CPI asserts that the following individuals would have personal knowledge of the issues and facts in this lawsuit:**

1. **CPI authorized representative;**
2. **Plaintiff;**
3. **Defendants Identified by Plaintiff in his class action complaint;**
4. **Putative class members.**

## INTERROGATORY NO. 4:

In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed, purchased, or otherwise assigned to CPI, identifying all documents relevant to, related to, or reflecting such referral, placement, purchase, or assignment.

ANSWER:

**CPI objects to this interrogatory because it is vague, overbroad, and irrelevant. CPI further objects to this Interrogatory because it seeks information that is not relevant to the defense or claim and not proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its benefit. Plaintiff's claim is based solely on the single allegation that the summons filed and served in the underlying collection actions violated Wyoming procedural rules and therefore the FDCPA.**

**Subject to and without waiving objections, Plaintiff received services from Yellowstone Sports Medicine, LLC ("Yellowstone"). Plaintiff failed to pay for the services rendered. As such, Yellowstone assigned the Plaintiff's file to CPI to attempt collection. When the Plaintiff's account was assigned, Yellowstone provided CPI with the account information, which is contained in the account notes. CPI began collection attempts. As it was unsuccessful in its pre-litigation attempts to collect the debt, Plaintiff's account was assigned to Barney & Graham for a potential lawsuit. Barney & Graham filed a lawsuit in an attempt to collect the Plaintiff's outstanding debt obligation.**

**INTERROGATORY NO. 5:**

In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the McGrady Summons and any templates used in its preparation were drafted, written, merged, reviewed, checked, edited, revised, commented on, marked, signed, conveyed, mailed, filed, and transferred by you, identifying all documents relevant to, related to, or reflecting such drafting, writing, merging, reviewing, checking, editing, revising, commenting on, marking, signing, conveying, mailing, and transferring.

ANSWER:

**CPI objects to this interrogatory because it is vague and overbroad.**

**Subject to and without waiving objections, CPI asserts it assigned Plaintiff's account to Barney & Graham for a potential lawsuit. Barney & Graham conducted an analysis and determined the case was appropriate for a lawsuit. CPI would provide the account information to its counsel. In addition, CPI would create a draft of the summons and complaint based upon an example previously approved by its counsel. CPI believes the form summons it used in Plaintiff's case was approved by CPI's prior counsel. These documents would then be sent to its counsel Barney & Graham for review and to determine whether the documents were legally sufficient and whether to move forward with the filing of the lawsuit.**

**INTERROGATORY NO. 6:**

Identify and describe all documents related to the purchase or assignment of any debt or alleged debt of Plaintiffs.

ANSWER:

**CPI objects to this interrogatory because it is vague, overbroad, and irrelevant. CPI further objects to this Interrogatory because it seeks information that is not relevant to the defense or claim and not proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its benefit. Plaintiff's claim is based solely on the single allegation that the summons filed and served in the underlying collection actions violated Wyoming procedural rules and therefore the FDCPA.**

**INTERROGATORY NO. 7:**

State the number of persons from whom you collected or attempted to collect debt who were named as a defendant or co-defendant on one or more Circuit Summonses written, crafted, merged, drafted, prepared, or otherwise created by you between May 3, 2021, to the present.

A̲N̲S̲W̲E̲R̲:

**CPI objects to this interrogatory because it is vague, overbroad, and for an irrelevant time period. CPI asserts that the summons at issue in this case was not used by CPI or its counsel since February 15, 2022.**

**Subject to and without waiving objections, CPI asserts that, after reasonable investigation, it had 1628 accounts open during the relevant time frame of May 3, 2021 to February 15, 2022, for which a lawsuit was filed. CPI further asserts that determining the exact date the lawsuit in these 1628 open accounts were filed requires an individual review of each file. CPI asserts that some of these 1628 accounts had lawsuits filed prior to May 3, 2021. CPI may update this number if can determine which if the 1628 accounts had a lawsuit filed prior to May 3, 2021.**

**INTERROGATORY NO. 8:**

State the number of persons from whom you collected or attempted to collect debt who were named as defendants or co-defendants on one or more Circuit Summonses which were written, crafted, merged, drafted, prepared, or otherwise created by you between May 3, 2021, to the present and which failed to identify on its face the street address of your then attorney or law firm.

A̲N̲S̲W̲E̲R̲:

**CPI objects to this interrogatory because it is vague, overbroad, and for an irrelevant time period. CPI asserts that the summons at issue in this case was not used by CPI or its counsel since February 15, 2022. CPI further objects to this interrogatory to the extent it asserts the summons used during the relevant time period violated the FDCPA.**

**Subject to and without waiving objections, CPI asserts that, after reasonable investigation, it had 1628 accounts open during the relevant time frame of May 3, 2021 to February 15, 2022, for which a lawsuit was filed and the relevant summons would have been used. CPI further asserts that determining the exact date the lawsuit in these 1628 open accounts were filed**

**requires an individual review of each file. CPI asserts that some of these 1628 accounts had lawsuits filed prior to May 3, 2021. CPI may update this number if can determine which if the 1628 accounts had a lawsuit filed prior to May 3, 2021.**

## INTERROGATORY NO. 9:

State the number of persons from whom you collected or attempted to collect debt who were named as defendants or co-defendants on one or more Circuit Summonses which were written, crafted, merged, drafted, prepared, or otherwise created by you between May 3, 2021, to the present and which failed to identify on its face the address for the court in which it was intended to be filed.

ANSWER:

**CPI objects to this interrogatory because it is vague, overbroad, and for an irrelevant time period.  CPI asserts that the summons at issue in this case was not used by CPI or its counsel since February 15, 2022. CPI further objects to this interrogatory to the extent it asserts the summons used during the relevant time period violated the FDCPA.**

**Subject to and without waiving objections, CPI asserts that, after reasonable investigation, it had 1628 accounts open during the relevant time frame of May 3, 2021 to February 15, 2022, for which a lawsuit was filed and the relevant summons would have been used. CPI further asserts that determining the exact date the lawsuit in these 1628 open accounts were filed requires an individual review of each file. CPI asserts that some of these 1628 accounts had lawsuits filed prior to May 3, 2021. CPI may update this number if can determine which if the 1628 accounts had a lawsuit filed prior to May 3, 2021.**

## INTERROGATORY NO. 10:

State the number of persons from whom you collected or attempted to collect debt who were named as defendants or co-defendants on one or more Circuit Summonses which were written, crafted, merged, drafted, prepared, or otherwise created by you between May 3, 2021, to the present and which failed to disclose, inform, or otherwise state the information identified in W.R.C.P.C.C. 3.1(b)(3)(ii).

ANSWER:

**CPI objects to this interrogatory because it is vague, overbroad, and for an irrelevant time period.  CPI asserts that the summons at issue in this case was not used by CPI or its counsel since February 15, 2022. CPI further objects to this interrogatory to the extent it asserts the summons used during the relevant time period violated W.R.C.P.C.C. 3.1(b)(3)(ii) or the FDCPA.**

**Subject to and without waiving objections, CPI asserts that, after reasonable investigation, it had 1628 accounts open during the relevant time frame of May 3, 2021 to February 15, 2022, for which a lawsuit was filed and the relevant summons would have been used. CPI further asserts that determining the exact date the lawsuit in these 1628 open accounts were filed requires an individual review of each file. CPI asserts that some of these 1628 accounts had lawsuits filed prior to May 3, 2021. CPI may update this number if can determine which if the 1628 accounts had a lawsuit filed prior to May 3, 2021.**

## INTERROGATORY NO. 11:

State the number of persons from whom you collected or attempted to collect debt who were named as defendants or co-defendants on one or more Circuit Summonses which were written, crafted, merged, drafted, prepared, or otherwise created by you between May 3, 2021, to the present and which contained the sentence: "If you fail to do so, judgment by default will be taken against you for relief demanded in the Complain."

ANSWER:

**CPI objects to this interrogatory because it is vague, overbroad, and for an irrelevant time period.  CPI asserts that the summons at issue in this case was not used by CPI or its counsel since February 15, 2022. CPI further objects to this interrogatory to the extent it asserts the summons used during the relevant time period violated W.R.C.P.C.C. 3.1(b)(3)(ii) or the FDCPA.**

**Subject to and without waiving objections, CPI asserts that, after reasonable investigation, it had 1628 accounts open during the relevant time frame of May 3, 2021 to February 15, 2022, for which a lawsuit was filed and the relevant summons would have been used. CPI further asserts that determining the exact date the lawsuit in these 1628 open accounts were filed requires an individual review of each file. CPI asserts that some of these 1628 accounts had lawsuits filed prior to May 3, 2021. CPI may update this number if can determine which if the 1628 accounts had a lawsuit filed prior to May 3, 2021.**

**INTERROGATORY NO. 12:**

Of the persons identified by you in your responses to Interrogatories 7, 8, 9, 10, and 11

separately state the number of those persons with Wyoming addresses:

      (a) Interrogatory 7:   No: _____
      (b) Interrogatory 8:   No: _____
      (c) Interrogatory 9:   No: _____
      (d) Interrogatory 10:  No: _____
      (e) Interrogatory 11:  No: _____

      ANSWER:

**CPI asserts that, after reasonable investigation, it had 1628 accounts open during the relevant time frame of May 3, 2021 to February 15, 2022 where the consumers' address at the time the lawsuit and summons was filed had a Wyoming address.**

**INTERROGATORY NO. 13:**

Of the persons identified by you in your responses to Interrogatories 7, 8, 9, 10, and 11

separately state the number of those persons who were served in Wyoming:

      (a) Interrogatory 7:   No: _____
      (b) Interrogatory 8:   No: _____
      (c) Interrogatory 9:   No: _____
      (d) Interrogatory 10:  No: _____
      (e) Interrogatory 11:  No: _____

      ANSWER:

**CPI asserts that, after reasonable investigation, it had 1628 accounts open during the relevant time frame of May 3, 2021 to February 15, 2022 where the consumers' address at the time the lawsuit and summons was filed had a Wyoming address. CPI believes that each of the 1628 consumers would have been served in Wyoming.**

**INTERROGATORY NO. 14:**

State the number of civil actions filed by you or on your behalf in Wyoming State courts

which included the filing of one or more Circuit Summonses written, crafted, merged, drafted,

prepared, or otherwise created by you between May 3, 2021 to the present.

ANSWER:

**CPI objects to this interrogatory because it is vague, overbroad, and for an irrelevant time period.  CPI asserts that the summons at issue in this case was not used by CPI or its counsel since February 15, 2022.**

**Subject to and without waiving objections, CPI asserts that, after reasonable investigation, it had 1628 accounts open during the relevant time frame of May 3, 2021 to February 15, 2022, for which a lawsuit was filed and the relevant summons would have been used. CPI further asserts that determining the exact date the lawsuit in these 1628 open accounts were filed requires an individual review of each file. CPI asserts that some of these 1628 accounts had lawsuits filed prior to May 3, 2021. CPI may update this number if can determine which if the 1628 accounts had a lawsuit filed prior to May 3, 2021.**

## INTERROGATORY NO. 15:

Identify all persons or entities that are or were involved in the process of ordering, merging, drafting, creating, preparing delivering, and sending Circuit Summonses between May 3, 2021 to the present.

      (a) First, last, and middle legal name;
      (b) All DBAs, fake, or alias name(s) used by this person or entity;
      (c) Job title or capacity;
      (d) Business address and telephone number;
      (e) Home address and telephone number; and
      (f) Age.

ANSWER:

**CPI asserts that it believes the form summons used in Plaintiff's case was approved by CPI's prior counsel. A CPI employee would insert the consumers' information into the summons. The summons would then be sent to its counsel Barney & Graham for review and to determine whether the documents were legally sufficient and whether to move forward with the filing of the lawsuit.**

## INTERROGATORY NO. 16:

State in detail the process you used in ordering, merging, drafting, creating, preparing delivering and sending Circuit Summonses between May 3, 2021 to the present.

10

<u>Answer</u>:

**CPI asserts that it believes the form summons used in Plaintiff's case was approved by CPI's prior counsel. A CPI employee would insert the consumers' information into the summons. The summons would then be sent to its counsel Barney & Graham for review and to determine whether the documents were legally sufficient and whether to move forward with the filing of the lawsuit.**

## INTERROGATORY NO. 17:

Did anything about the debt you were trying to collect from Plaintiff cause you to treat the collection of his debt differently than the debts of other persons?

<u>Answer</u>:

**CPI objects to this interrogatory because it is vague, overbroad, and irrelevant. CPI further objects to this Interrogatory because it seeks information that is not relevant to the defense or claim and not proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its benefit. Plaintiff's claim is based solely on the single allegation that the summons filed and served in the underlying collection actions violated Wyoming procedural rules and therefore the FDCPA.**

**Subject to and without waiving said objections, CPI asserts that each debt is different, each consumer is different and the pre-lawsuit collection activities engaged into by CPI differ from account to account. CPI further asserts that there is nothing specific about Plaintiff's account that required CPI to divert from its normal collection process.**

## INTERROGATORY NO. 18:

If there was anything about the debt you were trying to collect from Plaintiff that caused you to treat the collection of his debt differently than the debts or alleged debts of other persons, state what caused you to treat it differently.

<u>Answer</u>:

**CPI objects to this interrogatory because it is vague, overbroad, and irrelevant. CPI further objects to this Interrogatory because it seeks information that is not relevant to the defense or claim and not proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the**

**importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its benefit. Plaintiff's claim is based solely on the single allegation that the summons filed and served in the underlying collection actions violated Wyoming procedural rules and therefore the FDCPA.**

**Subject to and without waiving said objections, CPI asserts that each debt is different, each consumer is different and the pre-lawsuit collection activities engaged into by CPI differ from account to account. CPI further asserts that there is nothing specific about Plaintiff's account that required CPI to divert from its normal collection process.**

## INTERROGATORY NO. 19:

Identify in detail the complete factual basis for your claim of bona fide error including a description of each:

a. alleged error;
b. person who made the error;
c. person who supervised the person making the error;
d. policies and procedures in place that are reasonably designed to prevent such errors;
e. the number and circumstances of other similar errors in the two years previous to this alleged error;
f. the date you discovered the error(s); and
g. the results of any investigations you made into each alleged error.

ANSWER:

**CPI asserts, to the extent that the summons is determined to violate the FDCPA, CPI, by policy, relies on the legal expertise of its counsel to determine whether court filings and summons are properly and legally filed. CPI, when it became aware of the potential issue in regarding the summons filed in collection actions on or about February 2022 it immediately ensured that the summons was modified based upon the alleged deficiencies brought to its attention.**

## INTERROGATORY NO. 20:

Identify your current net worth as defined under general accounting principles and the method used to calculate this number.

ANSWER:

**CPI's Net Worth is $2,376,476.29 for year-end 2021. The Net worth is calculated by subtracting liabilities from assets on CPI's Balance Sheet.**

**INTERROGATORY NO. 21:**

Identify all documents and or individuals (including name, job title or capacity, business address, telephone number) relied on, related to, or consulted with to determine your current net worth as defined under general accounting principles.

A<small>NSWER</small>:

**CPI relied on the 2021 year-end balance sheet, which is being produced pursuant to discovery confidentiality order. The balance sheet was obtained from Chris Coccimiglio.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents identified in your response to all sets of Plaintiff's interrogatories, request for production of documents, and requests for admissions.

A<small>NSWER</small>:

**CPI is producing the following documents:**

1. **The filings in the underlying collection action filed against Plaintiff, including the relevant summons.**
2. **CPI's communications to Plaintiff;**
3. **CPI's account notes;**
4. **CPI's insurance declaration page.**

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents identified in your initial disclosures.

A<small>NSWER</small>:

**CPI is producing the following documents:**

1. **The filings in the underlying collection action filed against Plaintiff, including the relevant summons.**
2. **CPI's communications to Plaintiff;**
3. **CPI's account notes;**
4. **CPI's insurance declaration page.**

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents related to Plaintiff including account and/or collection

notes.

U̲N̲D̲E̲R̲ ANSWER:

**CPI is producing the following documents:**

1. **The filings in the underlying collection action filed against Plaintiff, including the relevant summons.**
2. **CPI's communications to Plaintiff;**
3. **CPI's account notes;**
4. **CPI's insurance declaration page.**

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents and/or letters mailed to or served upon Plaintiff.

ANSWER:

**CPI objects to this request because it is vague, overbroad, and irrelevant. CPI further objects to this Interrogatory because it seeks information that is not relevant to the defense or claim and not proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its benefit. Plaintiff's claim is based solely on the single allegation that the summons filed and served in the underlying collection actions violated Wyoming procedural rules and therefore the FDCPA.**

**Subject to and without waiving said objections, CPI will produce all letters sent to Plaintiff.**

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all Circuit Summonses that were drafted, written, merged, reviewed,

checked, edited, revised, commented on, marked, signed, conveyed, mailed, or transferred by

you.

ANSWER:

**CPI objects to this request because it is vague, overbroad, irrelevant and fails to define relevant time frame. CPI asserts that Plaintiff is already in possession of the summons that was served in the underlying collections actions. CPI will produce the summons served on Plaintiff, which is substantially similar to the summons issues in lawsuit filed in Wyoming from May 3, 2021 to February 15, 2022.**

## REQUEST FOR PRODUCTION NO. 6:

Please produce all documents relating to your procedures, policies and/or processes

relating to the Circuit Summonses.

ANSWER:

**CPI will produce its written policies and procedures related to the summons issued during relevant time period.**

## REQUEST FOR PRODUCTION NO. 7:

Please produce all documents relating to the number of persons against whom Circuit

Summonses were used by you to recover or attempt to recover a debt.

ANSWER:

**CPI objects to this request because it is vague, overbroad, and for an irrelevant time period. CPI asserts that the summons at issue in this case was not used by CPI or its counsel since February 15, 2022. CPI further objects to this request as it is premature and seeks personal information related to the putative class prior to the class being certified.**

**Subject to and without waiving objections, CPI asserts that, after reasonable investigation, it had 1628 accounts open during the relevant time frame of May 3, 2021 to February 15, 2022, for which a lawsuit was filed and the relevant summons would have been used. CPI further asserts that determining the exact date the lawsuit in these 1628 open accounts were filed requires an individual review of each file. CPI asserts that some of these 1628 accounts had lawsuits filed prior to May 3, 2021. CPI may update this number if can determine which if the 1628 accounts had a lawsuit filed prior to May 3, 2021.**

## REQUEST FOR PRODUCTION NO. 8:

Please produce all documents which show the name and last known address of each person within Wyoming against whom Circuit Summonses were used by you to recover or attempt to recover a debt.

ANSWER:

**CPI objects to this request because it is vague, overbroad, and for an irrelevant time period. CPI asserts that the summons at issue in this case was not used by CPI or its counsel since February 15, 2022. CPI further objects to this request as it is premature and seeks personal information related to the putative class prior to the class being certified.**

**Subject to and without waiving objections, CPI asserts that, after reasonable investigation, it had 1628 accounts open during the relevant time frame of May 3, 2021 to February 15, 2022, for which a lawsuit was filed and the relevant summons would have been used. CPI further asserts that determining the exact date the lawsuit in these 1628 open accounts were filed requires an individual review of each file. CPI asserts that some of these 1628 accounts had lawsuits filed prior to May 3, 2021. CPI may update this number if can determine which if the 1628 accounts had a lawsuit filed prior to May 3, 2021.**

## REQUEST FOR PRODUCTION NO. 9:

Please produce all documents relating to all entities that are involved in the process of creating, preparing, sending, mailing, and serving Circuit Summonses on your behalf.

ANSWER:

**CPI objects to this request because it is vague, overbroad, and fails to identify a relevant time period. Subject to and without waiving objections, CPI asserts that the Circuit Summons was prepared by its past counsel and there are no responsive documents.**

## REQUEST FOR PRODUCTION NO. 10:

Please produce all documents relating to the details about the workings of your process for creating, preparing, sending, mailing, and serving Circuit Summonses.

ANSWER:

**CPI objects to this request because it is vague, overbroad, and for an irrelevant time period. Subject to and without waiving objections, CPI asserts that the form Summons was prepared by its past counsel and is sent to its current counsel for finalizing, mailing and serving of the**

**Circuit Summons. As such, CPI asserts there are no responsive documents. CPI will produce its written policies and procedures related to the summons issued during relevant time period.**

## REQUEST FOR PRODUCTION NO. 11:

Please produce all documents relating to anything about the debt you were trying to

collect from Plaintiff that caused you to treat the collection of his debt differently than the debts

of other persons if you did so treat it differently.

ANSWER:

**CPI objects to this request because it is vague, overbroad, and for an irrelevant time period. Subject to and without waiving objections, CPI asserts there are no responsive documents.**

## REQUEST FOR PRODUCTION NO. 12:

Please produce all insurance policies which provide or may provide coverage to you for

Plaintiff's claims.

ANSWER:

**CPI will produce its insurance policy subject to the discovery confidentiality order.**

## REQUEST FOR PRODUCTION NO. 13:

Please produce all documents between you and Barney & Graham, LLC related to the

servicing or collection of Plaintiff's account.

ANSWER:

**CPI objects to this request to the extent is seeks attorney/client communication and or attorney work product. Subject to and without waiving objections, CPI will produce the court filings its counsel filed in the underlying collection action.**

## REQUEST FOR PRODUCTION NO. 14:

Please produce all documents related to your affirmative defense of Bona Fide Error.

ANSWER:

**CPI is produce all written policies related to the summons issued during relevant time period.**

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all documents relied on or related to determining your current net worth as defined under general accounting principles.

ANSWER:

**CPI will produce its year-end 2021 balance sheet.**

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all documents showing your current earnings, income, and assets.

ANSWER:

**CPI will produce its year-end 2021 balance sheet.**

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all documents showing your current expenses and/or liabilities.

ANSWER:

**CPI will produce its year-end 2021 balance sheet.**

**REQUEST FOR PRODUCTION NO. 18:**

Please produce your federal tax return filed for 2021.

ANSWER:

**CPI objects to this request because it is vague, overbroad, and irrelevant. CPI further objects to this Interrogatory because it seeks information that is not relevant to the defense or claim and not proportional to the needs of the case, considering the amount in**

**controversy, the importance of the issues at stake in the action, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its benefit. CPI's tax return has no bearing on determining a company's net worth. Under the GAAP principles, the net worth of the company is calculated by subtracting the balance sheet liabilities from the balance sheet assets.**
/

## REQUEST FOR PRODUCTION NO. 19:

Please produce your federal tax return filed for 2020.

A<small>NSWER</small>:

**CPI objects to this request because it is vague, overbroad, and irrelevant. CPI further objects to this Interrogatory because it seeks information that is not relevant to the defense or claim and not proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in the action, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its benefit. CPI's tax return has no bearing on determining a company's net worth. Under the GAAP principles, the net worth of the company is calculated by subtracting the balance sheet liabilities from the balance sheet assets. Further, the relevant net worth under the FDCPA is the net worth of CPI at the time liability attached. Therefore, CPI's 2020 financial information and tax return are irrelevant.**

## REQUESTS FOR ADMISSIONS

## REQUEST FOR ADMISSION NO. 1:

Admit that at all times while you attempted to collect a debt from the Plaintiff, the

Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

A<small>NSWER</small>:

**Objection. CPI objects to this request as it seeks a legal conclusion. By way of further answer, CPI admits that Plaintiff's debt is a medical debt and Plaintiff likely incurred this debt for personal, family or household purposes.**

## REQUEST FOR ADMISSION NO. 2:

Admit that at all times while you attempted to collect a debt from the Plaintiff, you were

a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

A<small>NSWER</small>:

**Objection. CPI objects to this request as it seeks a legal conclusion. By way of further answer, CPI admits that it was attempting to collect a medical debt obligation from Plaintiff.**

## REQUEST FOR ADMISSION NO. 3:

Admit that the debt you were attempting to collect from Plaintiff relating to the McGrady

Summons is a "consumer debt" as that term is defined by 15 U.S.C. §1692a(5).

A<small>NSWER</small>:

**Objection. CPI objects to this request as it seeks a legal conclusion. By way of further answer, CPI admits that Plaintiff's debt is a medical debt and Plaintiff likely incurred this debt for personal, family or household purposes.**

## REQUEST FOR ADMISSION NO. 4:

Admit that on or about November 21, 2021, you drafted, wrote, merged, reviewed,

checked, edited, revised, commented on, marked, signed, conveyed, mailed, filed, or transferred

the McGrady Summons which is the summons that would later be filed in the Wyoming Circuit

Court in and for Park County under Civil Action number CV-2021-656 COD; a copy of which is

attached hereto as Exhibit A.

A<small>NSWER</small>:

**Objection. CPI objects to this request as it is compound. CPI admits only that it sent a draft summons to its counsel for review and filing on or about November 21, 2021. CPI denies the remaining request for admissions.**

## REQUEST FOR ADMISSION NO. 5:

Admit that the number of persons named as defendants or codefendants on Circuit

Summonses drafted, written, merged, reviewed, checked, edited, revised, commented on,

marked, signed, conveyed, mailed, filed, or transferred by you between May 3, 2021, and May 3, 2022, exceeds 400 persons.

ANSWER:

**Objection. CPI objects to this request as it is compound. Subject to and without waiving objections, CPI admits that, after reasonable investigation, its counsel filed suit against more the 400 people during the relevant time frame. CPI denies the remaining allegations.**

**REQUEST FOR ADMISSION NO. 6:**

Admit that the number of persons with Wyoming addresses named as defendants or codefendants on Circuit Summonses drafted, written, merged, reviewed, checked, edited, revised, commented on, marked, signed, conveyed, mailed, filed, or transferred by you between May 3, 2021, and May 3, 2022, exceeds 400 persons.

ANSWER:

**Objection. CPI objects to this request as it is compound. Subject to and without waiving objections, CPI admits that, after reasonable investigation, its counsel filed suit against more the 400 people with Wyoming addresses during the relevant time frame. CPI denies the remaining allegations.**

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

**/s/ Lawrence J. Bartel**
Lawrence J. Bartel (pro hac vice)
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
☎ 215-717-4022
🖷 215-693-6650
✉ lbartel@grsm.com

Christopher R. Jones, 7-4837
GORDON & REES LLP
555 Seventeenth Street, Ste. 3400
Denver, CO 80202
Telephone: (303) 534-5160
crjones@grsm.com

Date: <u>March 6, 2023</u>