Scott E. Ortiz   WSB 5-2550
Thomas W. Rumpke WSB 6-2974
WILLIAMS PORTER DAY & NEVILLE PC
PO Box 10700
Casper  WY 82604
Phone: 307-265-0700
Fax:    307-266-
Email:  sortiz@wpdn.net
        trumpke@wpdn.net
*Attorneys for Defendants Barney & Graham, LLC*
*And Weston T. Graham*

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| KENNETH MCGRADY, Individually, and On Behalf of All Other Similarly Situated, <br> *Plaintiff,* <br><br> -vs- <br><br> COLLECTION PROFESSIONALS, INC., a Wyoming corporation, <br><br> **BARNEY & GRAHAM, LLC,** <br><br> WESTON T. GRAHAM, <br><br> CHRISTOPHER COCCIMIGLIO, and <br><br> DAVID C. COCCIMIGLIO, <br> *Defendants.* | Case Number: 22-cv-100 <br><br> **DEFENDANT BARNEY & GRAHAM, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS** |

**COMES NOW,** Barney and Graham, LLC ("B&G") and with their counsel submit the following responses to Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admissions.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **1** of **22**

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each individual person, officer, employee, agent, or other entity answering or providing any information used by you to answer any interrogatory, request for production of documents, or request for admission state the following:

(a) First, last, and middle legal name;
(b) All DBA, fake, or alias name(s) used by this person;
(c) Job title or capacity;
(d) Business address and telephone number;
(e) Home address and telephone number; and
(f) Age

ANSWER:     To the extent the Interrogatory seeks home address and telephone numbers and ages, B&G objects that the Interrogatory is not facially relevant and seeks information disproportionate to the issues in this case. Business contact information is sufficient and it is sufficient that all parties are adults. Without waiving such objections, Brooke Barney and Weston Graham provided the answers to these Interrogatories. They are each a member in B&G. The remaining information is contained in B&G's initial disclosures.

**INTERROGATORY NO. 2:**

Identify each document referred to or consulted by you in the preparation of your responses to these interrogatories, requests for production of documents, and requests for admissions.

ANSWER:     Please see B&G response to Requests for Production.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **2** of **22**

**INTERROGATORY NO. 3:**

Identify all persons known to you to have personal knowledge of any facts or issues involved in this lawsuit and for each state the following:

(a) First, last, and middle legal name;
(b) All DBAs, fake, or alias name(s) used by this person;
(c) Job title or capacity;
(d) Business address and telephone number;
(e) Home address and telephone number; and
(f) Age.

ANSWER:    All of the persons who may have information relevant to the facts or issues involved in this case are identified in B&G's initial disclosures. In addition, Brad Williams, CPA, a Shareholder in Grooms & Harkins, P.C., 555 South Wolcott, Casper, Wyoming 82601, 307.266.1403 may have information relevant to B&G's net worth.

**INTERROGATORY NO. 4:**

In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed, or otherwise presented by CPI to Barney & Graham, LLC for litigation, identifying all documents relevant to, related to, or reflecting such referral, placement, or presentment.

ANSWER:    An employee of B&G, Gina Dickerson, stopped by CPI's offices in Sheridan and picked up various documents relating to work that CPI had referred to B&G. In this case, B&G's employee was provided a complaint and summons drafted by CPI concerning McGrady's debt.  Ms. Dickerson emailed CPI and requested some additional information that would be necessary in pursuing the case.  The additional information was requested because of the amount of the debt.  While that request was pending, Ms.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **3** of **22**

Dickerson reviewed and signed the Complaint and Summons. She returned the Complaint and Summons to CPI. From there, CPI arranged for the Complaint and Summons to be served and then filed with the court. All documents concerning Mr. McGrady's case, other than the ones attached hereto as responses to Requests for Production, are returned to CPI.

**INTERROGATORY NO. 5:**

In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the McGrady Summons and any templates used in its preparation were drafted, written, merged, reviewed, checked, edited, revised, commented on, marked, signed, conveyed, mailed, filed, and transferred by you, identifying all documents relevant to, related to, or reflecting such drafting, writing, merging, reviewing, checking, editing, revising, commenting on, marking, signing, conveying, mailing, and transferring.

ANSWER:    Gina Dickerson of B&G reviewed and signed the Complaint and Summons.

**INTERROGATORY NO. 6:**

State the number of persons named as a defendant or co-defendant on one or more Circuit Summonses drafted, written, merged, reviewed, checked, edited, revised, commented on, marked, signed, conveyed, mailed, filed, or transferred by you between May 3, 2021, to the present.

ANSWER:    As noted above, all documents concerning cases referred by CPI to B&G are returned to CPI. Nor can B&G obtain this information from any files currently available. Neither Mr. Graham nor B&G maintain a list of the cases referred by CPI to B&G, and therefore B&G lack information to answer this Interrogatory. To the extent B&G has any information concerning the possible number of summonses at issue, such

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **4** of **22**

information was provided by CPI in the context of the attorney-client relationship and/or pursuant to a joint defense conversation, and therefore is privileged.

**INTERROGATORY NO. 7:**

State the number of persons named as a defendant or co-defendant on one or more Circuit Summonses which were drafted, written, merged, reviewed, checked, edited, revised, commented on, marked, signed, conveyed, mailed, filed, and transferred by you between May 3, 2021, to the present and which failed to identify a street address for CPI's attorney(s) on its face.

ANSWER:    As noted above, all documents concerning cases referred by CPI to B&G are returned to CPI. Nor can B&G obtain this information from any files currently available. Neither Mr. Graham nor B&G maintain a list of the cases referred by CPI to B&G, and therefore B&G lack information to answer this Interrogatory. To the extent B&G has any information concerning the possible number of summonses at issue, such information was provided by CPI in the context of the attorney-client relationship and/or pursuant to a joint defense conversation, and therefore is privileged. Without waiving such objection, B&G does not have this information available. As noted above, all documents concerning cases referred by CPI to B&G are returned to CPI.

**INTERROGATORY NO. 8:**

State the number of persons named as a defendant or co-defendant on one or more Circuit Summonses which were drafted, written, merged, reviewed, checked, edited, revised, commented on, marked, signed, conveyed, mailed, filed, and transferred by you between May 3, 2021 to the present and which failed to identify on its face the address of the court in which it was intended to be filed.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **5** of **22**

ANSWER:    As noted above, all documents concerning cases referred by CPI to B&G are returned to CPI.  Nor can B&G obtain this information from any files currently available. Neither Mr. Graham nor B&G maintain a list of the cases referred by CPI to B&G, and therefore B&G lack information to answer this Interrogatory.  To the extent B&G has any information concerning the possible number of summonses at issue, such information was provided by CPI in the context of the attorney-client relationship and/or pursuant to a joint defense conversation, and therefore is privileged.

**INTERROGATORY NO. 9:**

State the number of persons named as a defendant or co-defendant on one or more Circuit Summonses which were drafted, written, merged, reviewed, checked, edited, revised, commented on, marked, signed, conveyed, mailed, filed, and transferred by you between May 3, 2021 to the present and which failed to disclose, inform, or otherwise state the information identified in W.R.C.P.C.C. 3.1(b)(3)(ii).

ANSWER:    As noted above, all documents concerning cases referred by CPI to B&G are returned to CPI.  Nor can B&G obtain this information from any files currently available. Neither Mr. Graham nor B&G maintain a list of the cases referred by CPI to B&G, and therefore B&G lack information to answer this Interrogatory.  To the extent B&G has any information concerning the possible number of summonses at issue, such information was provided by CPI in the context of the attorney-client relationship and/or pursuant to a joint defense conversation, and therefore is privileged.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **6** of **22**

**INTERROGATORY NO. 10:**

State the number of persons named as a defendant or co-defendant on one or more Circuit

Summonses which were drafted, written, merged, reviewed, checked, edited, revised, commented

on, marked, signed, conveyed, mailed, filed, and transferred by you between May 3, 2021 to the

present and which contained the sentence: "If you fail to do so, judgment by default will be taken

against you for relief demanded in the Complaint."

ANSWER:    As noted above, all documents concerning cases referred by CPI to B&G

are returned to CPI.  Nor can B&G obtain this information from any files currently

available. Neither Mr. Graham nor B&G maintain a list of the cases referred by CPI to

B&G, and therefore B&G lack information to answer this Interrogatory.  To the extent

B&G has any information concerning the possible number of summonses at issue, such

information was provided by CPI in the context of the attorney-client relationship and/or

pursuant to a joint defense conversation, and therefore is privileged.

**INTERROGATORY NO. 11:**

Of the persons identified by you in your responses to Interrogatories 6, 7, 8, 9, and 10

separately state the number of those persons with Wyoming addresses:

(a) Interrogatory 6:    No: _____
(b) Interrogatory 7:    No: _____
(c) Interrogatory 8:    No: _____
(d) Interrogatory 9:    No: _____
(e) Interrogatory 10:  No: _____

ANSWER:    As noted above, all documents concerning cases referred by CPI to B&G

are returned to CPI.  Nor can B&G obtain this information from any files currently

available. Neither Mr. Graham nor B&G maintain a list of the cases referred by CPI to

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **7** of **22**

B&G, and therefore B&G lack information to answer this Interrogatory. To the extent B&G has any information concerning the possible number of summonses at issue, such information was provided by CPI in the context of the attorney-client relationship and/or pursuant to a joint defense conversation, and therefore is privileged.

**INTERROGATORY NO. 12:**

Of the persons identified by you in your responses to Interrogatories 6, 7, 8, 9, and 10 separately state the number of those persons who were served in Wyoming:

    (a) Interrogatory 6:   No: _____
    (b) Interrogatory 7:   No: _____
    (c) Interrogatory 8:   No: _____
    (d) Interrogatory 9:   No: _____
    (e) Interrogatory 10: No: _____

ANSWER:    As noted above, all documents concerning cases referred by CPI to B&G are returned to CPI. Nor can B&G obtain this information from any files currently available. Neither Mr. Graham nor B&G maintain a list of the cases referred by CPI to B&G, and therefore B&G lack information to answer this Interrogatory. To the extent B&G has any information concerning the possible number of summonses at issue, such information was provided by CPI in the context of the attorney-client relationship and or pursuant to a joint defense conversation, and therefore is privileged. However, all of the persons served with a Circuit Summons would have been served in Wyoming.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **8** of **22**

**INTERROGATORY NO. 13:**

State the number of civil actions filed in Wyoming State courts between May 3, 2021 to the present in which you represented CPI as its attorney(s) in law and which included the filing of one or more Circuit Summonses.

ANSWER:    As noted above, all documents concerning cases referred by CPI to B&G are returned to CPI. Nor can B&G obtain this information from any files currently available. Neither Mr. Graham nor B&G maintain a list of the cases referred by CPI to B&G, and therefore B&G lack information to answer this Interrogatory. To the extent B&G has any information concerning the possible number of summonses at issue, such information was provided by CPI in the context of the attorney-client relationship and/or pursuant to a joint defense conversation, and therefore is privileged.

**INTERROGATORY NO. 14:**

Identify all persons or entities that are or were involved in the drafting, writing, merging, reviewing, checking, editing, revising, commenting on, marking, signing, conveying, mailing, and transferring Circuit Summonses between May 3, 2021, to the present.

(a) First, last, and middle legal name;
(b) All DBAs, fake, or alias name(s) used by this person or entity;
(c) Job title or capacity;
(d) Business address and telephone number;
(e) Home address and telephone number; and
(f) Age.

ANSWER:    Jolene Cowan, Katrina Godfrey, and Karen Reynolds. Their job titles, addresses, and phone numbers are included in B&G's initial disclosures. Before July 18, 22, primarily Gina Dickerson and secondarily Weston T. Graham of B&G reviewed the

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **9** of **22**

Circuit Summonses prepared by CPI.  After July 18, 2022, Weston Graham continued to review Circuit Summonses.

**INTERROGATORY NO. 15:**

State in detail the process you used in drafting, writing, merging, reviewing, checking, editing, revising, commenting on, marking, signing, conveying, mailing, and transferring Circuit Summonses between May 3, 2021, to the present.

ANSWER:    On July 18, 2022, Weston Graham, as in-house counsel for CPI began reviewing Circuit Summonses.  Before that time, B&G counsel would review the Circuit Summons, sign the Circuit Summons, and return it to CPI as described in response to Interrogatory No. 4.

**INTERROGATORY NO. 16:**

Did anything about the debt CPI was trying to collect from Plaintiff cause you to treat the litigation process involving his debt differently than your treatment of other litigation processes for CPI against other persons?

ANSWER:    Yes.

**INTERROGATORY NO. 17:**

If there was anything about the debt CPI was trying to collect from Plaintiff causing you to treat the litigation process against the Plaintiff differently than your treatment of other litigation processes for CPI, state what caused you to treat it differently.

ANSWER:    The amount of the debt.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **10** of 22

**INTERROGATORY NO. 18:**

Identify in detail the complete factual basis for your claim of bona fide error including a description of each:

a. alleged error;
b. person who made the error;
c. person who supervised the person making the error;
d. policies and procedures in place that are reasonably designed to prevent such errors;
e. the number and circumstances of other similar errors in the two years previous to this alleged error;
f. the date you discovered the error(s); and
g. the results of any investigations you made into each alleged error.

ANSWER:   To the extent that Mr. Graham continues to assert that the Circuit Summons was not so materially defective so as to deprive a Wyoming circuit court of personal jurisdiction and materially mislead any consumer, B&G objects.   That is, the Circuit Summons is not materially misleading or defective in omitting the court address, the attorney address (which is included within the attached complaint), or using the word "will."   Without waiving such objection, B&G had a system of having an attorney review each summons and complaint for legal sufficiency.   In this case, the Circuit Summons at issue had been used by CPI throughout the State of Wyoming for several years since the amendments to the Circuit Court rules in 2018.   Therefore, dozens of judges in numerous cases had signed off on the summons as being effective.   Moreover, numerous people had answered complaints upon being served with the Circuit Summons.   Attorneys represented many of these litigants.   Thus, other lawyers perceived the Circuit Summons as being sufficient and the Circuit Summons was sufficient insofar as it provided sufficient notice to litigants who were able to answer the complaint.

**INTERROGATORY NO. 19:**

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **11** of 22

Identify your current net worth as defined under general accounting principles and the method used to calculate this number.

ANSWER:        According to B&G's accountant, Brad Williams, the current value of B&G is approximately $140,000.00.


**INTERROGATORY NO. 20:**

Identify all documents and or individuals (including name, job title or capacity, business address, telephone number) relied on, related to, or consulted with to determine your current net worth as defined under general accounting principles.

ANSWER:        Brad Williams.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents identified in your response to all sets of Plaintiff's interrogatories, request for production of documents, and requests for admissions.

ANSWER:        To the extent this Request is over broad and unduly burdensome, B&G objects. Without waiving such objections, please see ALPS – Barney & Graham 000543-000546.


**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents identified in your initial disclosures.


*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **12** of 22

ANSWER:    Please McGrady v. Barney Graham 000002-000003; 000004-000010; 000011-000029; 000041-000046; 000047-000051; 000052-000054; 000055-000061; 000062-000065; 000092-000100; 000104-000107; 000159-000180.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents related to Plaintiff including account and/or collection notes.

ANSWER:    Please see response to Request for Production No. 2. See also, McGrady v. Barney & Graham 000015-000022.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents and/or letters mailed to or served upon Plaintiff.

ANSWER:    Barney & Graham did not mail any letters or documents to Plaintiff as Barney & Graham's only involvement was to review the Summons and the Complaint.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all Circuit Summonses that were drafted, written, merged, reviewed, checked, edited, revised, commented on, marked, signed, conveyed, mailed, or transferred by you.

ANSWER:    B&G does not maintain copies of the Circuit Summonses it signed. Those were returned to CPI for service and filing.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **13** of 22

/

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents relating to your procedures, policies and/or processes relating to the Circuit Summonses.

ANSWER:    To the extent this Request is overly broad and unduly burdensome, B&G objects.  Without waiving such objection, please see documents produced in response to Requests for Production Nos. 2 and 3 and B&G's Privilege Log.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents relating to the number of persons against whom Circuit Summonses were used by you to recover or attempt to recover a debt as attorney(s) in law for CPI.

ANSWER:    B&G objects to production of this information as is it subject to the attorney-client privilege, for which B&G has not received a waiver.  Alternatively, the information is subject to a joint defense privilege, which B&G has not waived.  Please see B&G's privilege log, McGrady v. Barney & Graham 000195-000485.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents which show the name and last known address of each person within Wyoming against whom Circuit Summonses were used by you to recover or attempt to recover a debt as attorney(s) at law for CPI.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **14** of 22

ANSWER:    B&G objects to production of this information as is it subject to the attorney-client privilege, for which B&G has not received a waiver.  Alternatively, the information is subject to a joint defense privilege, which B&G has not waived.  Please see B&G's privilege log, McGrady v. Barney & Graham 000195-000485.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documents relating to all entities that are involved in the process of creating, preparing, sending, mailing, and serving Circuit Summonses on your behalf.

ANSWER:    To the extent this Request is over broad and unduly burdensome, B&G objects.  This Request would reach documents like the operating agreement for B&G.  Thus, the Request seeks documents that are not facially relevant to any claims or defenses. Without waiving such objection, incorporates its response to Requests for Production Nos. 2 and 3 and B&G's Privilege Log.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all documents relating to the details about the workings of your process for creating, preparing, sending, mailing, and serving Circuit Summonses.

ANSWER:    To the extent this Request is over broad and unduly burdensome, B&G objects.  Without waiving such objections, B&G does not create, send, mail, or serve the Circuit Summonses.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **15** of 22

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents relating to anything about the debt you were trying to collect from Plaintiff that caused you to treat the collection of his debt differently than the debts of other persons if you did so treat it differently.

ANSWER:    Please see Privilege Log (McGrady v. Barney & Graham 000001; 000123).

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all insurance policies which provide or may provide coverage to you for Plaintiff's claims.

ANSWER:    The applicable insurance policy was provided on August 2, 2022.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all documents between you and CPI related to the servicing or collection of Plaintiff's account.

ANSWER:    To the extent this Request is overly broad and unduly burdensome, B&G objects.  To the extent this Request seeks information protected by the attorney-client privilege, the work-product doctrine, and the joint defense communication privilege, B7G objects.  (*See* attached Privilege Log).  Without waiving such objections, please see response to Request for Production No. 2. *See also* McGrady v. Barney & Graham 000185-000194.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **16** of **22**

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all documents related to your affirmative defense of Bona Fide Error.

ANSWER:    Please see Answer to Interrogatory No. 18 and documents responsive to Request for Production No. 2.


**REQUEST FOR PRODUCTION NO. 15:**

Please produce all documents relied on or related to determining your current net worth as defined under general accounting principles.

ANSWER:    B&G objects to this discovery to the extent that it calls for the disclosure of confidential, proprietary, trade secret and/or constitutionally protected business information.  B&G further objects to this Request as it seeks to harass B&G by requesting confidential financial documents without having a protective order in place.  Without waiving such objections, please see McGrady v. Barney & Graham 000543-000546.  *See also* Privilege Log (McGrady v. Barney & Graham 000486-000542 (Tax Returns) and 000547-000549 (Balance Sheet)).


**REQUEST FOR PRODUCTION NO. 16:**

Please produce all documents showing your current earnings, income, and assets.

ANSWER:    Defendant objects to this discovery to the extent that it calls for the disclosure of confidential, proprietary, trade secret and/or constitutionally protected business information.  Defendant further objects to this Request as it seeks to harass the B&G by requesting confidential financial documents.  B&G objects to producing a tax

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **17** of 22

return without a protective order in place. Without waiving such objection, B&G's ordinary business income in 2020 was $242,932.00.  In 2021, B&G ordinary business income was a loss of $89,010.00.

## REQUEST FOR PRODUCTION NO. 17:

Please produce all documents showing your current expenses and/or liabilities.

ANSWER:  Please see objections and responses to Requests for Production Nos. 15 and 16.

## REQUEST FOR PRODUCTION NO. 18:

Please produce your federal tax return filed for 2021.

ANSWER:    Please see objections and responses to Request for Production 15, 16, and 17.

## REQUEST FOR PRODUCTION NO. 19:

Please produce your federal tax return filed for 2020.

ANSWER:    Please see objections and responses to Request for Production 15, 16, 17, and 18.

## REQUESTS FOR ADMISSIONS

## REQUEST FOR ADMISSION NO. 1:

Admit that at all times while you attempted to collect a debt from the Plaintiff, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

ANSWER:    **Admit.**

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **18** of **22**

**REQUEST FOR ADMISSION NO. 2:**

Admit that at all times while you attempted to collect a debt from the Plaintiff, you were a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

ANSWER:    **Deny.**

**REQUEST FOR ADMISSION NO. 3:**

Admit that the debt you were attempting to collect from Plaintiff relating to the McGrady Summons is a "consumer debt" as that term is defined by 15 U.S.C. §1692a(5).

ANSWER:    **Admit.**

/

**REQUEST FOR ADMISSION NO. 4:**

Admit that on November 21, 2021, you signed the McGrady Summons which is the summons that would later be filed in the Wyoming Circuit Court in and for Park County under Civil Action number CV-2021-656 COD; a copy of which is attached hereto as Exhibit A.

ANSWER:    **Deny because the summons was signed on November 1, 2021.  Admit that Gina Dickerson of B&G signed the summons at issue.**

**REQUEST FOR ADMISSION NO. 5:**

Admit that between May 3, 2021, and May 3, 2022, and while acting as attorney(s) at law for CPI, the number of persons named as defendants or codefendants on Circuit Summonses signed by you exceeds 400 persons.

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **19** of 22

ANSWER:    **Deny at this time. B&G cannot admit this at this time as it does not retain statistics that are readily available to determine the exact number of Circuit Court Summonses signed during the stated period of time.**

## REQUEST FOR ADMISSION NO. 6:

Admit that between May 3, 2021, and May 3, 2022, and while acting as attorney(s) at law for CPI, the number of persons with Wyoming addresses and named as defendants or codefendants on Circuit Summonses signed by you exceeds 400 persons.

ANSWER:    **Deny at this time. B&G cannot admit this at this time as it does not retain statistics that are readily available to determine the exact number of Circuit Court Summonses signed during the stated period of time.**

**DATED** this 9th day of January, 2023.

As to Objections, Requests for Production of Documents, and Requests for Admissions,

*/s/ Thomas W. Rumpke*
Scott E. Ortiz, Bar No. 5-2550
Thomas W. Rumpke, Bar No. 6-2974
Williams Porter Day & Neville
702 Randall Avenue
P.O. 748
Cheyenne, Wyoming 82003
(307) 637-5575 - Telephone
(307) 307-5515 Facsimile
trumpke@wpdn.net
sortiz@wpdn.net

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **20** of 22

As to Answers to Interrogatories,

_____

Weston T. Graham

STATE OF WYOMING          )

                          ) ss

COUNTY OF SHERIDAN        )

The foregoing was signed and sworn to before me by Weston T. Graham, member of

Barney & Graham, LLC, on this _10th_ day of _January_, 20 _23_.

Witness my hand official seal.

RYLIANN MALONE
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 166917
MY COMMISSION EXPIRES: 04/22/2028

_____

Notary Public

My Commission expires: _04/22/2028_

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
**Page 21 of 22**

## CERTIFICATE OF SERVICE

I hereby certify, on the 9th day of January, 2023, I served the foregoing Discovery Responses via email and regular mail, addressed to:

Bret T. Allred
YELLOWSTONE LAW GROUP LLC
117 North Bent Street    Suite C
Powell  WY 307-271-1034
bret@yellowstonelawgroup.com

Christopher R. Jones, 7-4837
Larry Bertel PHV
GORDON & REES LLP
555 Seventeenth Street, Ste. 3400
Denver, CO 80202
crjones@grsm.com

_/s/_  **THOMAS W. RUMPKE**
**THOMAS W. RUMPKE    WSB 6-2974**

*Barney & Graham's Responses to Plaintiff's First:*
*Interrogatories / Requests for Production of Documents / Requests for Admissions*
*TO: Barney & Graham, LLC.*
Page **22** of 22