FILED
MAR 0 2 2022
CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING
By_____Annetta Bills_____Clerk

**THE WYOMING CIRCUIT COURT**
**FIFTH JUDICIAL DISTRICT IN AND FOR PARK COUNTY**
1002 Sheridan Avenue, Room 206, Cody Wyoming 82414

| | |
|---|---|
| COLLECTION PROFESSIONALS, INC., *Plaintiff,* | |
| -vs- | Civil Action No. CV-2021-656 |
| KENNETH MCGRADY, and TERESA MCGRADY, *Defendant(s).* | **ORDER DISMISSING CASE** |

**THIS MATTER** having come before the Court on this 9th day of February 2022 for hearing on the Defendants' Motion to Dismiss and the Plaintiff having appeared by videoconference through its attorney, Weston Graham (WBN: 6-4404), and the Defendants having appeared by videoconference through their attorney, Bret Allred (WBN: 6-3835), and the court having heard arguments finds:

<u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

1. After accepting the facts averred in the complaint as true, the Court is unable to identify a claim upon which relief can be granted.

2. The Plaintiff's complaint failed to plead facts supporting the basic contract elements of offer, acceptance, and consideration which are necessary to establish a claim for breach of contract.

3. The Plaintiff's complaint failed to plead facts identifying the nature of the services and whether those services were necessary expenses of the family or education of the children which are necessary to establish a claim for spousal liability under W.S. §20-1-201.

4. The Plaintiff's oral motion to amend the complaint made at hearing is futile due to this Court's order pertaining to its dismissal under Rule 41(b).

5. Plaintiff's failure to state a claim upon which relief can be granted is grounds for dismissal without prejudice, and such failure was not relied upon by this Court in reaching its decision to dismiss the case with prejudice as discussed infra.

## WYO. RULES OF CIV. PRO. 40(B)

6. The summons issued to the Defendant, KENNETH MCGRADY, under W.R.C.P.C.C. 3.1(a)(2) violated W.R.C.P.C.C. 3.1(b)(2) & (3) by: 1) Failing to state the street address of the Court where an answer should be filed, 2) Failing to state the street address of the Plaintiff's attorney of record where an answer should be served, 3) Failing to inform the Defendant that a notice of filing will be mailed to the Defendant upon filing the summons, complaint and proof of service with the Court, and 4) Falsely stating that a judgment by default "will" be rendered if the Defendant fails to defend, wherein the legal standard is a default "may" be rendered.

7. The summons issued to the Co-Defendant, TERESA MCGRADY, under W.R.C.P.C.C. 3.1(a)(2) violated W.R.C.P.C.C. 3.1(b)(2) & (3) by: 1) Failing to state the address of the Court where an answer should be filed, 2) Failing to state the street address of the Plaintiff's attorney of record where an answer should be served, 3) Failing to inform the Defendant that a notice of filing will be mailed to the Defendant upon filing the summons, complaint and proof of service with the Court, 4) Falsely stating the time within which the Co-Defendant is required to answer as 35 days from the date of service wherein the legal requirement is 35 days from the filing of the Complaint, and 5) Falsely stating that a judgment by default "will" be rendered if the Defendant fails to defend, wherein the legal standard is a default "may" be rendered.

8. The Plaintiff served summonses containing the same deficiencies as the ones served in this case in the previously dismissed case number CV-2021-221 filed by the same Plaintiff against the same Defendants for the same claim in the same court.

9. In case number CV-2021-221 this Court struck service of process by finding, inter alia, that the "[f]ailure to include the Court's address is a radical defect and directly impairs the defendants right to an opportunity to be heard in court," and that finding stands as the law of this case.

10. The Court's findings in its order striking service in case number CV-2021-221 were derived after a hearing at which both parties appeared through counsel and were given an opportunity to appeal.

11. Rule 41(b) grants the Court authority to dismiss a case with prejudice if a defendant moves for dismissal and the court finds the plaintiff failed to comply with the rules of civil procedure and/or a court order.

12. The summonses issued by the Plaintiff failed to comply with the rules of civil procedure and this Court's previous order striking service in case number CV-2021-221 and as a result the above-captioned case number CV-2021-656 should be dismissed with prejudice.

**THEREFORE IT IS HEREBY ORDERED** that case number CV-2021-656 be, and hereby is dismissed with prejudice.

**DATED** this _____ day of MAR 0 2 2022 _____ 2022.

BY THE COURT

ORIGINAL SIGNED BY
S. JOSEPH DARRAH
CIRCUIT COURT JUDGE

The Honorable S. Joseph Darrah

| Approved as to form: | Drafted by: |
|---|---|
| Weston Graham; 6-4404<br>247 Coffeen Avenue,<br>Sheridan, WY 82801.<br>*Attorney for Plaintiff* | Bret T. Allred,; 6-3835<br>117 N. Bent Street, Ste C<br>Powell, WY 82435<br>(307) 271-1034<br>bret@YellowstoneLawGroup.com<br>*Attorney for defendants (Limited)* |

I, THE CLERK/DEPUTY CLERK OF COURT, do hereby certify that on this 2nd day of March 2022 copies of the above order were mailed to the parties as follows:

-Attorney for Defendants:  Bret T. Allred
117 N. Bent Street, Ste C
Powell, WY 82435

-Attorney for Plaintiff:  Weston Graham
247 Coffeen Avenue
Sheridan, WY 82801

**Annetta Bills**
_____
Clerk/Deputy Clerk of Court