FILED

AUG 0 1 2022

Park County Circuit Court
BY: Park County, Wyoming
Annelia Ellis _____Clerk

**IN THE WYOMING CIRCUIT COURT**
**FIFTH JUDICIAL DISTRICT**
1002 Sheridan Avenue, Room 206, Cody, Wyoming 82414

| | |
|---|---|
| KYLE BURKHART,  Plaintiff, -vs- | |
| COLLECTION PROFESSIONALS, INC., a Wyoming corporation, | Case Number: CV-2022-389 COD |
| BARNEY & GRAHAM, LLC, | **PLAINTIFF'S COMPLAINT** |
| WESTON T. GRAHAM, | |
| CHRISTOPHER COCCIMIGLIO, and | |
| DAVID C. COCCIMIGLIO,  Defendants. | |

**COMES NOW** Kyle Burkhart ("**Plaintiff**") by and through the undersigned attorney and hereby complains against Collection Professionals, Inc. ("**CPI**"), Barney & Graham, LLC ("**B&G**"), Weston Timothy Graham ("**Mr. Graham**"), Christopher Coccimiglio ("**Mr. C. Coccimiglio**"), and David C. Coccimiglio ("**Mr. D. Coccimiglio**") (All defendants hereinafter referred to jointly as the "**Defendants**") by stating, alleging, and averring as follows:

## I.  INTRODUCTION

1.   Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "**FDCPA**") for damages caused by the Defendants' intentional, frequent, and persistent use of a form summons filed in thousands of its collection cases which was woefully inadequate under Wyoming law and which impeded the consumers' ability to properly defend in the litigation, depriving them of their rights to procedural due process

under the law and resulting in the Defendants' decreased litigation expenses and increased net business profits.

## II. NATURE OF THE ACTION

2.    "It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *15 U.S.C. Sec. 1692 Congressional findings and declaration of purpose (United States Code (2022 Edition)).*

3.    The FDCPA contains a private right of action which "enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 91 (2d Cir. 2008); quoting Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991).*

4.    In the Tenth Circuit, violations of the FDCPA are determined by applying an objective standard: "[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Ferree v. Marianos, 129 F.3d 130 (10th Cir. 1997) quoting, Russell v Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996).* "By its very nature, however, the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question," *Easterling v. Collecto, Inc., 692 F.3d 229, 234 (2d Cir. 2012).* Indeed, it is not necessary for a plaintiff to show that he or she was

confused by the communication received. *Garcia v. Law Offices of Howard Lee Schiff, P.C.,*

*401 F.Supp.3d 241, 251 n. 1 (D. Conn. 2019).*

## III. **JURISDICTION AND VENUE**

5.    This court has jurisdiction under 15 U.S.C. § 1692k(d).

6.    Because this action involves five defendants "the action may be brought against all

defendants in any county in which one (1) of the defendants resides or may be summoned."

Wyo. Stat. 1-5-108.  Venue is proper in this Court under Wyo. Stat. 1-5-105 because CPI is

a Wyoming domestic corporation with a place of business located in the City of Cody,

County of Park, State of Wyoming.

7.    At all relevant times, Defendants conducted business within the State of Wyoming.

## IV. **PARTIES**

8.    Plaintiff is an individual and citizen of the State of Wyoming residing in Big Horn County,

Wyoming.

9.    Plaintiff is a natural person allegedly obligated to pay a debt.

10.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.   CPI is a for-profit Wyoming domestic corporation with offices in Park, Sheridan, and

Campbell Counties, Wyoming.

12.   Defendant, B&G is a Wyoming limited liability company organized under the laws of the

state of Wyoming with a principal place of business in Sheridan County, Wyoming.

13.   Defendant, Mr. Graham is a natural person licensed as a Wyoming attorney at law (Wyo.

Bar Number 6-4404) and member/partner in B&G with a principal place of business in

Sheridan County, Wyoming.

14. Mr. C Coccimiglio is a natural person who is an owner and officer (President, Director, and Secretary) of CPI doing business in Sheridan County, Wyoming.

15. Mr. D Coccimiglio is a natural person who is an owner and officer (Vice President, Director, and Treasurer) of CPI doing business in Sheridan County, Wyoming.

16. The Defendants are regularly engaged, for profit, in the collection of third-party debts allegedly owed by consumers.

17. The principal purpose of Mr. C Coccimiglio, Mr. D Coccimiglio, and CPI's business is the collection of alleged debts originating with third-party creditors.

18. Upon information and belief the principal purpose of B&G and Mr. Graham's business is the collection of alleged debts originating with third-party creditors.

19. Defendants use the mail, internet, and telephone in their businesses and activities collecting debts.

20. Defendants are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## V. SUBSTANTIVE ALLEGATIONS

21. CPI created a template used to draft its own summonses ("**Summonses**") before delivering them to an attorney for use in CPI's consumer collection suits.

22. Upon information and belief CPI used the Summonses in thousands of consumer collection cases filed in the Wyoming Circuit Courts.

23. Upon information and belief the Summonses were drafted, approved, authorized, and/or ordered to be used by Mr. C Coccimiglio, Mr. D Coccimiglio, and CPI.

24. The Summonses contained gross legal deficiencies.

25.   The Summonses violated Wyoming law by not disclosing the Circuit Court's street address where a responsive pleading can be filed to avoid the entry of default. *Wyo. R. Civ. Pro. Cir. Ct. 3.1(b)(2) ("The summons shall contain the name and address of the court...").*

26.   The Summonses violated Wyoming law by not disclosing B&G and Mr. Graham's street address. *Wyo. R. Civ. Pro. Cir. Ct. 3.1(b)(2) ("[The summons] shall be directed to the defendant, state the name, address and telephone of the plaintiff's attorney, if any, and otherwise the plaintiff's address and telephone number").*

27.   The Summonses violated Wyoming law by failing to inform the defendant that a notice of filing will be served once the summons, complaint, and proof of service are filed with the court. *Wyo. R. Civ. Pro. Cir. Ct. 3.1(b)(3)(ii) ("If the action is commenced under Rule 3.1(a)(2), the summons shall also state ... (ii) that plaintiff will mail a notice of filing to the defendant upon filing the summons, complaint and proof of service").*

28.   The Summonses violated Wyoming law by falsely informing the defendant that, "[i]f you fail to [defend], judgment by default *will* be taken against you for relief demanded in the Complaint." Emphasis added. *Wyo. R. Civ. Pro. 3.1(b)(2) ("[The summons] shall state the time within which the defendant is required to answer the complaint in writing, and shall notify the defendant that in case of failure to do so, judgment by default may be rendered against the defendant." Emphasis added).*

29.   The purpose of the Wyoming Rules of Civil Procedure for Circuit Courts "is to provide maximum access to the Wyoming Circuit Courts in civil actions; …" *See Wyo.R. Civ. Pro. Cir. Ct. 1.*

30.   Upon information and belief, and at all times relevant hereto, Mr. C Coccimiglio, Mr. D Coccimiglio, and Mr. Graham knew, or should have known about the legal defects contained

in the Summonses and that the Summonses were being used by CPI and B&G to collect consumer debts through litigation.

31.  CPI delivered or otherwise conveyed the Summonses to B&G and Mr. Graham for review, signing, service, and filing in the Wyoming Circuit Courts.

32.  Mr. Graham, while acting in his capacity as a Wyoming attorney at law, attorney for CPI, and member of B&G, reviewed and signed the Summonses before causing them to be served and filed with the Wyoming Circuit Courts.

33.  The Defendants alleged that Plaintiff owed one or more consumer debts (the "**alleged Debts**").

34.  The alleged Debts are an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

35.  The alleged Debts did not arise from any business enterprise of Plaintiff.

36.  The alleged Debts originated with third-parties who, after the alleged Debts were in default, assigned or otherwise transferred them to CPI for collection.

37.  The alleged Debts are each a "debt" as defined by 15 U.S.C. § 1692a(5).

38.  CPI attempted to collect the alleged Debts using the Summonses by filing collection suits against Plaintiff in the Wyoming Circuit Court.

39.  The Summonses were issued by Mr. Graham while acting as an officer of the court pursuant to Wyo. *R. Civ. Pro. Cir. Ct. 3.1(a)(2)*.

40.  Upon information and belief the Defendants intended to use the legally deficient Summonses as a tactic to reduce their costs and expenses of litigation by maliciously impeding consumers from defending collection suits and thereby increasing default judgments.

41.  Upon information and belief the Defendants increased their net profits from the repeated use of the legally deficient Summonses.

42.  One of the Summonses was filed against the Plaintiff ("**P's Summons**") and a true and accurate copy thereof is attached hereto as "**Exhibit 1,**" and incorporated herein by reference for all purposes.

43.  The P's Summons was drafted on or before August 4, 2021.

44.  The P's Summons was reviewed, approved, and signed by Mr. Graham on or about August 4, 2021.

45.  After August 4, 2021, the P's Summons was served and filed under case number CV-2021-0166B in the Wyoming Circuit Court located in and for Big Horn County, Wyoming.

46.  Because the P's Summons was served and filed under W.R.C.P.C.C. 3.1(a)(2) and did not meet the requirements of a summons the court in Case number CV-2021-0166B was deprived of personal jurisdiction by W.R.C.P.C.C. 3.1(a)(2) and the judgment entered against the Plaintiff is void.

47.  Plaintiff has or is incurring attorney fees and costs by filing for relief from the judgment under W.R.C.P. 60(b) to defend Plaintiff's rights to procedural due process callously ripped from the Plaintiff by the Defendants' use of the defective First Summons.

## COUNT 1
### Against the Individual Defendants

48.  Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

49.  Plaintiff brings this Count 1 against the Defendants jointly and severally.

50. The Defendants were abusive and deceptive contrary to the standards of civilized society and the standards employed by others in their industry and in violation of numerous provisions of the FDCPA.

51. The Defendants' FDCPA violations include, but are not limited to: 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(9), 1692e(10), 1692e(13), 1692f, and 1692f(1) amongst others.

52. As a result of these violations, Plaintiff has suffered concrete and particularized harm, including depriving Plaintiff of the rights granted by Congress through the FDCPA (for example, the right to accurate and complete representations in connection with debt collection activities), extreme stress, fear, and embarrassment.

53. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined at trial [15 U.S.C. § 1692k(a)(1)]; statutory damages up to $1,000 [15 U.S.C. § 1692k(a)(2)(A)]; and reasonable attorneys' fees and costs [15 U.S.C. § 1692k(a)(3)].

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants jointly and severally as follows:

a. For an award of actual damages in an amount less than $49,000.00 pursuant to 15 U.S.C. § 1692k(a)(1);

b. For an award of statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. For an award of costs and fees of litigation pursuant to 15 U.S.C. § 1692k(a)(3);

d. For an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

e. For such further and other relief as may be just and proper.

**DATED** this 28th day of July 2022.

Mr. Bret T. Allred, Esq.
Wyo. Bar No.: 6-3835
YELLOWSTONE LAW GROUP LLC
117 N. Bent Street, Ste C
Powell, WY 82435
Phone: (307) 271-1034
Email: bret@YellowstoneLawGroup.com
*Attorney for Plaintiff*

**EXHIBIT**

1

STATE OF WYOMING

COUNTY OF BIG HORN - LOVELL

IN THE CIRCUIT COURT
FIFTH JUDICIAL DISTRICT
LOVELL, WYOMING

**SUMMONS**

FILED IN CIRCUIT COURT
BIG HORN COUNTY, BASIN, WY

OCT 2 8 2021

CLERK

DEPUTY

COLLECTION PROFESSIONALS, INC.

     Plaintiff,

VS

Civil Action No. CV-2021-01668

KYLE BURKHART

     Defendant(s).

**TO THE ABOVE NAMED DEFENDANT:**
KYLE BURKHART

SERVICE ADDRESS
358 W 7TH     OR     BLACK HILLS BENTONITE
LOVELL, WY 82431

     **YOU ARE HEREBY SUMMONED and required to file with the Clerk and
serve upon the Plaintiff's attorney an answer to the Complaint which is
herewith served upon you, within 35 days after the Summons and Complaint
are filed. exclusive of the day of filing.**

If you fail to do so, judgment by default will be taken against you
for relief demanded in the Complaint.

This complaint will be filed with the Court within 14 days of service.
The defendant need not answer the Court if the complaint is not filed
within fourteen days after services.

(If service upon you is made outside the State of Wyoming, you are
required to file and serve your answer to the Complaint within 35
days after the filing of this Complaint with the Court, exclusive of
the date of filing.  If the service of the Summons has been made upon
you through service on The Secretary of the State of WY under W.S. 17-1-111,
you have 35 days from the date of filing with the Court to answer.)

     DATED     August 4, 2021

     WESTON T. GRAHAM, #6-4404 307-763-4483
     GINA M. DICKERSON #7-6274 307-763-4483

     SHERIDAN, WY, 82801
     307-672-6424

SUM-PS /02 AUG 2021
2320710 / 18

F I L E D

**IN THE WYOMING CIRCUIT COURT**
**FIFTH JUDICIAL DISTRICT**
1002 Sheridan Avenue, Room 206, Cody, Wyoming 82414

AUG 1 1 2022

CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING

By_____αβ_____Clerk

| | |
|---|---|
| KYLE BURKHART,<br><br>     *Plaintiff,*<br><br>-vs-<br><br>COLLECTION PROFESSIONALS, INC.,<br>a Wyoming corporation,<br><br>BARNEY & GRAHAM, LLC,<br><br>WESTON T. GRAHAM,<br><br>CHRISTOPHER COCCIMIGLIO, and<br><br>DAVID C. COCCIMIGLIO,<br>     *Defendants.* | Case Number: CV-2022-389 COD<br><br><br><br>**SUMMONS** |

TO: <u>COLLECTION PROFESSIONALS, INC.</u>
   Mary Peterson (Registered Agent)
   30 Home Ranch Circle
   Sheridan, Wyoming 82801

STATE OF WYOMING    )
              ) §
COUNTY OF SHERIDAN    )

   YOU ARE HEREBY SUMMONED and required to file with the Clerk and serve upon the Plaintiff's attorney an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. (If service upon you is made outside of the state of Wyoming, you are required to file and serve your answer to the Complaint within 30 days after service of this Summons upon you, exclusive of the day of service.) If you fail to do so, judgment by default may be rendered against you.

Dated this _____ day of AUG 11 2022 , 2022.

(Seal of Circuit Court).

_____
Clerk of Court/Deputy Clerk

Plaintiff's Attorney: Mr. Bret T. Allred, Esq.
        Wyo. Bar No.: 6-3835
        YELLOWSTONE LAW GROUP LLC
        117 N. Bent Street, Ste C
        Powell, WY 82435