Scott E. Ortiz   WSB 5-2550
Thomas W. Rumpke WSB 6-2974
WILLIAMS PORTER DAY & NEVILLE  PC
PO Box 10700
Casper WY 82604
Phone:   307-265-0700
Email:   sortiz@wpdn.net
         trumpke@wpdn.net
*Attorneys for Defendants Barney & Graham, LLC and Weston T. Graham*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KENNETH McGRADY, individually, and on behalf of all other similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COLLECTION PROFESSIONALS, INC., a Wyoming corporation, BARNEY & GRAHAM, LLC, WESTON T. GRAHAM, CHRISTOPHER COCCIMIGLIO, and DAVID C. COCCIMIGLIO, | ) ) ) ) ) ) |

Case No. 22-CV-100

## SUPPLEMENTAL MEMORANDUM OF LAW
## IN OPPOSITION TO CLASS CERTIFICATION

**COME NOW** Defendants Barney & Graham, LLC and Weston T. Graham (collectively "B&G"), by and through undersigned counsel, and hereby submit the following supplemental Memorandum of Law in Support in Opposition to Plaintiff's *Motion for Class Certification.* In this Memorandum, B&G will attempt to address the four questions asked by the Court at the close of the hearing on class certification held on October 2, 2023.

**QUESTION 1:** How does Plaintiff's failure to define the class properly to address the additional issues concerning codefendants' summonses impact class certification?

**RESPONSE:**

"Defining the class is of critical importance because it identifies the persons (1) entitled to relief, (2) bound by a final judgment, and (3) entitled under Rule 23(c)(2) to the 'best notice practicable' in a Rule 23(b)(3) action. The definition must be precise, objective, and presently ascertainable." *Rader v. Teva Parenteral Medicines, Inc.*, 276 F.R.D. 524, 528–29 (D. Nev. 2011) (internal quotation marks and citations omitted)

In his opening brief, Plaintiff claims that typicality is "inherent in the class definition, i.e. each of the class members was subjected to the same summonses and violations of the [Fair Debt Collection Practice Act] FDCPA." [ECF No. 44 at 7]. However, as Plaintiff admitted during the October 2, 2023, class certification hearing, there are really two different classes. In fact, Plaintiff and his wife received two different summonses. [Compare ECF 1-1 *with* Exhibit O (Theresa McGrady Summons)]. Moreover, some people who received the same summons as Mr. McGrady (the one that gave the correct time to answer) answered the complaint. [*Compare* ECF No. 1-1 *with* Exhibit P (Fermin Fausto Summons) *and* ECF No. 53-6 (Fermin Fausto's Answer)].

As the Court noted during the Class Certification Hearing, the jury will be asked to determine whether an *objectively* reasonable debtor would have been deceived or misled by the summonses at issue. *See Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1072 (10th Cir. 2022). In this case that would mean two separate analyses – one analysis as to summons received by people similarly situated to Mr. Kenneth McGrady and a separate analysis to summonses like the one received by Mrs. Theresa McGrady. The jury may very well find the summons given to Mrs. McGrady misled an objectively reasonable consumer because it did not

contain the correct answer date, whereas the summons delivered to Mr. McGrady was not misleading. In that case, the class would only be about 266 people. Under that scenario, the class could not reach the numerosity requirement.

Normally, the Court would have discretion to redefine the class before final judgment. *See Carpenter v. Boeing Co.*, 456 F.3d 1183, 1187 (10th Cir. 2006) ("The district court can modify or amend its class-certification determination at any time before final judgment in response to changing circumstances in the case") (*citing* Fed. R. Civ. P. 23(c)(1)(C))). District Courts have interpreted this to mean the trial court has "discretion to consider (or decline to consider) a revised class certification motion after initial denial[.]" *Abraham v. WPX Energy Prod., LLC*, 322 F.R.D. 592, 610 (D.N.M. 2017) (internal quotation marks and citation omitted). However, it is not clear that any courts within the Tenth Circuit have allowed the trial court to *sua sponte* amend the class definition when the class definition proposed by the plaintiff is inadequate.

Since Plaintiff has not moved to amend the class definition to address the two separate and distinct scenarios posed by the two different summonses, B&G submits that it would be fundamentally unfair for the Court to *sua sponte* change the class definition. Therefore, B&G submits that class certification should be denied at this time.

**QUESTION 2:**   What is the proper measure of damages, statutory and/or actual, as a class versus as an individual? In particular, is there a different standard or different limit for an individual pursuing their own individual claims in an individual case versus a member of the class given the 1 percent limitation under the class?

**RESPONSE:**   There is a different limit of damages available for an individual pursuing an individual claim versus an individual member of an FDCPA class action. While Mr. McGrady

3

may be entitled to $1,000.00 in statutory damages in this class action, the remainder of the class members will be limited to a maximum recovery of their share of 1% of the net worth of the most valuable defendant, in this case Collection Professionals, Inc. ("CPI").

In an individual FDCPA case, like the 88 individual lawsuits filed in Park County Circuit Court by putative class counsel, each individual plaintiff may recover up to only $1,000.00 in additional (or statutory) damages. 15 U.S.C.A. § 1692k (a)(2)(A). "Courts have ruled that statutory damages under the FDCPA are limited to $1,000 per lawsuit[.]" *Irvine v. I.C. Sys., Inc.*, 198 F. Supp. 3d 1232, 1238 (D. Colo. 2016). This is because the word "action" in 15 U.S.C. § 1692k (a)(2)(A) "limits the additional [statutory] damages, capping them at $1,000 per action, not per violation and not per defendant." *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 385 (7th Cir. 2018); *Bowman v. Receivables Performance Mgmt. LLC*, No. 20-CV-1779-LTS, 2022 WL 902645, at *4 (S.D.N.Y. Mar. 28, 2022); *see also* Class Certification Hrg. Tr. ("Hrg. Tr.") at 7-8 (Plaintiff conceding that "[t]he Fair Debt Collection Practices Act has been interpreted to limit the damages per suit, not per named defendant").

Conversely, in a class action, only the named class members may recover the $1,000.00 in statutory damages. In this instance, only Kenneth McGrady (not even his wife, Theresa McGrady, who has essentially opted out of the class) are entitled to $1,000.00 in statutory damages. *See* 15 U.S.C. § 1692k (a)(2)(B)(i); *see also* Hrg. Tr. at 7 (Plaintiff conceding that since Mr. McGrady is a named party, he is potentially eligible for $1,000.00 in statutory damages). All unnamed class members are entitled to the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k (a)(2)(B)(ii); *see also* Hrg. Tr. at 7 (Plaintiff conceding that other class members share in the 1% or $500,000 as statutory damages).

Moreover, Plaintiff's argument that FDCPA liability is joint and several actually means only one set of statutory damages is recoverable. (*See* Hrg. Tr. at 7-8). Joint and several liability does not affect the amount owed for a single, indivisible harm. Instead, it allows a plaintiff to recover all of their damages from any of the several defendants. In the context of statutory damages for patent infringements, "[o]nce defendants are deemed to have acted jointly and severally plaintiff's recovery is limited to a single statutory damages award regardless of the number of defendants who took part in the infringement[.]" *Robles Aponte v. Seventh Day Adventist Church Interamerican Div.*, 443 F. Supp. 2d 228, 232 (D.P.R. 2006) (interpreting admittedly clearer language in 17 U.S.C. §504). Courts have reached the same decision regarding statutory damages under the Digital Millenium Copyright Act. *See McClatchey v. Associated Press*, No. 305-CV-145, 2007 WL 1630261, at *6 (W.D. Pa. June 4, 2007).

This distinction as to what damages are available demonstrates why McGrady is not an adequate class representative. Plaintiff's counsel has already filed 88 individual lawsuits in state court. Plaintiff has conceded that a class action would be detrimental to those plaintiffs. [ECF No. 54-2 at 1 (Plaintiff's counsel stating that "a class action would be detrimental to our clients")]. Plaintiff's counsel has a duty to represent the class. It seems impossible for Plaintiff's counsel to claim that a class action "would be detrimental" to 88 individuals and advise them to file suit in state court where they can each collect $1,000.00 in statutory damages, and then advise class members to participate in the class that may result in just $20.00 in damages. Therefore, B&G submits that the 88 State court lawsuits not only establish that class treatment is not superior, but also that Plaintiff will not adequately represent any class(es) this Court may certify.

**QUESTION 3:**     Whether the pursuit of actual damages or the potential differences in actual damages by members of a class would remove that typicality component?

**RESPONSE:**     Although individual claims for damages are cognizable under Fed. R. Civ. P. 23(b)(3), "predominance may be destroyed if individualized issues will overwhelm those questions common to the class[.]" *Wallace B. Roderick Revocable Living Tr. v. XTO Energy*, Inc., 725 F.3d 1213, 1220 (10th Cir. 2013); *see also McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 231 (2d Cir.2008), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008) ("[W]hile the fact that damages may have to be ascertained on an individual basis is not, standing alone, sufficient to defeat class certification . . . it is nonetheless a factor we must consider in deciding whether issues susceptible to generalized proof 'outweigh' individual issues." (internal citations and quotation marks omitted)).

"[E]ven though trial courts have flexibility in crafting bifurcated proceedings once a case is certified, the predominance inquiry that is a prerequisite to certification requires assessing all the issues in a case—including damages—and deciding whether the common ones will be more central than the individual ones." *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 378 (5th Cir. 2016). "At bottom, the [predominance] inquiry requires the trial court to weigh common issues against individual ones and determine which category is likely to be the focus of a trial." *Id.* at 376. In *Crutchfiled,* the Fifth Circuit concluded that "[t]he district court did not err in concluding that highly individualized issues of both causation and damages would predominate over any common liability questions or defenses that might exist." *Id.*

Similarly, in *Aiello v. Providian Financial Corporation,* the Seventh Circuit noted that the underlying class action "contemplated here is a class action in which the only issues of remedy would be the existence, gravity, and monetary value of the emotional distress." *Aiello v. Providian*

*Fin. Corp.,* 239 F.3d 876, 881 (7th Cir. 2001). In *Aiello,* Judge Posner agreed that the case was "not suitable for class action treatment because of the variance in injury among the members of the class and the cost of the individualized hearings that would in consequence be required for assessing damages[.]" *Aiello*, 239 F.3d at 881. Although *Aiello* was not an FDCPA case, like the case at bar, *Aiello* arose from a debtor's harassing tactics in attempting to get a debtor to reaffirm a credit card debt. *Id.*

Conversely, district courts have granted class certification where actual damages are either not pled or are unavailable to most class members. *See del Campo v. Am. Corrective Counseling Servs., Inc.*, 254 F.R.D. 585, 596 (N.D. Cal. 2008) (granting class certification in FDCPA case under Rule 23(b)(2) where "actual damages are not available to a vast number of Plaintiffs" which meant damage issues would not vary greatly); *Linsley v. FMS Inv. Corp.*, 288 F.R.D. 11, 17 (D. Conn. 2013) (since plaintiff withdrew claims for actual damages, and only sought statutory damages under the FDCPA, class certification was appropriate); *Jones v. CBE Grp., Inc.*, 215 F.R.D. 558, 569 (D. Minn. 2003) (predominance met where there are no claims for actual damages, but certification denied on superiority grounds).

Disgorgement damages are not recoverable. (Hrg. Tr. at 4). That seems clear because liability for the underlying debt bears no relation to the issue of whether CPI's service of an allegedly defective summons violated the FDCPA. *See Rodriguez v. Cascade Collections LLC*, 532 F. Supp. 3d 1099, 1120 (D. Utah 2021); *see also Patterson v. Howe*, 307 F. Supp. 3d 927, 939 (S.D. Ind. 2018), *on reconsideration in part*, No. 116CV03364DMLSEB, 2021 WL 1124610 (S.D. Ind. Mar. 23, 2021) (*Rooker-Feldman* inapplicable where FDCPA case filed before judgment was taken in state court and where plaintiff did not claim actual damages). Likewise, B&G recognizes that the state-court default judgments obtained against the putative class-member did not involve

the actual litigation of the any issues underlying the Plaintiff's claims in this matter. Plaintiff concedes that class members cannot recover amounts garnished since the underlying debt is a separate issue. (Hrg. Tr. at 15). Therefore, this lawsuit does not directly question the validity of the judgments. *See Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 794 (S.D. Tex. 2010).[1]

Thus, it appears that the class members mainly will be claiming emotional distress damages. (Hrg. Tr. at 14).[2] In denying class certification, the *Rader* court concluded that the "emotional distress claims of the thousands of proposed class members defeat class certification in this case because emotional distress is necessarily an individualized inquiry, and the amount of damages in such cases is not susceptible to a mathematical or formulaic calculation." *Rader,* 276 F.R.D. at 530. The same is true for the potential 1,287 individual emotional distress damages claims raised in this case.

Plaintiff intends on pursuing this case like mass accident with each of the 1,287 potential class members putting on evidence of how being served with an allegedly defective summons affected their emotional well-being. That makes this case inappropriate class treatment. *See* Fed. R. Civ. P. 23 (1966 Advisory Note stating that "[a] 'mass accident' resulting in injuries to

---

[1] Plaintiff claims individual class members could seek actual damages such as bank fees charged for the otherwise valid garnishments. (Hrg. Tr. at 15). B&G submits that such a claim calls into question the validity of the underlying judgment. *See Jung v. Cottonwood Fin. Wisconsin, LLC*, No. 14-CV-241-JDP, 2014 WL 4796756, at *3 (W.D. Wis. Sept. 26, 2014 ("When a state court judgment gives rise to an allegedly unlawful collection effort, the Seventh Circuit has applied *Rooker–Feldman* to bar plaintiffs from challenging the effort under the guise of a FDCPA claim"); *Andress v. Daubert L. Firm LLC*, 144 F. Supp. 3d 1034, 1043 (E.D. Wis. 2015), *aff'd,* 667 F. App'x 154 (7th Cir. 2016). Therefore, B&G continues to submit that damages such as bank fees, overdraft fees due to garnishments, and the like, would not be recoverable under the *Rooker-Feldman* doctrine.

[2] Plaintiff suggested there could be claims for time off work. (Hrg. Tr. at 14). Time taken off work to go to court defend the underlying debt may be recoverable since the summons was allegedly defective. However, B&G submits that class members could not recover for time taken off work to attend a judgment-debtor examine because that would call into question the validity of the underlying judgment. *See Jung, supra.*

numerous persons is ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability and defenses of liability, would be present, affecting the individuals in different ways).

Like in *Rader*, the Plaintiff's chosen approach to damages will mean "the plaintiffs' damage claims [will] focus almost entirely on facts and issues specific to individuals rather than the class as a whole, and thus the potential exists that the class action may degenerate in practice into multiple lawsuits separately tried." *Rader,* 276 F.R.D. at 530-31 (internal quotation marks and citations omitted). Because Plaintiff's proposed actual damages will require such individualized proof, the damage issues will predominate over the issue that can be resolved as to the whole class. Therefore, class certification is not proper in this particular case.

**QUESTION 4:**    What is the 1% damage cap based upon?

**RESPONSE:**    Net worth, under the FDCPA, means book value, or assets minus liabilities. *Sanders v. Jackson*, 209 F.3d 998, 1000 (7th Cir. 2000). The sound reasoning in *Portalalin* leads to the inescapable conclusion that the class members are only entitled to 1% of the wealthiest defendant's net worth, in this case, CPI.[3]

The plaintiff in *Portalatin* settled with one of the two defendants for the full amount of statutory damages and sought to proceed against the remaining defendant. *Portalatin*, 900 F.3d at 387. The Seventh Circuit reasoned that "FDCPA additional damages are not multiplied by the number of defendants where the plaintiff suffered an indivisible harm caused by defendants who

---

[3] Although B&G submits that the plain language of the FDCPA limits the class's recovery to 1% of the moist valuable defendant, even combining B&G's net worth [ECF No. 46-3 at 12] with CPI's net worth [ECF No. 46-2 at 12], the maximum 1% available to the 1,287 potential class members is $25,164.76 or $19.55 per class member as opposed to the $1,000.00 in statutory damages each of the state court plaintiffs may recover.

9

did not violate the FDCPA *independently of each other*." *Id.* at 386 (emphasis added); *see also Lucero v. Debt Recovery Att'ys*, No. CV 19-106 JAP/LF, 2020 WL 553834, at *2 (D.N.M. Feb. 3, 2020); *Ross v. Convergent Outsourcing, Inc.*, 323 F.R.D. 656, 658 (D. Colo. 2018); *Blandina v. Midland Funding, LLC*, No. CIV.A. 13-1179, 2015 WL 456704, at *2 (E.D. Pa. Feb. 2, 2015).

The same reasoning holds true for class actions. Here, Plaintiff claims a single, indivisible harm allegedly caused by all of the Defendants. (Hrg. Tr. at 9). Congress legislated a maximum damage amount per action, not per violation or per defendant. Congress used the term "debt collector" not "debt collectors." Congress set a maximum amount a debtor could collect, regardless of the number of people who may qualify as a "debt collector" in a given factual scenario. For example, in this case, an associate attorney signed the overwhelming majority of the summons. Surely, an associate attorney would not be added to the net worth calculation.

Moreover, the limited recovery available under a class action weighs against certifying a class in this case because class treatment is not superior. In *Jones v. CBE Group,* the district court denied class certification recognizing that the FDCPA provides for statutory damages of $1,000 plus costs and attorney's fees, and consequently, like in this case, "[t]here is no lack of incentive for either plaintiffs or counsel to pursue individual FDCPA actions." *Jones*, 215 F.R.D. at 558. Thus, although cases where small amounts of money may be recovered as damages may appear well-suited for class treatment, as the Minnesota district court explained, the statutory damages (along with attorney's fees) gives plaintiffs (and their lawyers) incentive to pursue even a small amount of actual damages in FDCPA cases.

In this case, there are already 88 class member who will be seeking $1,000.00 in statutory damages. If the Court certifies a class, it seems clear from the 88 state court cases that class counsel will advise potential claimants to forego the class and file a state court lawsuit wherein the client

would be eligible for $1,000.00 in statutory damages and may be able to recover some actual damages that are barred in federal court under the *Rooker-Feldman* doctrine. This Court may be left with a class of one whereas Judge Darrah may be left with hundreds of damages hearings involving the particularized emotional distress of each individual debtor. Because class treatment is not superior and putative class counsel will not represent the class adequately, this Court should deny class certification.

**WHEREFORE,** for the reasons set forth above, as well as arguments supported by record evidence in B&G opposition to class certification [ECF No.53], B&G respectfully requests that this Court deny certification of any class on the record currently before the Court.

Dated this 16th day of October, 2023.

BARNEY & GRAHAM, LLC., and
WESTON T. GRAHAM, Defendants

 /s/   *Thomas W. Rumpke*
SCOTT E. ORTIZ    WSB 5-2550
THOMAS W. RUMPKE WSB 6-2974
WILLIAMS PORTER DAY & NEVILLE PC
PO Box 10700
Casper  WY 82601

Attorneys For Barney & Graham, LLC
and Weston T. Graham

**CERTIFICATE OF SERVICE**

  I hereby certify, on the 16th day of October, 2023, I served the foregoing Supplemental Memorandum of Law via the court's electronic service, addressed to:

| Bret T. Allred | Christopher R. Jones, 7-4837 |
|---|---|
| YELLOWSTONE LAW GROUP LLC | Larry Bartel, *PHV* |
| 117 North Bent Street  Suite C | GORDON & REES LLP |
| Powell  WY 307-271-1034 | 555 Seventeenth Street, Ste. 3400 |
| bret@yellowstonelawgroup.com | Denver, CO 80202 |
| | crjones@grsm.com |
| | lbartel@grsm.com |

            */s/ Thomas W. Rumpke*
            Thomas W. Rumpke