Mr. Bret T. Allred, Esq.
Wyo. Bar No.: 6-3835
**YELLOWSTONE LAW GROUP LLC**
117 N. Bent Street, Ste C
Powell, WY  82435
Phone: (307) 271-1034
Email: bret@YellowstoneLawGroup.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF WYOMING

| | |
|---|---|
| KENNETH MCGRADY, Individually, and On Behalf of All Other Similarly Situated,<br>*Plaintiff,*<br><br>-vs-<br><br>COLLECTION PROFESSIONALS, INC., a Wyoming corporation,<br><br>**BARNEY & GRAHAM, LLC,**<br><br>WESTON T. GRAHAM,<br><br>CHRISTOPHER COCCIMIGLIO, and<br><br>DAVID C. COCCIMIGLIO,<br>*Defendants.* | Case Number: 22-cv-100<br><br><br><br><br><br>**SUPPLEMENT IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

Kenneth McGrady ("**McGrady**") brings this case as a class action against, Collection Professionals, Inc. ("**CPI**"), Christopher Coccimiglio, and David Coccimiglio as well as Barney & Graham, LLC ("**B&G**") and Weston T. Graham (referred to jointly as "**Defendants**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C, § 1692 et seq. (hereinafter "**FDCPA**").  McGrady filed a motion for class certification ("**Motion**") (ECF 43) which was opposed by B&G (ECF 53) (CPI, Christopher Coccimiglio, and David Coccimiglio did not file a response to the Motion). At the hearing on the Motion McGrady and the B&G Defendants were given an opportunity to supplement their filings to answer four (4) questions posed by the Court. McGrady answers as follows:

1. **How is certification of a putative class who share claims based on common facts effected by a subgroup within the class with an additional claim not shared with all other class members or the class representative?**

Class certification requires the representative to "fairly and adequately protect the interests of the class." See Rule 23(a)(4). The claims of the putative class in this case are all based on violations of the FDCPA arising from the Defendants' use of form summonses that were defective under the Wyo. R. Civ. Pro. for Cir. Ct. All members of the putative class were served summons in state court collection cases which all contained four shared defects. See Plaintiff's "Motion for Class Certification," pages 1and 2 at (ECF 43). In addition to the shared defects, a small group of putative class members were served summonses containing one additional defect (false statement about the period in which a responsive pleading is due) ("**Independent Defect**"). The McGrady summonses did not contain the Independent Defect and he did not plead in his complaint (ECF 1). Adjudication of the shared defects may preclude some class members from seeking future redress of their Independent Defect claims, however this should not prevent class certification.

The 10th Circuit has stated, "[t]he doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or <u>could have been</u> the subject of a previously issued final judgment.'..." *Smith v. Comm'r, SSA*, 22-6115, at page 2 (10th Cir. Apr 14, 2023). (Internal citation omitted and emphasis added). The 10th Circuit has not addressed the preclusive effects of class certification on separate but related claims of individual class members not adjudicated in the original class litigation. In the case of Angell v. GEICO, 22-20093 (5th Cir. May 12, 2023) the 5th Circuit Court was asked to decide whether waiving claims of some class members in order to certify a class with common claims precluded certification. The trial court in Angell certified a class comprised of "insureds claiming that GEICO failed to fully compensate them for the total

loss of their vehicles under their respective insurance policies." See id at 1. The 5th Circuit Court affirmed certification reasoning that although when some individual claims are waived in order to certify a class there is a risk of "creating an irreconcilable conflict of interest with the class[,] … [b]ut not all conflicts of interest will defeat adequacy." (internal citation omitted). See id at 12. Adequacy of certification is decided by assessing:

> (1) the risk that unnamed class members will forfeit their right to pursue the waived claim in future litigation, (2) the value of the waived claim, and (3) the strategic value of the waiver, which can include the value of proceeding as a class (if the waiver is key to certification).

See id.

    McGrady has asked for certification of a class to litigate the defects in the summonses common to all class members requiring some individuals to risk waiving their claim to the Independent Defect to join the class. This risk is low because a class member may choose to preserve the claim by simply opting out of the class. The 5th Circuit Court said, "Any residual concerns we have regarding preclusion are assuaged by the ability of Rule 23(b)(3) class members to opt out." See Angell at 14. Another factor that minimizes the risk of loss of claims by some class members is the short one-year statute of limitations on all FDCPA claims. See § 1692k(d). Although highly unlikely, if all putative class members effected by the Independent Defect are aware of the FDCPA and also know of the defects in the summonses, they would be operating under the belief the statute of limitations has passed and they are unable to file a claim. They would have no knowledge of this case pending certification. The likely hood of any of these 266 individuals filing a case seeking FDCPA damages is minimal.

Also, the value of the Independent Claim is nominal. Putative class members consist of 1,287 individuals served with summonses containing the four shared defects and of those, 266 received summonses containing the additional Independent Defect. See B&G Defendants' "Memorandum of Law in Opposition of Class Certification" at page 3 (ECF 53). Assuming another class action was initiated by one of the 266 individuals, the potential statutory damage award would not increase because the size of the class and the value of the defendants would not change. The FDCPA limits statutory damages in a class action to $1,000.00 for the "named plaintiff" plus "… for all **other** class members, … [an amount] not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." (See 15 U.S.C. 1692k(a)(2)(B). Accordingly, 265 individuals with the extra claim would not have access to a greater statutory damage award.

Only the one putative class member affected by the Independent Defect who files as class representative could receive a nominal increase of $866.85 to compensate her for her time and effort representing the class. As a "named plaintiff" the hypothetical representative changes the limitation on her statutory damage claim from § 1692k(a)(2)(B)(ii) ("the lesser of $500,000.00 or 1% of the Defendants' net worth" shared with all unnamed class members) to § 1692k(a)(2)(B)(i) ("$1,000.00"). For the sake of argument, if we assume the individuals named as defendants herein have $0.00 net value and assuming book value of CPI and B&G are the correct valuations, the total amount of statutory damages available to unnamed class members is $25,164.76. See CPI's response to interrogatory 20 (ECF 46-3) ("CPI's Net Worth is $2,376,476.29 for year-end 2021. The Net worth is calculated by subtracting liabilities from assets on CPI's Balance Sheet."). See also B&G's response to interrogatory 19 (ECF 53-3) ("According to B&G's accountant, Brad Williams, the current value of B&G is approximately $140,000.00."). Assuming a class

participation rate of 14.68%[1] of the 1,287 members and an award of statutory damages to unnamed class members meeting the maximum of 1% net worth, each participating class member would receive, at most, $133.15. Our hypothetical representative would receive the potential for an additional $866.85 ($1,000 cap imposed under § 1692k(a)(2)(B)(i) - $133.15) which may be insufficient to motivate the individual to take upon herself the responsibility of representing a class.

Also, if the McGrady class is not certified and our hypothetical individual chose to file an individual case against the Defendants, the now unrepresented 1,286 would-be class members lose all potential for a damage award. Because of these de minimis returns there is a strategic advantage to waiving a claim to maximize the benefit to the class member. "It is often possible that by becoming part of a class, a class member will waive potential claims. But it is also true that many of those potential claims never make the leap from hypothetical to asserted claims due to their dubious value." See Angell at 15.

2. **What is the proper measure of statutory and actual damages in a class action versus an individual case which may create a conflict of interest in proposed class counsel**?

> The proper measure of damages requires a close examination of the text of the FDCPA:
>
> Except as otherwise provided by this section, **any debt collector** who fails to comply with **any provision** of this subchapter with respect to **any person** is liable to such person in an amount equal to the **sum** of-
>
> (1) **any actual damage** sustained by such person as a result of such failure;

---

[1] Estimated class participation rate consists of an average on known participation rates in other cases."**10.69%**" Nyby v. Convergent Outsourcing, Inc., Civil Action No. 15-886 (ES) (MAH), at page 4 (D. N.J. Aug 03, 2017); "**20.5%**" Ward v. Flagship Credit Acceptance LLC, CIVIL ACTION NO. 17-2069, at page 6 (E.D. Pa. Feb 13, 2020); "**9.2%**" Pelzer v. Vassalle, Case No. 14-4156, at page 4 (6th Cir. Jul 07, 2016); "**11%**" Little-King v. Hayt Hayt & Landau, Civil Action No. 11-5621, at page 25 (MAH) (D. N.J. Sep 10, 2013); "**22%**" Martin v. Trott Law, PC., Case Number 15-12838, at page 15 (E.D. Mich. Sep 28, 2018)

>(2)
>
>(A) in the case of any action by an individual, such **additional damages** as the court may allow, but not exceeding $1,000; or
>
>(B) in the case of a class action, (i) such amount for each **named plaintiff** as could be recovered under subparagraph (A), **and** (ii) such amount as the court may allow for all **other** class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the **debt collector**; and
>
>(3) in the case of any successful action to enforce the foregoing liability, the **costs of the action**, together with a **reasonable attorney's fee** as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(emphasis added) 15 U.S.C. § 1692k(a) Civil liability.  Statutory damages are awarded "as the court may allow" considering the non-exclusive list of factors in § 1692k(b).  Limitations on the amount of the award depend on the manner in which the claim is brought.  Individuals aware of their rights under the FDCPA and who act to enforce these rights are subjected to the same limitations on statutory damages whether they file an individual claim, "… such additional damages as the court may allow, but not exceeding $1,000" (See 15 U.S.C. Sec. 1692k(a)(2)(A)) or file as a "named plaintiff" in a class action, "*such amount for* each named plaintiff **as could be recovered under subparagraph (A)** …" (Emphasis added) See 15 U.S.C. Sec. 1692k(a)(2)(i).  "In other words, under either subparagraph (A) or (B), in an individual or class action, each of the named Plaintiffs in this case could recover no more than $1,000." See *Trunzo v. Citi Mortg.*, Civil Action No. 2:11-cv-01124, at footnote 5 (W.D. Pa. Feb 07, 2018).   Individuals not aware of their rights, or willing to actively pursue those rights, can join in a class action, but the limitation on their potential damage award is shared by "all **other** class members" and limited to "the lesser of

$500,000 or 1 per centum of the net worth of the debt collector" (Emphasis added). See 15 U.S.C. § 1692k(a)(2)(B)(ii).

Of the five Circuits that have interpreted this section (all in dicta) four exclude the named plaintiff from the § 1692k(a)(2)(B)(ii) limitation on statutory damages. See *Weiss v. Regal Collections*, 385 F.3d 337, at 342 (3rd Cir. 2004)( abrogated on other grounds by Campbell-Ewald Co. v. Gomez, --- U.S. ----, 136 S. Ct. 663 (2016)) ("The FDCPA authorizes additional recovery for **non-named class members** "without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B)."(Emphasis added)); *Pelzer v. Vassalle*, Case No. 14-4156, at page 12 (6th Cir. Jul 07, 2016) (Unpublished) ("Congress caps recoverable damages in a successful FDCPA class action at the lesser of $500,000 or one percent of the defendant's net worth, **with an additional amount** of up to $1,000 for each named plaintiff. 15 U.S.C. § 1692k(a)(2)(B)." (Emphasis added)); *Muha v. Encore Receivable Management, Inc*., 558 F.3d 623, at 627 (7th Cir. 2009) ("In a suit under the [FDCPA] other than a class action, the amount of damages is 'such ... damages as the court may allow,' 15 U.S.C. § 1692k(a)(2)(A), while in a class action, which this case is, the class itself (which the judge certified) is **additionally** entitled to an amount of damages 'not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.'" (Emphasis added)); *Tourgeman v. Nelson & Kennard*, 900 F.3d 1105, at 1108 (9th Cir. 2018) ("The statute provides a two-step determination for awarding statutory damages to class members, **excluding named plaintiffs**. … First, the factfinder determines the damages ceiling: a class may recover statutory damages "not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." (Internal citation and quotation omitted) (emphasis added)).

The terms "in the case of any action by an individual," and "in the case of a class action," were clearly meant by congress as labels to distinguish statutory damage limitations applicable to individual cases, § 1692k(a)(2)(A), from class action cases, § 1692k(a)(2)(B) and not to alter the meaning of the language used to describe those limitations. Section 1692k(a)(2)(B) is divided into two subsections (i) and (ii). Subsection (i) describes statutory damage limitations on a "named Plaintiff" referencing the $1,000.00 cap in individual actions. See § 1692k(a)(2)(A). Subsection (ii) identifies the cap for "all other class members" at "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." See § 1692k(a)(2)(B)(ii). If the Court determines the (ii) limitation to be a cap on the total award for statutory damages available to all in a case is to ignore the word "other" used in the statute. Congress could have said "all class members" to designate the class limitation, but it chose to identify the class limitation to "all other class members" which excludes "named plaintiff" who has a separate limitation. Furthermore, the statute is written cumulatively in that the debt collector's liability is "the sum of- (1) any actual damages…" and (2) [statutory damages (also called additional damages)]." See § 1692k(a). Within § 1692k(a)(2)(B) the sum of statutory damages includes those for the "named plaintiff" in (B)(i) "and" "all other class members…" in (B)(ii). Reading the statute as a whole it becomes clear that the named plaintiff's statutory damage award is in addition to the statutory damage award for the unnamed class members and not capped by it.

The only other federal appeals court to touch on this matter is the 8th Circuit Court. "The FDCPA caps statutory damages in a class action at the lesser of $500,000 or one per cent of the debt collector's net worth." See *Powers v. Credit Mgmt. Servs., Inc.,* 776 F.3d 567, at footnote 4 (8th Cir. 2015). Placing this statement in context it appears the court was pointing out the differences in potential recoveries for (2)(B)(ii) unnamed class members and (2)(A) individuals,

and it is unclear whether the court intended (2)(B)(i) "named plaintiff[s']" claims to be limited by (2)(B)(ii).

Many U.S. District Courts have interpreted § 1692k(a)' limitations on statutory damages consistent with the 3rd, 6th, 7th, and 9th Circuit Courts. "In a class action against a debt collector for violation of the FDCPA, each named plaintiff is entitled to actual damages and additional damages in an amount of up to $1,000.00, as the court may allow. 15 U.S.C. § 1692k(a)(2)(A), (B). The court may award damages 'for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.'" (Internal citations omitted).  See *Martinez v. Cach, LLC*, CASE NO. 10CV1625 DMS (JMA), at page 2 (S.D. Cal. Jun 27, 2011).[2]

References to § 1692(a)(2)(B)(ii) by some U.S. District Courts appear to describe (B)(ii) statutory damage limitations as encompassing all awards of statutory damages under both (B)(ii) and (B)(i).  "[I]n class actions, the FDCPA limits damages to class members' actual damages and their pro rata share of 'the lesser of $500,000 or 1 per centum of the net worth of the debt collector.'" (internal citation omitted).  See *Tripp v. Berman & Rabin, P.A.*, Case No. 14-CV-02646-DDC-GEB, at page 12 (D. Kan. Sep 29, 2015).[3]

---

[2] See also *Fariasantos v. Rosenberg & Assocs., LLC*, Civil Action No. 3:13CV543 (E.D. Va. Oct 27, 2014); Jacobson v. Persolve, LLC, Case No. 14-CV-00735-LHK (N.D. Cal. Jun 04, 2015); Matmanivong v. Nat'l Creditors Connection, Inc., 79 F.Supp.3d 864 (N.D. Ill. 2015); Eatmon v. Palisades Collection LLC, CIVIL ACTION NO. 2:08-CV-306-DF-CE (E.D. Tex. Jan 18, 2011); Felix v. Northstar Location Servs., LLC, 11-CV-00166(JJM) (W.D. N.Y. May 28, 2013); Jerman v. Carlisle, CASE NO. 1:06 CV 1397 (N.D. Ohio Apr 14, 2011); <u>Harper v. Law Office of</u> Harris & Zide LLP, Case No. 15-cv-01114-HSG (N.D. Cal. May 04, 2016).

[3] See also *Saunders v. Equifax Information Services, L.L.C.,* 469 F.Supp.2d 343 (E.D. Va. 2007; *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, CIVIL ACTION NO. 15-2460 (E.D. Pa. Sep 12, 2016); *Ebner v. Merchants & Med. Credit Corp.*, CIVIL ACTION NO. 14-06882 (E.D. Pa. Mar 22, 2017); *Manno v. Healthcare Revenue Recovery Grp., LLC*, Case No. 11-61357 SCOLA (S.D. Fla. Mar

At the class certification hearing the Court expressed concern about potential conflicts of interest that may arise by McGrady's counsel representing the class and 87[4] putative class members in cases currently before the Wyoming Circuit Court. Attorneys involved in class action litigation must deal with conflicts inherent between the class and its representatives with interests contrary to those of the class. "The class representative has an incentive to advance his own interests over that of the class and class counsel owes the ultimate fiduciary responsibility to the class as a whole and is not bound by the views of the named plaintiff regarding settlement." See *Brown v. Jonathan Neil & Assocs., Inc.*, Case No. 1:17-cv-00675-SAB, at page 9 (E.D. Cal. Jun 05, 2018). Accordingly, certification of a class does not require the absence of all conflicts only those that are "'fundamental' and speak to specific issues in controversy" (internal citations omitted). *Alexander v. BF Labs Inc.*, CIVIL ACTION No. 14-2159-KHV, at page 15 (D. Kan. Sep 22, 2016).

In this case the 87 individuals represented by proposed class counsel intend to opt out of the class in order to preserve their claims to § 1692k(a)(2)(A) statutory damages which is not at odds with the interests of class members. The option to opt out is available to all members of the class. "Thus, although individual class members might be better served by pursuing actions individually,

---

26, 2013); *Hamilton v. LMM Mgmt., Inc.*, CIVIL ACTION No. 13-2932 (E.D. Pa. Aug 14, 2014); *Scott v. Universal Fidelity Corp.*, 42 F.Supp.2d 837 (N.D. Ill. 1999); *Jernigan v. Protas, Spivok & Collins, LLC.*, Civil Action No. ELH-16-03058, at 2 (D. Md. Sep 20, 2017); *Barber v. National Revenue Corp.*, 932 F.Supp. 1153, at 1155 (W.D. Wis. 1996); *Barenbaum v. Hayt, Hayt & Landau, LLC*, CIVIL ACTION No. 18-4120, at 9 (E.D. Pa. Jan 13, 2021); *Ward v. Flagship Credit Acceptance LLC*, CIVIL ACTION NO. 17-2069, at 12 (E.D. Pa. Feb 13, 2020); Thomas v. Pierce, Hamilton, and Stern, Inc., 967 F.Supp. 507, at 510 (N.D. Ga. 1997); *Godson v. Eltman, Eltman &amp; Cooper, PC.*, 177 F.Supp.3d 803, at footnote 1 (W.D. N.Y. 2016); *Ross v. Convergent Outsourcing, Inc.*, 323 F.R.D. 656 at 658. Many of these cases involved individual FDCPA claims. Some courts may have paraphrased § 1692(a) without ever intending to apply (b)(ii) statutory damage limits to (B)(i).

[4] 88 separate cases were filed in the Wyoming Circuit Court, Fifth Judicial district in and for Park County, however a check of the records revealed that the claim was prior to the class 1 year look back period and therefore not a putative member of the class.

the [FDCPA]'s purpose is better served by the availability of class action. And the interests of class members are not at odds with class certification. Those who wish to pursue maximum recovery may opt out and bring their own claims. Meanwhile, those who think that $1,000 is not worth the trouble are free to do nothing." See *Hargis v. Equinox Collection Servs*., Case No. 17-CV-410-JED-FHM, at page 7 (N.D. Okla. Oct 03, 2019).  The inherent conflicts between the class and McGrady are not different from any potential conflicts that may arise between the class and proposed class counsel's 87 other clients.  Furthermore, those potential non fundamental conflicts are mitigated by the imposed stay agreed to by all Defendants and will remain in effect until the resolution of this class action.

3. **Can the pursuit of potentially different types of actual damages by members of a class remove typicality as required by Rule 23(a)(3)**?

Many courts have concluded that certification of a class can be appropriate although the individual claims for damages may differ.  "[D]ifferences in the claimed damages or the availability of certain defenses do not defeat typicality, so long as the class claims are generally based on the same legal or remedial theory." *Briles v. Tiburon Fin., LLC*, 8:15CV241, at page 7 (D. Neb. Aug 01, 2016).  The U.S. District Court in Kansas has also opined on this issue:

> While determining the extent of statutory damages may require the Court to resolve some individual questions, such as the amount of actual damages incurred and any additional damages (up to $1,000) to award plaintiff, these considerations do not overwhelm the common issues. See Bertulli v. Indep. Ass'n of Cont'l Pilots, 242 F.3d 290, 298 (5th Cir. 2001) (holding individual damage calculations do not defeat predominance when 'virtually every issue prior to damages is a common issue'); Conner v. Automated Accounts, Inc., 202 F.R.D. 265, 271 (E.D. Wash. 2001) ('Nonetheless, the Advisory Committee Notes [to Federal Rule of Civil Procedure 23(b)(3)] expressly state that . . . individual proof of damages will not preclude a finding of predominance.') (internal quotations and citation omitted).

See Tripp v. Berman & Rabin, P.A., Case No. 14-CV-02646-DDC-GEB, at page 11 (D. Kan. Sep 29, 2015).

All facts averred by McGrady point to a predominance of common issues and legal theories. Each putative class member shares the burden to prove they were served with a summons that did not comply with applicable procedural rules in an effort to collect a consumer debt, that the Defendants are debt collectors who played a role in the use of the defective summons, and those defects constitute violations of the FDCPA. Other common issues include the combined value of the Defendants to determine statutory damage limitations on the class and the amount of statutory damages that should be awarded using the criteria identified in § 1692(b). These issues predominate over the individual claims to actual damages. "A common question predominates over individual claims if a failure of proof on the common question would end the case and the whole class will prevail or fail in unison." (Internal quotations and citations omitted.) See Marti v. Schreiber/Cohen, LLC, CIVIL ACTION NO. 4:18-40164-TSH, at pages 4 & 5 (D. Mass. Jan 02, 2019). If the McGrady class does not prevail on its common questions a determination of actual damages will be moot.

4. **Are statutory damages awardable to "all other class members" under 15 U.S.C. 1692k(a)(2)(B)(ii) calculated from the "net worth" of one defendant or all defendants**?

As previously stated above the FDCPA limits an award for statutory damages to plaintiffs in individual actions and "named plaintiffs" in class actions using the same formula identified in § 1692k(a)(2)(A). See also § 1692k(a)(2)(B)(ii). Many courts have interpreted this subsection in different ways with a growing majority limiting such "additional damages" to $1000.00 per action not per violation or per defendant. When limiting the amount of statutory damages that can be

awarded to unnamed members of a class congress created an entirely separate formula: "… such amount as the court may allow for <u>all other class members</u>, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector;..." 15 U.S.C. § 1692k(a)(2)(B)(ii).  Some courts have awarded such damages based on the combined net value of multiple named defendants, however none of these cases decided the issue of whether those damages are calculated using the value of one defendant or all defendants.  See *Briles v. Tiburon Fin., LLC*, 8:15CV241, at page 10 (D. Neb. Aug 01, 2016));  ("Here, **Defendants' net worth** will render the recovery per class member smaller, but not so small as to destroy the superiority element" (internal citation omitted)(emphasis added)); *Tripp v. Berman & Rabin, P.A.*, Case No. 14-CV-02646-DDC-GEB, at page 12 (D. Kan. Sep 29, 2015) ("Here, **both defendants** have disclosed evidence indicating, they contend, that 1% of their **combined net worth** is less than the FDCPA's $500,000 statutory damage ceiling" (emphasis added)).

When interpreting a statute, the court must presume that Congress chose its wording intentionally.  Section 1692(a)(2)(B) refers to plaintiffs, class members, and debt collectors, but no reference is made to defendants.  Congress limited statutory damages available to "all other class members" to "the lesser of $500,000 or 1 per centum of the net worth of the **debt collector**." (Emphasis added.) § 1692(a)(2)(B)(ii).  The only other place "debt collector" is mentioned in § 1692k(a) is in the opening paragraph where it states: "Except as otherwise provided by this section, **any debt collector** who fails to comply with **any provision** of this subchapter with respect to any person is liable to such person in an amount equal to the sum of..." (Emphasis added).  See 15 U.S.C. § 1692k(a).  Congress' identification of the defendant as "the debt collector" in § 1692k(a)(2)(B)(ii) is a reference to the "debt collector" identified in the opening paragraph of § 1692k(a).  Accordingly, § 1692k(a)(2)(B)(ii) limits statutory damages available to "all other class

members" to "the lesser of $500,000 or 1 per centum of the net worth of" "any debt collector who fails to comply with any provision of this subchapter."

Furthermore, interpretating § 1692k(a)(2)(B)(ii)'s applicability to one defendant only creates a paradox that prevents compliance therewith. If the court interprets § 1692k(a)(2)(B)(ii) to require all defendants to be jointly and severally liable for class statutory damages based on the value of one defendant (assuming all are valued at less than $50,000,000), then such damages would exceed 1% of the least valuable defendant contrary to § 1692k(a)(2)(B)(ii). To avoid this outcome the court could impose an additional rule that the § 1692k(a)(2)(B)(ii) damage award is based on the least valuable defendant. In this scenario the court would be altering statutory limits on damages applicable to the largest defendant to less than 1% contrary to Congressional intent. Conversely the court would award § 1692k(a)(2)(B)(ii) damages against only one defendant at 1% of that defendant's net worth. This too is problematic. There is no guidance from § 1692k on which defendant to select requiring courts to create their own criteria. Also, the other defendants are now having their § 1692k(a)(2)(B)(ii) liability capped at $0.00 not the 1% described in the statute. Another option is to interpret § 1692k(a)(2)(B)(ii) to cap such damages to 1% of the combined value of all defendants (assuming it is less than $50,000,000) and hold them jointly and severally liable. Again the "joint and several" problem arises. All defendants would be liable for § 1692k(a)(2)(B)(ii) damages in excess of 1% of each of their net values and § 1692k(a)(2)(B)(ii) would loose all meaning. The only way to interpret § 1692k(a)(2)(B)(ii) liability cap in a way that does not offend the plain language of the statute is to hold each defendant separately liable for statutory damages not exceeding 1% of its own net value.

    DATED this 16th day of October 2023

                                                  **YELLOWSTONE LAW GROUP LLC**
                                                  /s/ Bret T. Allred

BRET T. ALLRED
Attorney for Plaintiff McGrady

CERTIFICATE OF SERVICE

    I, Bret T. Allred, do certify that on this 16th day of October 2023 I caused this a copy of this document to be served upon the attorney for the CPI Defendants and the attorney for Barney & Graham, LLC and Weston Graham by ECF transmission as follows:

| For: Collection Professionals, Inc, Christopher Coccimiglio, and David Coccimiglio: | For: Barney & Graham LLC and Weston Graham: |
|---|---|
| **Christopher Jones**<br>555 Seventeenth St., Ste. 3400<br>Denver, CO 80202<br><br>**Lawrence Bartel**<br>Three Logan Square<br>1717 Arch Street<br>Suite 610<br>Philadelphia, PA 19103 | **Scott E. Ortiz / Thomas Rumpke**<br>PO Box 10700<br>Casper, WY 82604 |

    /s/ Bret T. Allred_____
Bret T. Allred
(Attorney for Plaintiff)